# Exhibit 10

Place label at top of the center of the envelope and fold at dotted line.

CERTIFIED MAIL

CERTIFIED MAIL

CERTIFIED MAIL

9407 1118 9956 1938 2654 86

Law Offices of Chen & Associates, P.C.
Attn: Yimin Chen. Esq.
3712 Prince St Ste 9d
Flushing NY 11354-4652

063S0001883270

$6.62⁰
US POSTAGE IMI
FIRST-CLASS
FROM 10017
05/05/2026
Stamps.com

Bergstein Flynn Knowlton & Pollina PLLC
780 3rd Ave Rm 902
New York NY 10017-2188

U.S. Postal Service Certified Mail Receipt

ARTICLE NUMBER:   9407 1118 9956 1938 2654 86

ARTICLE ADDRESSED TO:

Law Offices of Chen & Associates, P.C.
Attn: Yimin Chen. Esq,
3712 Prince St Ste 9d
Flushing NY 11354-4652

FEES
Postage Per Piece          1.32
Certified Fee              5.30
Total Postage & Fees:     $6.62

Postmark
Here

Place label at top of the center of the envelope and fold at dotted line.

Place label at top of the center of the envelope and fold at dotted line.

Do not tear any perforations until all labels have been printed

Do not tear any perforations until all labels have been printed

Do not tear any perforations until all labels have been printed

Do not tear any perforations until all labels have been printed

To purchase or for printing instructions, go to **store.stamps.com**

Covered by and/or for use with
U.S. Patents 7,613,639; 8,027,935; and 8,046,823.

stamps
.com

1P/25

Certified Mail® With Receipt (SDC-3710)

⬆ Top of the page

Place label at top of the center of the envelope and fold at dotted line.

CERTIFIED MAIL

CERTIFIED MAIL

9407 1118 9956 1938 2651 34

MHL NY LLC
Attn: Mei Hui Lin, Managing Member
15215 Jewel Ave Apt 175B
Flushing NY 11367-1435

Bergstein Flynn Knowlton & Pollina PLLC
790 3rd Ave Rm 902
New York NY 10017-2188

063S0001883270

$6.62⁰
US POSTAGE IMI
FIRST-CLASS
FROM 10017
05/05/2026
Stamps.com

U.S. Postal Service Certified Mail Receipt

ARTICLE NUMBER:   9407 1118 9956 1938 2651 34

ARTICLE ADDRESSED TO:

MHL NY LLC
Attn: Mei Hui Lin, Managing Member
15215 Jewel Ave Apt 175B
Flushing NY 11367-1435

FEES
Postage Per Piece    1.32
Certified Fee        5.30
Total Postage & Fees:   $6.62

Postmark
Here

Place label at top of the center of the envelope and fold at dotted line.

To purchase or for printing instructions, go to **store.stamps.com**

Covered by and/or for use with
U.S. Patents 7,613,639; 8,027,935; and 8,046,823.

stamps.com®

18/25

Do not tear any perforations until all labels have been printed

深圳 · S H E N Z H E N

# Shenzhen Molly Tea

*Shenzhen Molly Tea Food and Beverage Management Co., Ltd.*

May 1, 2026

**VIA CERTIFIED MAIL AND EMAIL**

**MHL NY LLC**
152-15 Jewel Avenue, Apt. 175B
Flushing, N.Y. 11367
Attn: Mei Hui Lin, Managing Member
kmhlin1220@gmail.com

**Re:**    **Notice of Termination of the Brand Authorization and Technical Service Cooperation Agreement, dated December 20, 2023.**

Dear Ms. Lin:

On December 20, 2023, Shenzhen Molly Tea Food and Beverage Management Co. Ltd, ("**Shenzhen Molly Tea**" and the Licensor) and MHL NY LLC ( "**MHL**" and the Licensee) entered into a Brand Authorization and Technical Service Cooperation Agreement (the "**China License Agreement**" or the "**Agreement**")).

MHL has committed multiple fundamental and material breaches of the China License Agreement, each independently sufficient to support termination under the Agreement. Accordingly, **notice is hereby given** that Shenzhen Molly Tea is exercising its rights pursuant to Article 12.2.1 of the China License Agreement to **unilaterally terminate the China License Agreement** effectively immediately on the grounds set forth below.

## Grounds for Termination

1.    Refusal to communicate with Shenzhen Molly Tea and breakdown of the cooperative relationship**:    Articles 14.2, 14.7, 15.11, 16.3.2, and 19 of the China License Agreement collectively obligate MHL to maintain the contractually designated channels of communication with Shenzhen Molly Tea, to honor Shenzhen Molly Tea's enforcement and notice rights, and to refrain from conduct that infringes Shenzhen Molly Tea's lawful interests or damages its brand. MHL has materially breached each of these provisions, and its conduct constitutes a fundamental breach within the meaning of Article 12.2.1. Beginning on or about February 26, 2026, MHL, acting through Xiaozhe Liu, refused Shenzhen Molly Tea's repeated requests for communication regarding compliance with the China License Agreement and applicable U.S. franchise law. MHL unilaterally removed Shenzhen Molly Tea's personnel from the operational WeChat communications group (the channel designated under Article 14.2), refused to attend the scheduled March 2, 2026 meeting, and rejected further dialogue. On February 27, 2026, Mr. Liu stated, in substance, that MHL would not make required sponsorship payments.  Following these acts,

Shenzhen Molly Tea was unable to reach MHL's operational principals through the contractually designated channels.

2.      Failure to provide accurate and timely financial statements, or permit audit and inspection: Articles 7.11(a)–(f), 14.2, 14.7, and 16.3.6 of the China License Agreement collectively obligate MHL to calculate and record daily sales revenue in accordance with Shenzhen Molly Tea's methods, upload required reports to Shenzhen Molly Tea's designated ERP system, settle monthly accounts on a defined schedule, submit financial reports in Shenzhen Molly Tea's specified formats, and cooperate with audits and inspections conducted by Shenzhen Molly Tea or its designated third parties. MHL has materially breached each of these provisions, and its conduct constitutes a fundamental breach within the meaning of Article 12.2.1 and an independent ground for repurchase under Article 11.2.3(b). Shenzhen Molly Tea's Compliance Department has identified persistent deficiencies in the account records, financial management, and timely delivery of required financial information at the stores operated by MHL. MHL has failed to: (i) calculate and record daily sales revenue in accordance with Shenzhen Molly Tea's methods; (ii) upload the Daily Sales Report and operational data to the ERP system; (iii) settle the prior month's accounts by the fifth of each month; (iv) submit financial reports in the formats specified by Shenzhen Molly Tea; and (v) cooperate with audits by Shenzhen Molly Tea or its designated affiliates.

3.      Unauthorized opening and operation of a MOLLY TEA branded store at 2857 Broadway, New York, NY (the "Columbia Store"): Articles 2.2, 2.4, 3.1, 6.3.3(a), 6.4.3(b), 6.4.3(f), 7.1, 7.4, 7.8(b), 7.8(c), 7.11(b), 8.2(a), 8.2(d), 8.3, 10.2, 10.2(b), 10.2(c), 10.7.3, 10.7.4, 14.5, 15.3, and 15.6 of the China License Agreement collectively (i) cap MHL's authorized stores at five and require Shenzhen Molly Tea's written approval of each store location and operating entity; (ii) require any MOLLY TEA branded store to operate within Shenzhen Molly Tea's designated POS, ERP, ordering, supply chain, membership, and brand-marketing systems; (iii) require MHL to use only Shenzhen Molly Tea-designated suppliers and to use materials procured from those suppliers solely at authorized stores; (iv) require strict adherence to Shenzhen Molly Tea's renovation, equipment, signage, design, pricing, and promotional standards; and (v) prohibit MHL from independently establishing official social-media accounts under the MOLLY TEA brand. MHL has materially breached each of these provisions. The conduct constitutes a fundamental breach within the meaning of Article 12.2.1 — and, with respect to the unauthorized opening, a fundamental breach under Article 6.4.3(f). Because the unauthorized store is open and the unauthorized operating entity is in place, the breach is non-curable.

a.      *Unauthorized opening.* On April 17, 2026, MHL, acting through Xiaozhe Liu and the Liu-controlled entity Molly Tea CU LLC, opened a MOLLY TEA branded store at 2857 Broadway, New York, NY without Shenzhen Molly Tea's written approval. The opening was promoted on Instagram (@mollyteamood) and RedNote (MollyTea NYC) and advertised a "buy one, get one free" promotional event. Molly Tea CU LLC was never submitted to or approved by Shenzhen Molly Tea as required by Articles 6.3.3(a) and 3.1, and its use of "Molly Tea" in its registered name is independently prohibited by Article 2.4. Article 6.4.3(f) expressly provides that opening a store without Shenzhen Molly Tea's consent constitutes a fundamental breach.

b.      *Operation outside Shenzhen Molly Tea's authorized system.* The Columbia Store (i) uses Toast as its point-of-sale system in lieu of the system designated by Shenzhen Molly Tea, in violation of Articles 10.2 and 10.2(c); (ii) has placed no orders through Molly Tea Supply Chain LLC, Shenzhen Molly Tea's designated supply chain provider, in violation of Articles 8.2(a), 8.2(d), 8.3, and 15.3; (iii) operates outside Shenzhen Molly Tea's ERP, membership, and ordering systems, in violation of Articles 7.11(b), 10.2(b), and 10.7.3; and (iv) does not comply with Shenzhen Molly Tea's renovation, equipment, signage, and design standards — including the absence of the storefront shape, ambient light strips, side-sign logo, storefront awning, kitchen partition curtain, light-film ceiling, and stepped ceiling-to-wall connection required by Shenzhen Molly Tea's approved drawings — in violation of Articles 6.4.3(b), 7.1, 7.4, and 15.6.

c.      *Diversion of inventory from authorized stores.* MHL has diverted inventory supplied by Molly Tea Supply Chain LLC for the operation of the authorized Flushing, Brooklyn, and Chinatown MOLLY TEA stores to the unauthorized Columbia Store. Shenzhen Molly Tea's records confirm that MHL's last authorized purchase order was placed on January 22, 2026, and that goods supplied under that and prior orders include items used at the Columbia Store. This diversion violates Articles 8.2(a), 8.2(d) — which expressly provides that materials and equipment procured from Shenzhen Molly Tea or its designated suppliers may be used only at authorized stores and that any violation is a material breach — 8.3, and 15.3.

d.      *Independent social-media and brand-marketing accounts.* Without Shenzhen Molly Tea's written consent, MHL has established and operates independent official social-media accounts under the MOLLY TEA brand, including the Instagram account @mollyteamood and the RedNote account MollyTea NYC, and uses those accounts to promote the unauthorized Columbia Store and to advertise unauthorized promotions. This conduct is expressly prohibited by Article 10.7.4 — which forbids stores from independently establishing official accounts on RedNote and other platforms — and further violates Articles 10.7.3 and 15.6.

e.      *Unauthorized promotional pricing.* MHL advertised and conducted a "buy one, get one free" promotional event in connection with the April 17, 2026 opening of the Columbia Store. Shenzhen Molly Tea did not authorize any deviation from approved product pricing or any promotional campaign at the Columbia Store. This conduct violates Articles 7.8(b), 7.8(c), 14.5, and 15.6.

4.      <u>Operation of a competing or related business through Genesis Brand Management LLC</u>: Articles 2.4, 15.10, and 16.3.3 of the China License Agreement prohibit MHL from directly or indirectly operating any business that is identical, similar, or in competition with Shenzhen Molly Tea's business, whether through independent operation, joint ventures with others, or nominee shareholding arrangements, during the term of the authorized operation, and prohibit the use of "Molly Tea" or any similar text or graphics in the branding of any enterprise established by MHL outside the scope of the China License Agreement. Article 16.3.3 expressly defines such conduct as a material breach. MHL has materially breached these provisions, and its conduct constitutes a fundamental breach within the meaning of Article 12.2.1. MHL's principals Xiaozhe Liu and Mei

Hui Lin have organized and operated Genesis Brand Management LLC, a Liu-controlled entity that on January 13, 2026 entered into a separate concession agreement with The LIC Food Court LLC to operate a stall at 28-07 Jackson Avenue, Long Island City, New York, holding itself out as "Molly Tea 茉莉奶白," outside the scope of the China License Agreement and without Shenzhen Molly Tea's written consent.

5.     Brand harm and quality-control failures at authorized stores: Articles 7.1, 9.6, 14.7, 15.4, and 15.6 of the China License Agreement collectively obligate MHL to operate the authorized stores in strict compliance with Shenzhen Molly Tea's uniform service, operational, and quality-control standards; to enforce Shenzhen Molly Tea's quality control systems; to handle consumer complaints correctly, sincerely, and diligently; to fulfill service commitments to customers; and to maintain Shenzhen Molly Tea's brand image. MHL has materially breached each of these provisions. Article 16.3.5 expressly defines as a material breach conduct that "seriously harms [Shenzhen Molly Tea's] interests or brand image," and the cumulative effect of MHL's deficiencies at the authorized stores constitutes a fundamental breach within the meaning of Article 12.2.1. Shenzhen Molly Tea's quality-control review and on-the-ground inspections have identified persistent deficiencies in MHL's operations, including consumer complaints regarding promotional handling and product quality at the Flushing store, prolonged delivery delays at the Brooklyn store, and incomplete-order issues at the Chinatown store. The cumulative effect of these failures is serious damage to Shenzhen Molly Tea's brand image and interests.

The grounds set forth above include numerous fundamental breaches that, by their nature, are not capable of cure under the China License Agreement. These include, without limitation, MHL's unauthorized opening of the Columbia Store on April 17, 2026 (an express fundamental breach under Article 6.4.3(f)); the diversion of inventory from authorized stores to the unauthorized Columbia Store in violation of Article 8.2(d)'s express material-breach provision; MHL's continuing operation of the Columbia Store outside Shenzhen Molly Tea's authorized POS, ERP, ordering, supply chain, membership, and brand-marketing systems, including its continuing use of the Toast point-of-sale system in violation of Article 10.2(c)'s express fundamental-breach provision; MHL's continuing operation of independent official social-media accounts under the MOLLY TEA brand in violation of Article 10.7.4; the operation of a competing or related business through Genesis Brand Management LLC; and MHL's February 27, 2026 declaration that it would not make required sponsorship payments and its subsequent refusal of communication with Shenzhen Molly Tea. Each of these grounds is a fundamental breach within the meaning of Article 12.2.1, and none requires notice or an opportunity to cure under Article 12.2.4. Termination of the China License Agreement on these grounds is effective immediately upon MHL's receipt of this letter.

To the extent any of the grounds set forth above is determined to constitute a basis for termination only under Article 12.2.4 of the China License Agreement, this letter shall serve as the written notice and demand required by that Article. Any cure must be fulfilled or effective remediation undertaken as required by Shenzhen Molly Tea no later than ten days following MHL's receipt of this letter. Failure to cure within that period will result in termination of the China License Agreement on those alternative grounds, without prejudice to the immediate termination effected above on the non-curable grounds.

### Termination Effective Date and Article 13 Settlement

Pursuant to Article 12.2.1 of the China License Agreement, the China License Agreement is hereby **TERMINATED EFFECTIVE IMMEDIATELY** upon MHL's receipt of this letter (the "**Termination Effective Date**").

Article 13.3 provides for a thirty (30) day liquidation period commencing on the Termination Effective Date, during which MHL has the right to continue selling Shenzhen Molly Tea's previously authorized products at the previously authorized stores (the "**Clearance Period**"), **conditioned on MHL's prior settlement of all debts owed to Shenzhen Molly Tea and its affiliates, or the parties' written agreement on debt settlement.** Absent such settlement or written debt-settlement agreement, the Clearance Period does not commence and the cessation obligations set forth in Article 13.4 apply as of the Termination Effective Date. If the Clearance Period does commence, it applies only to the Flushing, Brooklyn, and Chinatown stores and only to inventory previously supplied by Mollytea Supply Chain LLC. The Clearance Period does not apply to the Columbia Store, which was never authorized under the China License Agreement and at which no "authorized products" are being sold within the meaning of Article 13.3. MHL is directed to cease all operations at, and all use of the MOLLY TEA marks at, the Columbia Store immediately and permanently as of the Termination Effective Date.

Upon the Termination Effective Date (or, if applicable, upon expiration of the Clearance Period as to the Flushing, Brooklyn, and Chinatown stores), and pursuant to Article 13.4, MHL shall immediately and permanently cease (i) all use, in any manner, of packaging, advertising materials, or other items bearing the MOLLY TEA brand; (ii) all use of Shenzhen Molly Tea's trademarks, trade names, patents, trade secrets, or other intellectual property authorized under the China License Agreement, including U.S. Registration Nos. 8205316 and 7996117, U.S. Trademark Application Serial No. 98360425 (Class 035, pending registration), and PRC Trademark Reg. No. 50234810; (iii) all production and sale of Shenzhen Molly Tea's authorized products; and (iv) all use of accounts, passwords, and access to any system, software, platform, or service activated under the China License Agreement, including without limitation any point-of-sale system, ordering system, ERP system, membership system, and brand-marketing accounts.

### Post-Termination Obligations and Reservation of Rights

In connection with the termination of the China License Agreement effected above, Shenzhen Molly Tea sets forth the following post-termination obligations and reservations:

1.      MHL shall cease all use of Shenzhen Molly Tea's marks and intellectual property as set forth in the preceding section and shall immediately surrender or transfer to Shenzhen Molly Tea all access credentials to any social-media, e-commerce, delivery-platform, and brand-marketing accounts established under or in connection with the MOLLY TEA brand, including without limitation the Instagram account @mollyteamood and the RedNote account MollyTea NYC.

2.      Within thirty (30) days of the Termination Effective Date, MHL shall return to Shenzhen Molly Tea or, at Shenzhen Molly Tea's election, certify destruction of, all copies of Shenzhen

Molly Tea's Operating Manual, Store Food Safety Management Manual, Product Standards Manual, Boss Manual, training materials, recipes, brewing methods, supplier information, customer data, and any other Confidential Information of Shenzhen Molly Tea in MHL's possession, custody, or control.

3.      Pursuant to Articles 12.3 and 13.4, MHL shall remove or destroy all decorations, signage, materials, and other items bearing the MOLLY TEA brand identity at MHL's premises (i) within thirty (30) days following expiration of the Clearance Period as to the Flushing, Brooklyn, and Chinatown stores, and (ii) at the Columbia Store, immediately as of the Termination Effective Date, the Columbia Store having never been authorized under the China License Agreement.

4.      All outstanding fees, royalties, costs, and other amounts due under the China License Agreement are immediately due and payable, including without limitation the 2% management fee under Article 5.3.1, training and supervision fees under Article 5.5 and Article 5.7, late-performance penalties under Articles 7.7(c) and 7.11(b), and any other amounts owed to Shenzhen Molly Tea or its affiliates. Pursuant to Article 16.6, post-termination interest accrues at a rate of one-thousandth (0.1%) of the outstanding total per day until repayment is agreed and fulfilled.

5.      Pursuant to Articles 5.2.4, 13.1–13.2, and 14.10, Shenzhen Molly Tea shall apply the Brand Security Deposit under Article 5.2 and any funds collected on MHL's behalf against MHL's outstanding obligations. To the extent the Brand Security Deposit and collected funds are insufficient to satisfy those obligations, MHL remains liable for the balance pursuant to Article 5.2.5.

6.      Shenzhen Molly Tea reserves all rights to claim liquidated damages and compensation under the China License Agreement, including without limitation the liquidated-damages provisions of Articles 2.4, 7.5, 16.3, 16.5, 16.8, and 16.9, the cost-and-fee shifting provisions of Article 16.10, and per-instance penalties and remedies provided elsewhere in the China License Agreement. Article 16.8's liquidated-damages provision for unauthorized continued use of the MOLLY TEA brand and Shenzhen Molly Tea's products survives termination and is expressly reserved as to any continuing post-termination use by MHL or its affiliates.

7.      MHL and its officers, members, employees, agents, and affiliates, including operational principals Xiaozhe Liu and Mei Hui Lin individually, are directed to preserve all books, records, communications (including WeChat, email, text-message, and social-media communications), purchase orders, point-of-sale data, financial records, supply-chain and inventory records, and any other documents and electronically stored information relating to the China License Agreement, the authorized stores (Flushing, Brooklyn, Chinatown), the Columbia Store, Genesis Brand Management LLC, and the matters described in this letter. This preservation obligation is in effect immediately and continues pending further proceedings. Failure to preserve responsive materials may give rise to spoliation sanctions and adverse inferences.

Sincerely,

SHENZHEN MOLLY TEA FOOD AND BEVERAGE CO. LTD



By: Biao Zhang

Cc:

Xiaozhe Liu
Email: dj.liu@kgenesis.com

Law Offices of Chen & Associates, P.C.
37-12 Prince Street, Suite 9D
Flushing, N.Y. 11354
Attn: Yimin Chen, Esq.