# Exhibit 11



I, Xigao Zhu, am fluent in the English (United States) and Simplified Chinese (China) Languages, I have been translating documents for over 11 years and am competent to translate from English (United States) to Simplified Chinese (China).

- Shanghai Intermediate-level English Interpretation Accreditation

I hereby certify that the following is, to the best of my knowledge and belief, a true and accurate translation of the attached *"Verified Complaint with Verification"* from English (United States) into Simplified Chinese (China).

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on May 14, 2026.

*Xigao Zhu*

_____
Name

May 14, 2026

_____
Date

美国地方法院
纽约南区法院

| | |
|---|---|
| SHENZHEN MOLLY TEA FOOD AND BEVERAGE MANAGEMENT CO., LTD.、MOLLYTEA SHOPS LLC 和 MOLLY TEA HOLDING INC.<br><br>原告<br><br>-和-<br><br>MOLLY TEA SHOPS LLC.（代表 MOLLY TEA NYC INC.、MOLLY TEA BK INC. 和 MOLLY TEA MANHATTAN CHINATOWN INC.），<br><br>原告<br><br>-诉-<br><br>MHL NY LLC、MOLLY TEA CU LLC、GENESIS BRAND MANAGEMENT LLC、MEI HUI LIN、XIAOZHE LIU a/k/a ZIAOZHE LIU 和 BINBIN XU，<br><br>被告、<br><br>-和-<br><br>MOLLY TEA NYC INC.、MOLLY TEA BK INC. 和 MOLLY TEA MANHATTAN CHINATOWN INC.，<br><br>名义被告。 | 案件编号：<br><br>**经核实的起诉状<br>附陪审团审理请求** |

原告 Shenzhen Molly Tea Food and Beverage Management Co., Ltd.（"**深圳 Molly Tea**"）、Mollytea Shops LLC（"**Mollytea Shops**"）和 Molly Tea Holding Inc.（"**Molly**

**Tea Holding**")（统称为"**原告**"或"**Molly Tea**"）分别，以及 Mollytea Shops 以名义被告 Molly Tea NYC Inc.（"**Molly Tea NYC**"）、Molly Tea BK Inc.（"**Molly Tea BK**"）和 Molly Tea Manhattan Chinatown Inc.（"**Molly Tea Manhattan Chinatown**"）（统称为"**合资企业实体**"）的股东的身份衍生地由其律师 Bergstein Flynn Knowlton & Pollina PLLC 代表其提出经核实且附陪审团审理请求的起诉状，针对被告 MHL NY LLC（"**MHL**"）、Molly Tea CU LLC（"**Molly Tea CU**"）、Genesis Brand Management LLC（"**Genesis**"）、Mei Hui Lin（"**Lin**"）、Xiaozhe Liu a/k/a Ziaozhe Liu（"**Liu**"）和 Binbin Xu（"**Xu**"）（统称为"**被告**"）提出如下指控：

**诉讼性质**

1.　　本诉讼源于被告未经授权使用了原告在联邦注册的 Molly Tea 商标、商品外观以及专有品牌系统，在位于 2857 Broadway, New York, New York 10025（"**哥伦比亚门店**"）一家冒牌门店以及位于 28-07 Jackson Avenue, Long Island City, New York（"**LIC 特许经营**"）的一家冒牌美食街摊位中进行销售，并且还违反了双方自 2023 年以来一直执行的关于纽约市三家授权 Molly Tea 门店运营的书面品牌许可、股东和公司治理协议。

2.　　深圳 Molly Tea 是美国联邦商标注册"Molly Tea"标志的所有人，并且是 2023 年 12 月 20 日与被告 MHL 签订的书面品牌授权和技术服务合作合同（"**品牌许可协议**"）下的许可方。Molly Tea 品牌是一个流行的现代中国茶品牌，专注于高品质、花香型奶茶。该品牌在全球拥有数千家门店，并在美国有很强的影响力。

3.　　根据品牌许可协议，双方成立了合资企业实体，在法拉盛、布鲁克林和曼哈顿的唐人街开设了三家 Molly Tea 门店（"**合资企业门店**"）。对于每个合资企业实体，原告 Mollytea Shops 持有百分之三十五（35%）的"品牌股东"权益，MHL 持有百分之

2

六十五（65%）的"投资者股东"权益。合资企业实体股东协议和章程（统称为"**股东协议**"）连同品牌许可协议规定，任何 Molly Tea 门店的运营都必须符合强制性品牌标准、供应链排他性、指定销售点（"**POS**"）系统、所有重大决策的事先批准，以及"品牌总监"对运营标准、产品规格和供应链事项的否决权。

4.　从 2026 年 2 月底开始，被告开始了一项协同行动，试图在品牌许可协议的条款之外为自己获取 Molly Tea 品牌的声誉。2026 年 2 月 26 日，被告取消了原定于 2026 年 3 月 2 日举行的合资伙伴之间的商务会议，并将原告方的人员从由双方设立用于管理合资企业门店的微信群中移除。2026 年 2 月 27 日，在与原告方美国总部公司的经理的一次单独微信交流中，Liu 表示，MHL 不会按照现有的布鲁克林篮网赞助协议向其支付剩余的 250,000 美元款项，并拒绝将计划中的哥伦比亚门店纳入现有的合资框架内。

5.　被告无视原告方多次要求其遵守合同要求的要求，拒绝提供品牌许可协议所规定的财务报告，拒绝支付任何品牌使用费、品牌保证金或管理费给深圳 Molly Tea ，并在未征得原告方同意或不知情的情况下，使用 Molly Tea 的标志、商品外观和声誉开设了哥伦比亚门店，而该门店的运营完全超出了双方之间的协议范围。

6.　除了未经授权开设哥伦比亚门店外，被告 Liu 还通过其控制的实体 Genesis，使其中一家合资企业实体 Molly Tea NYC 成为位于长岛市 Jackson Avenue 28-07 号的另一处未经授权的美食广场特许经营点（LIC 特许经营）的公司担保人——所有这些均未经 Molly Tea 的同意或批准，也未获得原告的任何许可或特许经营授权。

7.　2026 年 5 月 1 日，由于 MHL 多次违约行为，深圳 Molly Tea 正式终止了品牌许可协议。尽管协议已被终止，但被告仍继续使用 Molly Tea 商标、外观设计和品牌系统来运营哥伦比亚门店和另外三家合资企业门店，公然侵犯了原告方的权利。

3

8.　　　原告出于以下原因提起本诉讼：（i）依据纽约普通法，基于品牌许可协议的违约行为；（ii）依据纽约普通法，基于股东协议和章程的违约行为；（iii）依据纽约普通法的侵占；（iv）根据 Lanham 法案第 43（a）条 15 U.S.C. § 1125（a），关于联邦不公平竞争和虚假原产地指控；（v）依据 Lanham 法案第 32（a）条 15 U.S.C. § 1114，关于联邦商标侵权的指控；（vi）根据纽约法律，关于普通法不公平竞争的指控；（vii）依据纽约法律，关于普通法商标侵权的指控；（viii）依据纽约州《一般商业法》第 360-l 条，关于商标淡化及损害商誉的指控；（ix）依据纽约州《一般商业法》第 349 条，关于不公平竞争及欺骗性商业行为的指控；以及（x）依据纽约州法律针对被告 Lin 和 Liu（分别作为个人和作为品牌股东）对 Mollytea Shops 所构成的违反信托责任的行为；（xi）依据纽约州法律针对被告 Lin 和 Liu（以代表合资企业实体的名义）所构成的违反信托责任的行为；以及（xii）依据 28 U.S.C. § 2201 作出的宣告性判决，该判决撤销对 Molly Tea NYC 的 LIC 担保，并确认终止品牌许可协议，被告不再有权继续使用 Molly Tea 商标。原告还请求法院作出宣告性判决和强制令，包括下达临时和永久禁令，关闭哥伦比亚门店以及三家合资企业门店，禁止开设和运营 LIC 特许经营，并终止被告在所有地点未经授权使用 Molly Tea 商标的行为。损害赔偿仍在持续进行，而随着未经授权的经营活动的持续进行，原告监督以 Molly Tea 商标销售的商品的质量和一致性的能力正受到无法弥补的损害。

## 双方

**A.　　原告**

9.　　　深圳 Molly Tea 是并且在此相关的所有时间里一直都是一家依据中华人民共和国法律成立并存在的公司，其主要营业地点位于中国广东省深圳市。深圳 Molly Tea 在

4

某些翻译文件中也被呈现为"深圳茉莉奶白餐饮管理有限公司",这是英文的直译,茉莉奶白,且两个名称都指代的是同一个法律实体。深圳 Molly Tea 是下述美国联邦 Molly Tea 商标注册的记录所有人,并且是品牌许可协议下的许可方。Biao Zhang 是深圳 Molly Tea 的创始人。

10. Mollytea Shops 是并且在此相关的所有时间里一直都是根据特拉华州法律成立和存在的有限责任公司。Mollytea Shops 是 Molly Tea 参与美国 Molly Tea 门店合资经营的工具,包括纽约的三家合资企业门店。Zhang 先生是 Mollytea Shops 的经理。Mollytea Shops 在此以自身名义以及代表三家合资企业实体/名义被告中的每一个提起诉讼。

11. Molly Tea Holding 是并且在此相关的所有时间里一直都是一家根据特拉华州法律组建和存续的公司。Molly Tea Holding 是一家控股公司,持有原告在美国公司经营的(即非合资)Molly Tea 门店的直接所有权权益。Zhang 先生是 Molly Tea Holding 的董事。

**B.** <u>被告</u>

12. MHL 是并且在此相关的所有时间里一直都是依据纽约州法律成立并存在的有限责任公司,其主要营业地点位于 152-15 Jewel Avenue, Apt.175B, Flushing, New York 11367。MHL 是品牌许可协议下的被许可方,是三个合资企业实体中每个实体的 65% 投资者股东。被告 Lin 是 MHL 的管理成员。

13. Molly Tea CU 是一家根据纽约州法律组建和存续的有限责任公司。据所掌握的信息和所了解的情况,Molly Tea CU 完全由被告 Lin、Liu 和 Xu 的某种组合拥有和控制。与合资企业实体不同,原告对 Molly Tea CU 没有股东权益。

14.    Genesis 是并且在此相关的所有时间里一直都是依据纽约州法律成立并存在的有限责任公司，其主要营业地点位于 36-16 Main Street, Suite 605, Flushing, New York 11354。据所掌握的信息和所了解的情况，Genesis 由被告 Lin、Liu 和 Xu 拥有和控制。

15.    Mei Hui Lin 是并且在此相关的所有时间里一直都是居住在 152-15 Jewel Avenue, Apt. 175B, Flushing, New York 11367 的个人。Lin 是 MHL 的管理成员、每个合资企业实体的总裁、每个合资企业门店租赁合同的个人担保人、LIC 特许经营协议的个人担保人以及哥伦比亚担保的个人担保人。

16.    据所掌握的信息和所了解的情况，Xiaozhe Liu 也被称为 Ziaozhe Liu，是居住在 68 Village Road, Manhasset, New York 11030 的个人。Liu 是 MHL 的运营负责人。Liu 代表 MHL 签署了品牌许可协议。Liu 以三家合资公司的董事身份代表 MHL 签署了各份股东协议。Liu 还是 Genesis 的总裁，并亲自为长岛市特许经营协议提供了个人担保。Liu 也是 Molly Tea CU 的成员。

17.    被告 Binbin Xu 是并且在此相关的所有时间里一直都是居住在 80 Dekalb Avenue，Apt. 16K, Brooklyn, New York 11201。据所掌握的信息和所了解的情况，Xu 是被告 Molly Tea CU LLC 的所有者和/或负责人，是哥伦比亚担保项下的个人担保人，也是 LIC 特许经营协议的个人担保人。

**C.    名义被告**

18.    Molly Tea NYC 是一家根据纽约州法律组建和存续的公司。它是位于 37-11C Prince Street, Flushing, New York 11354 的合资企业门店（**"法拉盛门店"**）的经营实体和租户。

19.    Molly Tea BK 是一家根据纽约州法律组建和存续的公司。它是位于 5909 8th Avenue, Brooklyn, New York 11220 的合资企业门店（"**布鲁克林门店**"）的经营实体和租户。

20.    Molly Tea Manhattan Chinatown 是一家根据纽约州法律组建和存续的公司。它是位于 63 Mott Street, New York, New York 10013 的合资企业门店（"**唐人街门店**"）的经营实体和租户。

**管辖权和审判地点**

21.    本法院对 15 U.S.C. § 1121 和 28 U.S.C. §1331 下的联邦商标索赔具有原始和标的司法管辖权。本法院对根据 28 U.S.C. § 1367 (a) 提出的相关州法律索赔拥有补充管辖权，因为这些诉讼构成了由被告未经授权在哥伦比亚门店、LIC 特许经营以及合资企业门店使用 Molly Tea 商标以及被告对应地违反双方书面协议所引发的同一案件或争议的一部分。

22.    本法院对每位被告都拥有属人管辖权。被告 Lin、Liu 和 Xu 居住在纽约州。被告 MHL NY LLC、Molly Tea CU LLC 和 Genesis Brand Management LLC 均在纽约州成立，主要营业地点位于纽约州。

23.    根据 28 U.S.C. § 1391 (b) (2)，本区的审判地点是适当的，因为引起索赔的大部分事件都发生在本区，包括在 2857 Broadway, New York, N.Y. 开设、装修、宣传和运营哥伦比亚门店的行为。

**事实指控**

A.    **Molly Tea 品牌和原告的商标及知识产权**

7

24.　　"Molly Tea"品牌是源自中国深圳的领先高端奶茶品牌之一，该品牌以其"淡奶茶"的配方、独特的茉莉奶白商标设计、以茉莉花为主的菜单以及统一的店铺设计而闻名。截至 2025 年 11 月，Molly Tea 在全球拥有超过 2,000 家门店，包括在澳大利亚、英国、泰国、印度尼西亚、新加坡、加拿大和美国的门店。

25.　　Molly Tea 品牌通过一套统一、全面的设计、运营、营销和质量控制标准进行运营，这些标准由深圳 Molly Tea 制定、维护并持续更新，并体现在原告的授权业务系统企业识别系统（"**企业识别系统**"或"**CIS**"）及其"授权业务系统"中。

26.　　这两个系统均在品牌许可协议中定义。CIS 是"由与'Molly Tea'授权业务系统相关的标识符号及其载体所组成的统一系统，包括但不限于商标、授权证书、店铺标识、包装材料和包装方式、餐具、托盘及托盘衬垫、设备、独特的外观和内部设计（包括装饰、装饰元素、色彩方案、布局、家具等）、制服、广告及其他促销材料、文件、优惠券、名片、信头纸等等。"

27.　　授权系统则是"统一的'Molly Tea'授权业务系统，包括但不限于产品、商标、服务标志、店铺标识、受版权保护的信息和材料、独特的外观和内部设计（包括装饰、装饰元素、色彩方案和布局）、制服、广告和促销活动、培训系统、运营系统、财务和会计系统、信息网络系统、ERP 软件系统（包括 POS 系统、销售成本系统和传输系统）、专有技术系统、产品制造或采购渠道、分销以及其他业务运营和管理系统。"

28.　　通过严格遵循这些系统，授权 Molly Tea 门店的消费者能够获得一致的体验，该体验具有统一的产品、服务标准、环境和品牌标识。

29.　　深圳 Molly Tea 是 Molly Tea 品牌的创立者和所有者，包括 CIS 和授权系统、Molly Tea 商标、商业外观、门店设计系统、配方、供应链以及培训材料。

30.　　深圳 Molly Tea 是美国商标注册号为 8205316 的商标的合法所有者，该商标涵盖珍珠奶茶店、茶店、咖啡馆和餐厅服务、奶茶店的特许经营和业务管理服务等其他服务，以及美国商标注册号为 7996117 的商标的合法所有者，该商标的珍珠奶茶店、茶店、餐馆、酒吧服务、咖啡馆服务和餐厅服务（统称为"**注册商标**"）。注册商标有效、持续存在且完全具有法律效力，表明深圳 Molly Tea 拥有在商业活动中使用 Molly Tea 商标的权利，该商标与所标明的商品和服务相关。

31.　　注册商标显示了首次使用于任何地方的日期为 2021 年 2 月 15 日，这反映了在普通商业交易过程中，该商标下的商品首次销售或服务首次提供在美国或世界任何地方的日期；以及首次在商业中使用的日期为 2024 年 4 月 6 日，这是指该商标下的商品首次销售或运输，或服务首次提供在由美国国会依法监管的一种商业活动中，并且是在普通商业交易过程中。美国注册证书的真品和准确副本作为**证据 1** 附于此处。

32.　　深圳 Molly Tea 单独拥有中国商标注册号为 50234810 的商标，该商标是茉莉奶白（"**中文商标**"）。

33.　　深圳 Molly Tea 还拥有 Molly Tea 这一品牌名称及其相关商业标识的普通法权利，这是基于该公司在纽约及其他美国地区（包括通过其授权商和关联公司）持续且大量的商业使用这些标识所形成的。这些普通法权利涵盖了独特的店面设计、环境照明、色彩方案、天花板处理、内部布局以及员工制服，这些元素在所有经许可的 Molly Tea 门店中统一应用，通过 CIS 实现。Molly Tea 的统一且独特的设计造就了一种一致且易于识别的商业印象，包括独特的店面外观、内部商业标识、产品展示和顾客体验，这些都让消费者将其完全与"Molly Tea"品牌联系起来。注册商标与这些"Molly Tea"品牌名称和商业标识的普通法权利一起，在此统称为"**Molly Tea 商标**"。

**B.**　　品牌许可协议和纽约合资企业

34.　　2023 年，被告 Liu 与 Molly Tea 商谈将其在美国的业务扩展至纽约事宜。为此，Liu 需要 Molly Tea 的资金和品牌支持。Liu 以及其他被告共同成立了 MHL，其成立的明确目的就是为 Molly Tea 品牌进行授权。

35.　　2023 年 12 月 20 日，作为许可方的深圳 Molly Tea 和作为被许可方的 MHL 签订了品牌许可协议，授予 MHL 开设最多五个"Molly Tea" 地点的"单店许可"。品牌许可协议由被告 Liu 代表 MHL 签署，并加盖深圳 Molly Tea 公章。[1]品牌许可协议和认证翻译的真实准确副本作为**附件 2** 附于本协议。品牌许可协议是 MHL 在美国使用 Molly Tea 商标或经营任何以 Molly Tea 为品牌名称的店铺的唯一合同文书。

36.　　关于经营最多五家"Molly Tea"门店的许可，品牌许可协议允许 MHL 使用：（i）中国标志；（ii）Molly Tea 品牌；（iii）CIS 和授权系统；（iv）原告的专有技术，包括其配方、工艺流程、技术规范以及管理和销售技术；以及（v）获得 Molly Tea 操作手册，以及原告提供的相应技术服务、培训和管理支持。

37.　　品牌许可协议要求 MHL 承担的经济义务，包括向深圳 Molly Tea 支付：（i）15,000 美元的品牌使用费；（ii）15,000 美元的品牌保证金；以及（iii）以及每家门店实际每月净营业收入的百分之二（2%）的月度管理费。该协议还规定了深圳 Molly Tea 的其他费用，包括培训，新店选址和工程费用。

38.　　品牌许可协议要求 MHL 经营每个授权门店时遵守强制性品牌和质量控制标准。品牌许可协议部分条款要求：（i）每家授权店铺均按照 CIS 设计和施工，并要求勘

---

[1]在中国的商业实践中，带有合法注册的官方公司图章或"印章"的文件具有法律约束力。请参见《中华人民共和国民法典》第 490 条（"当事人采用合同书形式订立合同的,自当事人均签名、盖章或者按指印时合同成立。"）。

10

测与设计服务、平面图设计、施工图和效果图均须由原告指定的设计公司完成，以确保每个授权地点具有统一的外观；（ii）所有产品均从深圳 Molly Tea 指定的供应商处采购，且所有销售的产品均严格按照 Molly Tea 的产品质量标准进行确认；（iii）所有定价、促销和营销均按照 Molly Tea 的统一标准进行设置；（iv）MHL 及其附属公司不得建立或经营独立的社交媒体账户，包括但不限于微信、微博、小红书、Instagram、大众点评和其他类似平台，且未经深圳 Molly Tea 明确书面同意；以及（v）每家授权店铺均在深圳 Molly Tea 设计的 POS 系统上运营。

39.　　Molly Tea 商标、CIS 和授权系统，包括专有配方和产品规格、操作手册、原告指定的 POS 和供应链基础设施，共同构成了使每家合资企业门店能够作为 Molly Tea 门店运营的品牌资产。这些资产自 2021 年起由原告投入大量资金开发而成，属于原告所有。在遵守品牌许可协议的前提下，MHL 仅被授予使用该等资产的有限、有条件和可撤销的权利。如本下文所述，MHL 已多次未能遵守协议的要求。

40.　　品牌许可协议并未赋予 MHL 在上述品牌控制框架之外在美国独立经营门店的任何权利。

**C.　　合资企业实体**

41.　　在签署品牌许可协议后，MHL 与 Mollytea Shops 通过共同合资结构开设了三家纽约 Molly Tea 门店，由被告 Lin 和 Liu 领导。三家门店分别成立了独立的纽约经营实体：被告 Molly Tea NYC，于 2023 年 10 月 12 日注册成立；Molly Tea BK，于 2024 年 5 月 31 日注册成立；Molly Tea Manhattan Chinatown，于 2024 年 7 月 29 日注册成立。双方就三个经营实体订立了股东协议和章程。股东协议和章程的真实准确副本作为**证据 3、4 和 5** 附于本起诉书后。

11

42.    品牌许可协议对 MHL 施加的义务明确延伸至合资企业门店的运营。

43.    根据股东协议，Mollytea Shops 持有各合资企业实体百分之三十五（35%）的权益。MHL 在每个合资企业实体持有百分之六十五（65%）的权益。

44.    在签署股东协议时或前后，Mollytea Shops 向合资企业实体出资超过 600,000 美元，包括向 Molly Tea NYC 出资 362,916 美元，向 Molly Tea BK 出资 238,651 美元，以及在品牌系统支持、培训和运营服务方面额外出资。

45.    被告 Liu 以董事身份签署了每份股东协议。以该身份签署即表明 Liu 个人作为每个合资实体的高级职员和董事，承担对合资实体及其股东的忠诚、谨慎和善意义务，其中包括股东协议第 VI 条中规定的竞业禁止、保密和公司机会条款。

46.    每个合资企业实体签订了多年的纽约商业租赁协议，以经营 Molly Tea 门店。具体而言，（i）Molly Tea NYC. 于 2023 年 11 月 14 日签署了 Flushing Store 租约；（ii）于 2024 年 6 月 6 日或前后，Molly Tea BK 签署了 Brooklyn Store 租约；及（iii）Molly Tea Manhattan Chinatown 于 2024 年 7 月 29 日签署了 Chinatown Store 租约。被告 Lin 以各自合资实体的总裁身份签署了每份租约，并签署了与每份租约相关的个人担保。原告事先知情并批准签署这些租约。

47.    根据股东协议和章程，Mollytea Shops 是"品牌股东"，因被告系统性违反规定而享有重大少数股东保护权利，包括但不限于：（i）指定一名董事（"**品牌董事**"）担任两人董事会的权利，该董事只能由品牌股东罢免；（ii）"未经品牌股东事先书面同意，公司的任何行动都不得严重损害品牌股东在许可协议或章程项下的权利"（章程第 4.4 条）；（iii）重大财务决策须经两位董事一致批准，包括超过 20,000 美元的资本支出或债务、任何门店的开设或关闭、对业务计划的重大修改、经营区域的扩展、进入新

市场以及签订期限超过一（1）年或价值超过 50,000 美元的合同（章程第 4.15 条）；

（iv）品牌董事对与运营标准、产品规范、质量控制、培训、品牌与营销、门店设计及系统（包括 POS 系统）以及供应链相关的所有事项予以明确批准（章程第 4.16 条）； 以及

（v）章程第 10.1 条明确规定，未经董事会授权，任何高级职员、代理人或员工不得通过任何合同或约定约束公司，或以其信用作抵押，或使公司承担任何目的或任何金额的责任。作为 Molly Tea Shops，LLC 的代表，Biao Zhang 在所有三个运营实体的章程签名页上被注明为"董事"。

48.    股东协议进一步纳入并强化了品牌许可协议的品牌标准，要求每个合资企业实体"遵守许可协议的条款"，包括遵守 Molly Tea 的运营标准，并仅使用 Molly Tea 指定的销售点和支付处理系统。

49.    对于每个合资实体，原告：（i）指定 Chowbus 作为 POS 系统，并提供原告操作手册的副本，前提是 MHL 在经营合资门店时将严格遵守操作系统。

50.    2025 年 9 月 3 日，其中一家合资企业实体 Molly Tea NYC 与 Brooklyn Nets/Barclays Center 的运营商签订了赞助协议（"**Brooklyn Nets 赞助协议**"），根据该协议，Molly Tea NYC 承诺第一年向 Brooklyn Nets 提供 500,000 美元赞助。Molly Tea NYC 使用 Molly Tea Shops 提供的资本在签约时支付了 250,000 美元的款项，并承诺在 2025 年 10 月 1 日支付剩余的 250,000 美元。被告随后促使 Molly Tea NYC 拒绝 Brooklyn Nets 赞助协议，拒绝支付 250,000 美元的未付余额，详情如下。

**D.    哥伦比亚门店租赁和良好信用担保协议**

51.    2026 年 1 月 8 日或前后，Molly Tea Holding 与被告 Lin 和 Xu 共同就当时拟议的位于 2857 Broadway，New York，New York 10025 的哥伦比亚门店租约，签署了一份

良好信用担保协议（"**哥伦比亚担保协议**"）。哥伦比亚担保协议担保租户在哥伦比亚租约项下的义务。哥伦比亚担保协议的真实准确副本作为**证据 6** 附于本起诉书后。

52.　　Molly Tea Holding 依据双方当时存在的合资关系，以及其对哥伦比亚门店将作为下一家合资门店根据品牌许可协议和既定的合资框架开设和经营的前提，签署了哥伦比亚保证书。在签署哥伦比亚保证书时，原告合理地认为，哥伦比亚门店将通过管理三家现有合资门店的相同合资结构运营。具体而言，原告认为，Molly Tea Shops 和 MHL 将为哥伦比亚门店成立一家纽约经营实体，该实体将受与其他三家合资企业门店相同的股东协议的约束。基于这一理解及品牌许可协议的条款，Molly Tea 提供设计服务，并批准了日期为 2025 年 12 月 17 日的哥伦比亚门店平面图。但被告并未打算按照品牌许可协议、合资企业结构或善意原则推进此事。

53.　　被告 Lin、Liu 和 Xu 没有按照与前三家合资店相同的模式推进，而是单方面成立了由被告全资拥有和控制的 Molly Tea CU，完全脱离了既定的合资企业结构和品牌许可协议的要求运营。与合资企业实体不同，原告 Mollytea Shops 既未获得 Molly Tea CU 的任何股权，也未就其成立或运营征求或获得原告事先的书面同意。

54.　　据所知及所信，在 2026 年 1 月 9 日或前后，且原告不知情的情况下，Molly Tea CU 以租户身份签署了哥伦比亚门店的租约。原告在哥伦比亚门店的盛大开业时被告进行营销时才得知租赁签署，如本下文所述。尽管多次向 Molly Tea CU 提出了要求，但它拒绝提供有效租约的副本。

55.　　在 Molly Tea CU 签署租约时，被告明知他们无权开设或经营哥伦比亚门店，除非且直到哥伦比亚租约以管理其他纽约门店的合资企业框架内的新成立的合资实体

14

的名义签署。被告拒绝或不愿意这样做，并在未经原告授权的情况下采取行动开设哥伦比亚门店。

56. Molly Tea CU 是被告 Lin、Liu、Xu 和 MHL 的替身实体。Molly Tea CU 的成立和经营方式是作为一种工具，被告通过该工具获取 Molly Tea 品牌的好处，包括品牌名称、标志、声誉和消费者商誉，故意规避适用于所有其他授权 Molly Tea 地点的合同和公司治理框架。具体而言：（i）Lin、Liu 和 Xu 对 Molly Tea CU 行使共同所有权和控制，其个人行为与实体运营之间实质性分离；（ii）Molly Tea CU 的成立是为了规避股东协议和章程项下原本适用的 65%/35% 的合资企业结构和品牌股东治理权；（iii）据所知和所信，Molly Tea CU 资本不足，并通过非法转换属于合资企业实体的资产和库存来获得其库存和其他资本；以及（iv）Molly Tea Holding 被诱使为一家原告完全被排除在外且原告对其既不享有所有权也无任何治理或品牌监督权的门店提供了哥伦比亚担保协议项下的信用支持，并且原告没有从中获得任何收益。由于 Molly Tea CU 是被告的替身实体，因此 Molly Tea CU 受品牌许可协议的约束。

57. Molly Tea CU 的成立和运营构成被告多次独立违反品牌许可协议，包括：（i）未经深圳 Molly Tea 批准，在授权结构之外创建新的经营实体，违反第 6.3.3 条；（ii）违反第 5.3.1 条，在授予 MHL 的授权范围之外创建新的经营实体；（iii）通过未经授权的渠道，据所知和所信，违反第 8.1 条挪用合资企业实体的库存和资产来采购产品和供应；（iv）在原告不知情或同意的情况下，利用 POS 平台 Toast，而不是原告指定的 POS 系统 Chowbus，剥夺原告明确要求的遥测、财务监督和质量控制可见性，违反第 10.2 条；（v）在未获原告同意的情况下运营 Instagram 账户，@mollyteamood 和

15

@mollyteany，小红书账户，茉莉奶白纽约和商业网站 mollyteany.com，违反了协议第 10.7.4 条。

58. 此外，如本下文所述，据所知所信，被告使用合资企业实体的库存和资产投资、开设和运营哥伦比亚门店。

59. 被告 MHL、Lin、Liu 和 Xu 违反品牌许可协议规定，脱离商定的合资框架，通过哥伦比亚保证书利用了原告 Molly Tea Holding 的信用支持，同时在没有获得必要批准或监督的情况下为自己获取 Molly Tea 的名称、品牌和声誉的利益，并且对原告不承担任何责任，在此过程中对 Molly Tea 品牌造成了严重损害。

**E.    被告对合资企业的拒绝履行**

60. 在签署未经授权的哥伦比亚门店租赁协议后，从 2026 年 2 月下旬开始，被告开始采取明确违反和/或拒绝履行品牌许可协议、股东协议和双方的合资关系。2026 年 2 月 26 日，在未作任何预告的情况下，被告取消了 MHL 和 Molly Tea 负责人于 2026 年 3 月 2 日举行的预定商务会议。同时，被告 Liu 退出 Molly Tea 法律协调微信群（**"法律协调群"**），从双方在此之前用于协调合资企业的法律、运营和品牌标准事务发确保遵守品牌许可协议的指定的法拉盛门店微信群中移除与原告相关的人员。

61. 2026 年 2 月 27 日，被告 Liu 在与 Zhang 先生的单独微信对话中表示，MHL 拒绝支付 Brooklyn Nets 赞助协议项下的未清余额，并且总的来说，如果允许，他将继续经营所有合资门店。如果不允许，我们就谈解决办法。" 如本下文所述，MHL 不被允许以这种方式经营门店，也没有采取行动"讨论解决方案"。被告只是继续经营合资企业门店，将原告排除在外，并利用合资企业库存和资产扩大其在纽约的业务。

62.　被告在 2026 年 2 月下旬的陈述和行动明确否认了合资关系，将 Mollytea Shops 排除在经营和记录之外，违反了管理协议，并背弃了品牌许可协议和股东协议项下对原告的质量控制和品牌标准义务。

63.　2026 年 3 月 25 日，原告代表 Yiding Sun 向 Lin 和 Liu 发电子邮件，抄送给原告高级管理层，提出了解决被告违约的书面提案。对于合资门店，原告提议（i）接管所有股份并继续经营门店，或（ii）允许被告继续经营门店，但被告须在两周内签署某些必要的文件，并编制有关门店活动这几个月未提供的全面财务文件。

64.　关于哥伦比亚门店，原告提议由其总部将直接经营拟经营的门店，如果他们希望参与其中，则向 MHL 和/或 Lin 和 Liu 提供新经营实体的少数股权。作为拟议和解的一部分，原告提出承担 Brooklyn Nets 赞助协议项下的剩余义务，MHL 表示无法遵守该协议。

65.　Lin 第二天回复，拒绝了提案的各项内容，反而要求（i）原告继续补贴 Brooklyn Nets 的赞助义务；（ii）赔偿被告因 Lin 所称的"强制"要求转让哥伦比亚门店和 LIC 特许权而遭受的任何损失；以及（iii）提供书面保证，保证原告不会干扰被告继续单方面经营现有的合资门店。本回复确认，被告不会遵守品牌许可协议或股东协议，也不会同意原告提供的解决途径。

66.　2026 年 3 月 27 日，原告向包括 MHL 在内的所有相关海外店铺经营者发出了关于在所有 Molly Tea 店铺遵守品牌和运营标准的书面通知。该通知记录，自 2025 年底以来，原告合规部已发现某些门店存在问题，包括会计记录不清晰、财务管理不规范以及未能及时签署所需的法律文件。

67. 根据原告的财务报告和监督权，以及品牌许可协议第 7.11、9.1、10.2、12.2、14.3、14.4、16.2、16.3 和 16.10 条项下的终止和补救权，该信函要求 MHL 提供所要求的信息或面临无限期关闭，直到原告能够完成对店铺历史法律和财务记录的审查和运营评估。2026 年 3 月 27 日电子邮件的真实准确副本作为**附件 7** 附于本协议。

68. 2026 年 3 月 30 日，原告再次联系被告 Liu 跟进未结清的合规事项，告知 MHL 不遵守将导致店铺运营暂停。

69. 被告未回复原告的电子邮件或询问，并在原告当时不知情的情况下，继续推进未经授权开设哥伦比亚门店。由于 MHL 未能遵守，2026 年 4 月 2 日，深圳 Molly Tea 向三家合资企业发送了通知，称这些店铺的运营将于 2026 年 4 月 3 日凌晨 12：00 无限期暂停，因为其有权根据品牌许可协议进行。该通知指出，受影响的门店未就所需的协议和运营质量标准与总部进行有效沟通，并表示有必要暂停以保护品牌的整体形象并防止双方进一步损失。4 月 2 日通知的真实准确副本作为**附件 8** 附于本起诉书后。

70. 2026 年 4 月 2 日的暂停措施是一个适度的中间性执行步骤，旨在保护品牌。然而，被告方未能纠正其行为。

71. 作为三家合资企业门店日常运营控制权的持有者，Lin、Liu 和 MHL 三名被告拒绝遵守原告的指令，而且没有采取措施来纠正通知中所指出的违规行为，而是未经授权继续运营合资企业门店。被告方拒绝纠正其违规行为最终导致了 2026 年 4 月 17 日哥伦比亚门店的未经授权开业。

72. 2026 年 4 月 15 日，即非法开设哥伦比亚门店的两天前，MHL 向纽约州皇后县最高法院提起诉讼，案号为 711066/2026（"**皇后区诉讼**"）。皇后区诉讼是一次公开的尝试，旨在禁止原告行使其合同和法定权利，从而阻止原告制止被告继续未经授权的

运营。其时机选择——在未经授权的哥伦比亚门店开业的两天前，并且是在被告收到 2026 年 4 月 2 日的停业通知之后——以及其对明显虚假指控的依赖，表明其主要目的是以恶意手段为幌子，以阻止对未经授权开设门店的执行行动。此处所提出的主张依据的是 Lanham 法案及相关州法律理论，这些理论与皇后区诉讼中所提出的议题不同。

**F.    被告未经授权开设哥伦比亚门店以及与批准的哥伦比亚设计存在重大偏差**

73.    大约在 2026 年 4 月 17 日，被告以 Molly Tea 的名称向公众开放了哥伦比亚门店，同时进行了广告性的开业促销活动，但未经原告的授权，并且在与品牌许可协议和原告的品牌标准不符的方面存在重大违规行为。

74.    品牌许可协议第 6.4.3（f）条规定，"只有在甲方进行核实和批准后，门店才能开业。[2]如果乙方未经甲方事先同意就开设门店，这种行为将构成本合同的重大违约。"深圳 Molly Tea 从未批准过哥伦比亚门店的开设，且该门店的开设未获得任何书面许可、转授权、特许经营权或原告与 Molly Tea CU、MHL、Lin、Liu、Xu 或 Genesis 之间签订的其他协议的授权。

75.    被告未获得原告对哥伦比亚门店的装修、标识、设备、供应商、菜单或开业促销活动的批准，而所有这些都是品牌许可协议所要求的。

76.    品牌许可协议第 6.4.3(b) 条规定："为规范甲方的品牌形象和服务要求，乙方同意将店铺的装修工作委托给甲方指定的专业装修设计公司，乙方承担店铺的全部装修设计费用。"

77.    在合资企业倒闭之前，原告已审查并批准了哥伦比亚门店的平面图，日期为 2025 年 12 月 17 日。但批准的平面图从未得到实施，因为 Molly Tea CU、Lin、Liu 和 Xu

---

[2]根据品牌许可协议，深圳 Molly Tea 是"甲方"，"乙方"是 MHL。

只是按照他们自己的意愿设计了门店，损害了 Molly Tea 品牌和原告的利益。在 2026 年 4 月 17 日左右，对哥伦比亚门店的现场检查发现，存在以下六个与原告批准的设计的重大偏差，违反了品牌许可协议第 5.7.2、6.4.3、7.1、7.4、8.3、9.1、14.2、14.7 和 15.6 条：

| 元素 | 经批准的品牌标准 | 哥伦比亚门店（2026 年 4 月 17 日） |
|---|---|---|
| 店面设计 | 符合批准图纸的统一的店面尺寸、外观和发光效果标准，并配有环境照明带。 | 未按照批准的计划进行建造；店面形状和环境照明带缺失。 |
| 侧标识徽标 | 按照计划安装了侧徽标。 | 未安装；现场缺失。 |
| 店面防水遮阳篷 | 必需。 | 缺失；未安装遮阳篷。 |
| 厨房柜台隔断 | 厨房与台面之间需要设置隔帘。 | 未安装。 |
| 天花板处理 | 需要采用透光膜天花板设计。 | 未使用透光膜设计；而是用普通射灯替代。 |
| 天花板到墙壁连接 | 天花板与墙壁相接处采用阶梯式设计。 | 未按计划执行；无阶梯式设计。 |

78. 这些偏差损害了品牌价值、消费者认知以及 Molly Tea 商标和外观设计的独特性。这些重大偏差是由被告方在未经原告方事先知晓或同意的情况下实施的。

79. 此外，品牌许可协议第 7.4 款规定"乙方应根据甲方的指示和规定，在店铺内悬挂和张贴统一的广告、招牌、展示板和其他授权标志。" 但这并未做到；实际上，该店铺未就标识事宜与 Molly Tea 进行协商，因为该店铺未经授权。

80. 品牌许可协议第 7.1 条要求严格遵守深圳 Molly Tea 的标准化规范："乙方承诺，在经营过程中，将严格遵守并执行甲方制定的标准化规范，包括服务标准、操作流程、销售流程以及甲方制定的工作规范。"第 7.2 条进一步规定："为满足门店运营和

'Molly Tea' 业务系统的开发需求，甲方有权根据需要对相关标准化规范进行持续修订、完善，并向乙方提供这些规范…… 乙方承诺严格执行更新后的规格书。"

81. 在哥伦比亚门店开业当天，该门店的运营状况与普通的 Molly Tea 零售业务不符，其标准化规范包括：（a）收银台的 POS 系统频繁出现故障，系统经常出现延迟或无法运行的情况；（b）潜在顾客被滞留在入口处或接近入口处，而不能进入门店；并且（c）员工对顾客的态度显得抵触性强且谨小慎微，这与 Molly Tea 典型的面向顾客的零售服务态度不符。

82. 品牌许可协议第 9.1 条通过遵守深圳 Molly Tea 的食品安全体系并接受其检查来确保运营质量："甲方应向乙方提供一整套与食品安全标准化管理相关的系统标准和规定，乙方同意严格遵守并执行这些规定。乙方同意甲方有权随时监督和检查乙方对食品安全标准化管理的执行情况……甲方有权委托第三方对乙方进行审计和检查，并可要求乙方承担所有相关的审计和监督费用。"显然，这一切都没有发生。事实上，被告将 Molly Tea 的员工从微信中移除，采取了积极措施来阻止不仅对未经授权的哥伦比亚门店，而且对所有门店的监督和监管。

83. 据所掌握的信息和所了解的情况，公司员工中无人具备品牌许可协议所要求的"相关证书，包括从业者的健康证明以及其他相关资质"，该协议规定原告应获得所有"相关证书、租赁协议及其他支持性文件"的副本。

84. 品牌许可协议第 10.7.4 节禁止独立自媒体账户："严禁店铺在任何平台独立建立任何官方自媒体账号，包括但不限于微信公众号、微博账号、小红书账号或大众点评账号。……乙方的日常微信运营应通过甲方的公司微信系统进行，包括但不限于粉丝群及相关交流。"

21

85.    作为哥伦比亚门店开业的一部分，被告通过未经原告授权的社交媒体渠道对店铺进行了推广和宣传，包括 Instagram 账户@mollyteamood 和 RedNote 账户"茉莉奶白纽约 MollyTea NYC"。这些中的每一个社交媒体账户在未经原告授权的情况下使用 Molly Tea 的商标和商业外观，直接违反了品牌许可协议和 Molly Tea 的商标权。就在 2026 年 5 月 6 日，被告还在 Instagram 账号 @mollyteany 上宣传和推广哥伦比亚门店。截至本起诉书日期，由被告运营的 mollyteany.com 网站仍在正常运行，并允许用户通过该网站"在线下单"购买哥伦比亚门店的商品。

86.    在这些未经授权的社交媒体账号上，被告发布了有关哥伦比亚门店的价格、促销活动和商品信息，而这些信息从未得到原告的审核或批准。例如，哥伦比亚门店的盛大开业宣传活动包括从 2026 年 4 月 17 日至 4 月 19 日期间的"买一送一"促销活动，以及为前 100 名顾客提供价值 24.99 美元的"茉莉针王茶礼盒"的促销活动。其他未经授权的促销活动还包括 12% 的折扣优惠和为购买两杯饮品的顾客提供的免费磁贴，所有这些促销活动都是通过未经授权的社交媒体宣传活动进行推广的，旨在吸引网红关注。这些行为均未得到原告的授权，且与原告遵循的定价和促销标准不符，而这些标准也是运营中的数千家 Molly Tea 门店所遵循的。

87.    此外，这些行为直接违反了品牌许可协议，该协议明确要求所有定价、促销和营销活动均须事先获得原告的书面批准。品牌许可协议第 7.8 条规定："产品的销售价格由甲方根据其门店的价格并结合当地市场情况来确定。乙方不得自行擅自调整此类价格。"哥伦比亚门店的定价明显违反了这一规定。

88.    品牌许可协议第 9.4 条强制要求安装监控系统，并禁止将原告排除在监督之外："为加强食品安全标准化管理，乙方同意按照甲方的要求在授权门店安装监控系统，

22

并随时接受甲方的监督。未经甲方事先书面同意，乙方不得关闭监控系统、调整摄像头角度或损坏监控系统；否则，此类行为将被视为严重违反本合同。" 被告完全在原告的监控基础设施之外经营哥伦比亚门店。此外，他们还阻止了原告的监督访问权限，做法是将原告的员工从运营中的微信群组中移除，并拒绝进一步的沟通，这严重违反了品牌许可协议。同样，自 2026 年 4 月 3 日起，合资企业门店也由 MHL 在 Molly Tea 的监督和管理基础设施之外进行运营。

## G.  被告的非系统销售点和供应链分流

89.    品牌许可协议和股东协议要求所有授权的 Molly Tea 门店使用指定的 POS 系统。品牌许可协议第 10 条明确规定，门店"应根据[许可方]的要求和标准使用 POS 系统"。指定的系统允许原告访问门店信息，包括用于计算版税、供应链管理和质量控制的销售数据。

90.    对于每家合资企业门店，Chowbus, Inc.（"**Chowbus**"）与经营合资企业实体就其系统的使用签订了技术协议。Chowbus 是一家第三方餐厅技术公司，其 POS 和支付处理平台能够实现多家门店的统一运营管理。具体而言，POS 系统会将诸如销售情况、菜单、定价和 SKU 数据等交易级别的遥测数据从每家门店直接传输至 Molly Tea 总部。交易级别的遥测数据使 Molly Tea 公司总部能够针对销售报告、品牌合规监测和每个 Molly Tea 品牌门店的收入结算做出决策。

91.    在 2026 年 4 月 17 日哥伦比亚门店开业之前，被告 Liu 擅自与 Toast, Inc 签订合同，在哥伦比亚门店安装并使用 Toast 销售点系统，且未向原告方通报也未获得原告方的批准。Toast POS 系统在哥伦比亚门店盛大开业时已安装，并仍在使用中。

23

92. 通过安装和使用与所有其他授权地点使用的系统不同的 POS 系统，被告阻碍了原告获取销售数据的能力，剥夺了原告对店铺运营情况以及品牌许可协议所要求的其他信息的必要了解权，并且剥夺了原告的版税、供应链和数据权利。

93. 根据品牌许可协议第 8.1 条，"乙方应在不迟于开店前 60 天，按照甲方提供的采购清单或甲方指定的供应商的要求，完成开设店铺所需的基本材料和设备的采购。" 深圳 Molly Tea 与其附属公司 Mollytea Supplychain, LLC 或指定的中间商合作，为授权的 Molly Tea 门店提供材料和设备。

94. 此外，第 8.3 条规定""乙方用于商业用途并构成'Molly Tea 授权识别系统'[CIS] 一部分的所有物品，均应由甲方统一生产。乙方应从甲方处采购所有此类物品，不得私自生产或从任何第三方采购。在特殊情况下，乙方应向甲方提交书面申请，并且只有在甲方事先书面批准的情况下，才可从第三方采购或生产此类物品。" 这种指定供应安排确保了每个带有 Molly Tea 品牌标识的店铺都能获得相同的正宗、质量控制过的产品，并且使原告能够监督以 Molly Tea 商标销售的商品的质量和一致性。

95. 据原告所知，在 2026 年 4 月 17 日哥伦比亚门店开业之前及之后，被告均未向原告指定的供应商下达采购订单。与任何合资企业门店相关的最后一份指定供应商采购订单是在 2026 年 1 月 22 日下达的。因此，在哥伦比亚门店销售的带有 Molly Tea 商标的产品是从合资企业门店的库存中转移出来的，或者是从未经授权的第三方处采购的。无论哪种情况，这都违反了品牌许可协议，并严重降低了 Molly Tea 品牌的质量。

96. 品牌许可协议的第 8.2 条进一步强化了原告对被许可方供应链的控制，规定"乙方应从甲方指定的供应商处采购甲方指定的材料（在单独提供的材料清单中列出，并由甲方不时更新）。" 它还规定"乙方从甲方指定的供应商处或直接从甲方处购买的材

24

料和设备应仅用于为本合同下的店铺提供服务"，并且"除非获得甲方的书面事先同意，否则乙方不得将此类材料或设备出售给任何第三方、在其他任何地点使用或用于任何其他品牌的商品。"乙方亦不得生产或使用替代品，亦不得从除甲方或甲方指定的供应商之外的任何方处采购此类材料或设备。任何违反上述规定的行为均构成本合同的重大违约。"被告在非指定供应链下运营哥伦比亚门店，以及他们将原告提供的材料和设备从合资企业门店转移至哥伦比亚门店的行为，构成了第 8.2 条规定的重大违约。

97.　从未向 Molly Tea CU 或哥伦比亚门店提供过指定供应安排，原告与 Molly Tea CU 之间也从未达成或执行过供应链协议。事实上，在哥伦比亚门店非法使用 Molly Tea 品牌开业之前，原告从未被邀请签订此类协议，因为被告有意在最后一刻才向原告透露开业事宜，以掩盖这一事实。因此，哥伦比亚门店的开业及运营完全脱离了原告方指定的供应链。被告要么（i）从未经授权的第三方处获取非正品，并在未获得原告同意且未进行质量控制的情况下，以 Molly Tea 品牌将其销售给消费者；要么（ii）将产品从合资企业门店转移至哥伦比亚门店使用。无论哪种情况，被告都在剥夺消费者获得正宗、经过质量控制的 Molly Tea 产品的权利，剥夺了原告的供应链利润和版税权利，并损害了 Molly Tea 在全球范围内所建立的品牌形象。

98.　通过在原告指定的供应链之外开设并运营哥伦比亚门店，并使用未经授权的 POS 系统，被告造成了并且仍在继续造成消费者收到假冒或严重不符合标准的 Molly Tea 产品，同时剥夺了双方书面协议旨在保护的原告的版税、供应链和质量控制权利。

## H.　未经授权的长岛城特许经营

99.　2026 年 1 月 13 日左右，以 Molly Tea 的名义开展业务的被告 Genesis Brand Management LLC 茉莉奶白（"**Genesis**"）与位于 28-07 Jackson Avenue, Long Island City,

New York 的美食广场开发运营商 LIC Food Court LLC 签订了一份特许经营协议（"**LIC 特许经营协议**"），用于在 LIC 特许经营点开设一家以 Molly Tea 品牌命名的食品摊位。LIC 特许经营协议规定为期十年，第一年的固定年租金为 194,400 美元，到第五年则升至 227,420.52 美元，按销售额的 10% 计算的百分比租金（以 162,000 美元的基销售额为基准），以及 97,200 美元的保证金。LIC 特许经营协议由被告 Liu 以 Genesis 的总裁身份代表 Genesis 签署。LIC 特许经营协议由被告 Liu、Lin 和 Xu 以其个人名义签署担保协议（即"**LIC 担保协议**"），以及由合资企业实体 Molly Tea NYC 作为公司担保人签署担保协议（即"**LIC 公司担保协议**"）作为担保。LIC 特许经营协议及担保协议的完整准确副本作为**附件 9** 附于此处。原告 Mollytea Shops 在合资企业 Molly Tea NYC 持有 35% 的权益。

100.　被告 Lin 以 Molly Tea NYC 的名义签署了 LIC 公司担保协议，但该行为并未获得该公司实体形式所要求的有效公司授权。该担保协议在 LIC 期限的前 36 个月内是无条件的，此后则转变为"好人"担保，仅限于在交还许可证后 180 天内的租金。

101.　除其他规定外，被告在 LIC 特许经营协议中抵押 Molly Tea NYC 信用的行为违反了章程和 SHA 的以下部分，而每部分都需要包括品牌总监在内的所有董事的一致批准：（i）批准开设或关闭任何店铺（章程第 4.15（b）（c）条）；（ii）发生超过 20,000 美元的债务（章程第 4.15（a）（d）条）；（iii）批准期限超过一年或价值超过 50,000 美元的任何合同（章程第 4.15（b）（f）；以及（iv）明确禁止公司的任何高级职员、代理人或员工"通过任何合同或承诺来约束公司，或抵押其信用，或使其为任何目的或任何金额承担责任，除非获得董事会的明确授权（《章程》第 10.1 条）"。

102.    此外，章程第 4.4 条规定，任何可能损害 Mollytea Shops 在品牌许可协议或章程下的权益的公司行为，均须获得品牌股东的书面事先同意。据所知及所信，不存在针对 LIC 公司担保的董事会授权。品牌总监从未批准过任何有利于 LIC Food Court LLC 的担保，品牌股东也未同意该交易。因此，LIC 公司担保对 Molly Tea NYC 无效且无法执行。

103.    LIC 特许经营并未依据与原告方的任何书面协议获得授权。Genesis 未签署品牌许可协议，也未被批准成为 Molly Tea 店铺（包括在 LIC 特许经营范围内）的授权经营商。

104.    通过 LIC 特许经营协议，被告方向 LIC Food Court LLC 表示，Genesis 与原告方有关联、由原告方赞助或获得原告方授权经营 Molly Tea 品牌的食品摊位。该陈述在已签署协议文本中即可见。LIC 特许经营协议第 1 节将"供应商的商号"定义为"Molly Tea"，并要求 Genesis 仅以该商号进行经营。第 1 节中的"允许用途"条款明确授权 Genesis 按照"高品质美食广场以及纽约市其他 Molly Tea 门店"的标准运营 LIC 特许经营业务，还向 LIC Food Court LLC 虚假宣称 Genesis 在纽约市还有其他以 Molly Tea 为品牌运营的门店。实际上，Genesis 没有从原告处获得任何许可或授权在任何地点使用 Molly Tea 的商标，而且 Genesis 也没有获得授权使用 Molly Tea 品牌的运营门店。茉莉奶白

105.    哥伦比亚门店的非法开张以及 LIC 特许经营协议的非法签署，反映了被告 Lin、Liu 及其关联实体的一种协同行为模式。通过这种模式，被告试图将 Molly Tea 品牌推广到原告的许可和品牌标准之外，并对其进行曲解，同时将原告所建立的商誉、品牌知名度、信用支持和供应链据为己有。

27

**I.    合资门店的非法运营**

106.    合资企业门店是由被告违反股东协议和品牌许可协议而经营的。

107.    具体而言，被告——通过 Lin 和 Liu——致使合资企业实体违反了股东协议和章程，包括但不限于：（i）未获得章程第 4.16 条所要求的品牌总监的批准，在未经授权的 POS 系统下运营合资企业门店，脱离原告指定的供应链，使用未经授权的社交媒体账号和促销活动；（ii）未经章程第 4.15 条规定的全体董事一致批准，擅自与供应商和营销方签订重要协议；（iii）通过诸如将原告人员从合资企业的微信协调群组中移除、拒绝财务报告、拒绝审计和检查访问（违反章程第 4.4 条）等方式，严重损害了 Mollytea Shops 的权利；以及（iv）致使合资企业实体在未获得章程第 10.1 条明确董事会授权的情况下仍被绑定合同和协议。

108.    品牌许可协议第 9.6 条规定："乙方门店应妥善、诚恳且勤勉地处理来自消费者的所有投诉、意见和建议。若消费者权益受到损害，乙方应向消费者道歉，并立即采取补救措施，且不得对此提出任何异议。"

109.    合资企业门店运营不佳导致了 Molly Tea 产品的质量偏离标准，并引发了大量消费者投诉。据原告所知，被告完全无视了这些投诉。

110.    品牌许可协议第 7.11 条规定了收入的记录和报告事宜："乙方承诺按照甲方的规定方式计算每日收入，并将此类数据准确地记录在甲方指定的系统、报告和会计记录中。"并且，"乙方承诺，在每个工作日结束时，应通过甲方指定的 ERP 系统或通过电子邮件向甲方上传每日收入报告和运营数据。" 第 7.11 条还要求乙方"在每月 5 日之前结清前一个月的所有未结清账款，并按照甲方规定的方法和报告格式向甲方提供财务报

28

告"，并且"保留每月财务报告，并随时接受甲方的检查或由甲方指定的第三方会计师事务所进行的审计。"

111.　据所掌握的信息和了解，MHL 既未计算合资企业门店的日营业额，也未按照深圳 Molly Tea 的规定方式进行记录。另外，如果 MHL 已经计算了日营业额，那么这些记录也未按照品牌许可协议中规定的格式提供给原告。MHL 自 2026 年 1 月以来一直未结清所有未付账款，并且自 2026 年 2 月 26 日起未提供财务报告（这些报告涵盖了截至 2026 年 1 月的期间）。MHL 拒绝了深圳 Molly Tea 提出的进行财务审计或检查的所有请求，并且未提供 2026 年 2 月、3 月或 4 月的月度财务报告。据所掌握的信息和了解，MHL 一直保留超出股东协议所规定的应得收入，并将其转移至哥伦比亚门店或 LIC 特许经营，并采取措施掩盖其不当行为。

112.　MHL 还未支付根据品牌许可协议应支付的 15,000 美元品牌使用费、15,000 美元品牌保证金或 2% 的管理费给深圳 Molly Tea 。由于 MHL 未能向深圳 Molly Tea 提供所需的财务报告，因此深圳 Molly Tea 无法准确了解目前拖欠其的未付管理费的具体金额。

**J.　品牌许可协议的终止**

113.　2026 年 5 月 1 日，深圳 Molly Tea 通过书面通知 MHL 正式终止了品牌许可协议，理由是被告方存在上述重大违约行为，包括未经授权开设并运营哥伦比亚门店；未经授权签订 LIC 许可协议并质押合资企业实体 Molly Tea NYC 的企业信用；转移合资企业的库存和资产；使用未经授权的 POS 和供应链系统；运营未经授权的社交媒体账号；将原告排除在合资门店之外；以及未提供所需财务报告或未支付拖欠给深圳 Molly Tea 的品牌使用费、品牌保证金和管理费。该终止令剥夺了 MHL 及其任何附属公司或代理机构（包括 Molly Tea CU 和 Genesis）使用 Molly Tea 商标、商业标识、授权 Molly Tea 系统

29

（包括其操作手册、专有配方和产品规格以及指定的 POS 和供应链基础设施）的任何权利。2026 年 5 月 1 日终止通知的真实准确副本作为**附件 10** 附于本协议。

114.    尽管已终止，但被告方仍拒绝停止运营或停止使用 Molly Tea 商标，并继续以 Molly Tea 的名称、标识、商业外观和品牌系统运营哥伦比亚门店和三家合资企业门店，公然侵犯了原告方的权利，违反了品牌许可协议、股东协议以及 Lanham 法案。

115.    截至本文件提交之日，三家合资企业门店仍在营业，而被告方仍以 Molly Tea 的名义进行运营。事实上，被告方还在社交媒体上将该名称据为己有。具体而言，被告擅自运营并发布了一个名为"mollyteany"的未经许可的 Instagram 账号，该账号公开宣称自己是"Molly Tea 官方"，其公开的个人资料介绍中列出了多个以 Molly Tea 名义运营的地点：法拉盛、布鲁克林区、唐人街、曼哈顿、巴克莱区和哥伦比亚区。此外，被告还掌控着商业网站 mollyteany.com，该网站大量使用 Molly Tea 的名称，并未经原告许可就进行了标注。截至本起诉书日期，mollyteany.com 网站仍是一个功能完备、正常运行的商业网站，其页面上设有"在线下单"按钮，消费者可通过该按钮在三家合资企业门店下单。

116.    在被告方的未经授权行为持续进行的每一天，原告将进一步失去对以 Molly Tea 商标所销售的商品和服务的声誉、商誉和质量的控制，而消费者也将接触到带有 Molly Tea 商标但不符合规格、未经授权的商品和服务。

**K.    对原告造成的不可弥补的伤害**

117.    被告持续未经授权地在哥伦比亚店、未经授权的促销活动中、未经授权的社交媒体账号上、非系统 POS 上以及在原告指定的供应链之外使用 Molly Tea 商标、商业

外观和品牌系统，正在并将继续导致原告失去对以 Molly Tea 商标所销售的商品和服务的声誉、商誉和质量的控制。

118.    原告无法（i）核实哥伦比亚店或 LIC 特许经营（在其运营范围内）所销售的产品是否符合 Molly Tea 的配方、成分规格或质量标准；（ii）无法监管价格或促销环境；（iii）无法获取实施品牌许可协议或股东协议所必需的消费者交易数据；以及（iv）无法确保哥伦比亚门店或 LIC 特许经营的消费者体验与授权的 Molly Tea 门店的消费者体验保持一致。

**第一项指控**
**根据纽约法律违反普通法 – 品牌许可协议 – 针对 MHL 和 Molly Tea CU**

119.    原告重复并重申上述各项指控，如同在此全文列明。

120.    2023 年 12 月 20 日或前后，深圳 Molly Tea 和 MHL 签订了品牌许可协议。

121.    品牌许可协议规定了 MHL 对使用 Molly Tea 品牌的有限许可，并规定了除其他事项外，MHL 应承担以下义务：

    a.  严格按照深圳 Molly Tea 批准的设计规范建造和经营门店；

    b.  仅使用深圳 Molly Tea 指定的供应商、配料和产品规格；

    c.   使用深圳 Molly Tea 强制 POS 系统；

    d.  获得针对定价、促销和营销的事先批准；

    e.  避免操作未经授权的社交媒体帐户；

    f.  仅通过指定的供应渠道采购库存；

    g.  将门店开发限制在批准的地点和数量；以及

    h.  支付所需的品牌使用费、押金和管理费。

31

122.    深圳 Molly Tea 已完全履行其在品牌许可协议下的义务。

123.    如上文所述，Molly Tea CU 是 MHL 的替代实体。

124.    MHL 和 Molly Tea CU 严重违反了品牌许可协议，*尤其是*：未经深圳 Molly Tea 授权或批准，开设并运营哥伦比亚门店，签订 LIC 特许经营合同；使用未经授权的 POS 系统；从指定供应链之外采购商品和库存；运营未经授权的社交媒体和营销渠道；未遵守设计、品牌和运营标准；未提供所需的财务报告以供审计；拒绝就合规事宜与深圳 Molly Tea 进行沟通和合作；以及未支付规定的合同费用。

125.    这些违约行为是重大的，并且触及了品牌许可协议的核心内容，剥夺了深圳 Molly Tea 的合同利益，包括维持品牌完整性、质量控制和系统统一性的能力。

126.    作为 MHL 和 Molly Tea CU 违约行为的直接和最接近的结果，深圳 Molly Tea 遭受了损失，具体金额将在庭审中确定，且该损失数额将超过五百万美元，包括但不限于对品牌声誉的损害、合同收入的损失以及商标权的损害。

**第二项指控**
**纽约法律下的普通法违约 - 股东协议 - 针对 MHL**

127.    原告重复并重申上述各项指控，如同在此全文列明。

128.    Mollytea Shops、MHL 和名义被告签订了股东协议。

129.    除其他事项外，股东协议还要求 MHL 和名义被告经营实体：

　　a.    遵守品牌许可协议；

　　b.    遵守 Molly Tea 制定的品牌和运营标准；

　　c.    利用指定的系统、供应商和流程；以及

　　d.    其运营须接受（即 Mollytea Shops）的监督和批准权约束。

32

130.  原告履行其在股东协议项下的所有义务。

131.  MHL 违反了股东协议，包括：

   a.  拒绝遵守品牌和运营标准；

   b.  将 Mollytea Shops 排除在运营沟通和治理流程之外；

   c.  未能提供财务透明度和必要的报告；以及

   d.  将资源和机会从合资企业实体处转移走。

132.  这些违约行为构成了对股东协议的重大违反，并破坏了各方所达成的合资企业结构。

133.  因此，Mollytea Shops 单独以及代表 Mollytea Shops 提起诉讼的名义被告（Mollytea Shops 也以他们的名义提起诉讼）都遭受了损失，损失金额将在庭审中确定，且这些损失或将在五百万美元以上。

<u>第三项指控</u><br>
<strong>纽约法律下的普通法转换 – 由所有原告直接提出，以及 Mollytea Shops 代表合资企业实体以派生方式提出 - 针对所有被告</strong>

134.  原告重复并重申上述各项指控，如同在此全文列明。

135.  在所有相关时间点，Mollytea Shops 和名义被告都拥有 Molly Tea 库存和产品的占有权和所有权，包括茶基、风味浓缩物、专有配方、包装、营销材料以及其他带有 Molly Tea 商标和商标标识的材料，这些材料在合资企业门店中是根据合同授权使用的。

136.  据所掌握的信息和所了解的情况，被告未经授权擅自对上述物品行使了支配和控制权，非法占有 Molly Tea 的库存和产品，以便将其从合资企业门店转移到哥伦比亚

门店或他们自己手中。据所掌握的信息和所了解的情况，被告在与哥伦比亚门店和合资企业门店相关的业务中，使用、消费、转移或以其他方式行使了原告提供的库存和 Molly Tea 品牌材料的支配权，而这一切均违反了品牌许可协议的要求，且未经原告的同意。

137. 自 2026 年 5 月 1 日品牌许可协议终止之日起，被告继续未经授权在哥伦比亚门店、LIC 特许经营和三家合资企业门店使用原告提供的库存和 Molly Tea 品牌材料。这构成了对原告财产的持续侵占。

138. 就 MHL 最初合法取得占有权而言，Mollytea Shops 已要求归还上述财产，而 MHL 拒绝归还。

139. 因此，Mollytea Shops 和深圳 Molly Tea 分别以及名义被告（Mollytea Shops 也代表其提起诉讼）遭受的损害赔偿金额将在审判中确定，包括财产价值和相应的损害赔偿。

140. MHL 的行为是故意的、蓄意的，并且是明知故犯，严重侵犯了 Mollytea Shops 和名义被告的权利，因此他们有权获得惩罚性赔偿。

<u>第四项指控</u>
**Lanham 法案第 43（a）条，15 U.S.C. § 1125（a）下的不公平竞争 - 针对所有被告**

141. 原告重复并重申上述各项指控，如同在此全文列明。

142. 原告拥有 Molly Tea 商标的权利，包括但不限于注册标志，以及与授权 Molly Tea 门店相关的固有独特和/或获得性独特商业外观、门店设计系统和 CIS。

143. 被告使用 Molly Tea 商标名称（包括其商标名称、标识、店面设计、菜单展示、包装、社交媒体品牌推广和广告）等手段运营哥伦比亚门店和 LIC 特许经营（若其业务有所开展的话），这构成了虚假的产地标识以及对事实的虚假或误导性陈述，很可能

34

会导致消费者对被告与原告之间的关联、联系或合作关系产生误解、错误或欺骗，或者导致消费者对被告的商品、服务或商业活动的来源、赞助或认可产生误解、错误或欺骗。

144. 2026 年 5 月 1 日，原告深圳 Molly Tea 终止了品牌许可协议，从而消除了 MHL 及其替身实体和关联方使用 Molly Tea 商标、商标设计、企业识别系统以及 Molly Tea 授权系统的权利。

145. 被告继续以 Molly Tea 这一品牌名称、标志、商标标识、店铺设计体系以及品牌形象运营这三家合资企业门店，同样也是未经授权的，这构成了 15 U.S.C. § 1125(a) 下对原产地的虚假标识以及对事实的虚假或误导性陈述，极有可能导致消费者对被告与原告之间的关联、联系或合作关系产生混淆、误解或欺骗，以及对原告对被告商品、服务和商业活动的赞助或认可产生误解。

146. 在哥伦比亚门店、合资门店和 LIC 特许经营以 Molly Tea 品牌名称继续营业的每一天，那些将 Molly Tea 商标与不符合标准、未经授权的产品以及不符合标准的零售环境联系起来的消费者群体都会扩大，从而侵蚀了原告方独家商标权旨在保护的品牌声誉。

147. 被告滥用了 Molly Tea 商标，包括其商业外观、店铺设计系统、配方、专有技术、供应链和培训材料。

148. 被告持续使用 Molly Tea 商标的行为已经在消费者（包括现有和潜在消费者）的心中造成了混淆和误认，并使他们误以为哥伦比亚门店是 Molly Tea 系统的组成部分，误以为其产品是原告方或 Molly Tea 系统的产物，并认为这些产品是 Molly Tea 的授权经销商/加盟商。

149. 被告将 Molly Tea 商标用于其商品构成了 Lanham 法案规定的不公平竞争。

150.　被告方故意试图利用原告方和 Molly Tea 系统的商誉来销售其商品并进行广告宣传，将其商品标榜为 Molly Tea 的官方商品。

151.　被告的行为构成了对美国消费大众的欺诈和欺骗行为。

152.　被告的行为已经导致并将继续导致 Molly Tea 商誉的丧失，并且已经并将继续给原告方造成无法弥补的损害。

153.　原告在法律上得不到充分的救济。原告所遭受的伤害是持续性的、无法弥补的，并且仅靠金钱赔偿无法得到充分补偿。只有采取强制性救济措施，包括立即关闭哥伦比亚门店、合资门店以及 LIC 特许经营，并禁止被告在这些门店中使用 Molly Tea 商标，才能防止进一步的损害。

154.　被告的行为已经并可能继续对公众和原告造成重大伤害，原告有权根据 15 U.S.C. §§ 1116、1117 和 1125（a）获得禁令救济，并追讨被告的利润、实际损害、利润和损害增加、费用以及合理的律师费。

<u>第五项指控</u>
**根据 Lanham 法案第 32（a）条，15 U.S.C. § 1114 的商标侵权和不公平竞争 – 针对所有被告**

155.　原告重复并重申上述各项指控，如同在此全文列明。

156.　深圳 Molly Tea 是 Molly Tea 文字商标和设计（包括注册商标）的有效、存续和联邦注册商标的所有者，每个商标构成注册商标有效性、深圳 Molly Tea 对其所有权以及深圳 Molly Tea 在商业中使用注册商标的专有权利的*初步*证据。

157.　被告未经原告同意，就在商业活动中使用并继续使用了注册商标的复制品、副本和看似相似的仿制品，这些商标用于在哥伦比亚门店和 LIC 特许经营的销售、出

36

售、分发和广告活动中，同时还在未经授权的社交媒体账号、系统外销售点以及未经授权的促销活动中使用，其行为极有可能造成混淆、误解或欺骗。

158. 自 2026 年 5 月 1 日起，在深圳 Molly Tea 终止品牌许可协议后，被告不再持有任何来自原告的许可、转许可、特许经营权或其他同意或授权，以使用注册商标。因此，自该日期起，被告在三家合资门店中继续在商业活动中使用注册商标同样未经原告同意，这构成了对注册商标的另一项持续侵权行为，违反了 15 U.S.C. § 1114。

159. 被告实施了此类行为，深知原告对注册商标所享有的权利，并且其目的是造成混淆、误解或欺骗。

160. 被告的行为已经并将继续给原告以及由注册商标所象征的商誉和声誉造成无法弥补的损害，而原告在法律上对此并无有效的救济手段。根据 15 U.S.C. §§ 1114、1116 和 1117，原告有权获得禁令救济，并要求被告赔偿利润、实际损失、增加的利润和损害赔偿、费用以及合理的律师费。

<u>第六项指控</u>
**纽约法律下的普通法不公平竞争 – 针对所有被告**

161. 原告重复并重申上述各项指控，如同在此全文列明。

162. Molly Tea 商标在整个纽约市都市区、纽约州以及更广泛的美国范围内为消费者所熟知和认可，原告对 Molly Tea 商标享有的权利也享有保护。

163. 通过将 Molly Tea 品牌系统（包括 Molly Tea 商标、CIS 和授权系统，包括 Molly Tea 的专有配方、指定供应链和 Molly Tea 名称）纳入哥伦比亚门店和 LIC 特许权，包括在其外观、产品和广告中，被告未经许可且擅自利用了原告多年来为 Molly Tea 品牌所积累的声誉、商誉及商业信誉。

37

164. 自 2026 年 5 月 1 日起，被告继续以 Molly Tea 名称、标识、外观设计及品牌体系运营三家合资店的行为完全属于未经授权之举，且根据纽约法律，这也构成了普通法上的不正当竞争，因为被告在未获得原告许可或授权的情况下，仍在利用原告在 Molly Tea 品牌方面的声誉、认可度和商业信誉来开展商业活动。

165. 被告在哥伦比亚门店、合资门店和 LIC 特许经营中使用 Molly Tea 品牌的行为是故意的，其目的是并确实导致了对被告在哥伦比亚门店、合资门店和 LIC 特许经营的商业活动的赞助或认可的混淆、误解或欺骗，而且这种混淆、误解或欺骗还将持续存在，使得实际和潜在的消费者及其他人士很可能会错误地认为，原告方资助、批准或授权了被告方在哥伦比亚门店、合资门店和 LIC 特许经营的商业活动，或者以某种其他方式与被告方在哥伦比亚门店、合资门店和 LIC 特许经营的商业活动存在关联，这一切都给原告方造成了无法弥补的损害和伤害。

166. 由于对于被告方行为的赞助或批准存在混淆，与原告方及 Molly Tea 商标相关的宝贵商誉和商业声誉完全处于被告方的掌控之下。

167. 被告恶意从事了这种非法行为，证据是被告在以下情况下开设并继续经营哥伦比亚门店：（a）从未就 Molly Tea 商标的使用获得原告的授权或批准；（b）否认被告在品牌许可协议和股东协议下的义务；（c）声称终止合资企业，拒绝履行现有的 Brooklyn Nets 赞助义务，并放弃双方预期的美国公司路径；（d）无视原告多次要求使其关系合规的要求；（e）从用于管理合资企业的通信平台中移除原告人员。

168. 本案所诉被告的行为构成普通法上的不正当竞争，违反了纽约州法律。

38

169.　被告的非法行为已对原告造成了无法弥补的损害，并将继续造成损害，给原告带来了巨大损失，具体金额将在庭审中确定，且将超过五百万美元。被告的行为是故意的、蓄意的，并且是出于恶意而实施的，这使得原告有权要求惩罚性赔偿。

第七项指控
纽约法律下的普通法商标侵权 – 针对所有被告

170.　原告重复并重申上述各项指控，如同在此全文列明。

171.　通过其大量的、持续的以及排他的商业使用、广告宣传和推广 Molly Tea 商标，原告在纽约州已经形成了并拥有有效的且可保护的 Molly Tea 商标的专有权，这些商标在消费者心中已完全与原告及授权的 Molly Tea 系统紧密关联。

172.　被告未经授权使用 Molly Tea 商标，包括在哥伦比亚门店和 LIC 特许经营的商号、店面设计、产品、包装、社交媒体存在以及广告中使用，很可能会导致、已经导致并且正在导致消费者对被告商品和服务的来源、赞助、关联或认可产生混淆、误解或欺骗。

173.　自 2026 年 5 月 1 日起，被告继续在三家合资门店使用 Molly Tea 商标，同样很可能会、已经也正在导致消费者公众产生混淆、误解或欺骗，同样构成了根据纽约州普通法的商标侵权行为。

174.　被告的行为构成了纽约州普通法下的商标侵权行为，并且是故意为之，他们明知原告的权利，且意图利用 Molly Tea 商标所关联的商誉和声誉进行商业交易。

175.　原告在法律上得不到充分的救济。

39

176.    被告的行为已经给原告造成了不可弥补的损害，并且将继续造成损害，原告有权获得禁令救济和损害赔偿，赔偿金额将在庭审中确定，超过五百万美元，此外还有因被告的故意和恶意行为而产生的惩罚性赔偿。

第八项指控

**N.Y. Gen. Bus. L. § 360-l 下的商标淡化和对商业声誉的损害 – 针对所有被告**

177.    原告重复并重申上述各项指控，如同在此全文列明。

178.    Molly Tea 商标（包括 Molly Tea 的商标和商业外观）在整个纽约市都市区、纽约州以及更广泛的美国范围内为消费者所熟知和认可，因此，原告对 Molly Tea 商标享有的权利也享有保护。

179.    通过将 CIS 的部分内容融入哥伦比亚门店，包括 Molly Tea 的外观、产品和广告，被告错误且未经授权地擅自利用了原告多年来因自身品牌名称而积累起来的知名度、商誉和商业声誉。

180.    被告在哥伦比亚门店的商号、外观、产品和广告中使用 Molly Tea 是故意的，其目的是并确实导致了对被告在哥伦比亚门店的商业活动的赞助或认可的混淆、误解或欺骗，而且这种混淆、误解或欺骗还将持续存在，使得实际和潜在的消费者及其他人士很可能会错误地认为，原告方资助、批准或授权了被告方在哥伦比亚门店的商业活动，或者以某种其他方式与被告方在哥伦比亚门店的商业活动存在关联，这一切都给原告方造成了无法弥补的损害和伤害。

181.    由于对于被告方行为的赞助或批准存在混淆，与原告方及 Molly Tea 商标相关的宝贵商誉和商业声誉完全处于被告方的掌控之下。

40

182.  Molly Tea 商标本身具有独特的标识性，并且由于原告长期、持续、独家且广泛地使用、宣传和推广这些商标，Molly Tea 商标已在纽约州及纽约市都市区的消费者中获得了独特的辨识度和广泛认可。

183.  被告在哥伦比亚门店和 LIC 特许经营、未经授权的社交媒体账号、非系统 POS 以及超出原告指定供应链范围的地方擅自使用 Molly Tea 商标，导致并正在继续导致 Molly Tea 商标独特品质的淡化，模糊了 Molly Tea 商标与原告作为授权 Molly Tea 商品和服务的唯一来源之间的独特关联。

184.  自 2026 年 5 月 1 日起，被告在三家合资门店继续使用 Molly Tea 商标，而此时已没有原告的任何许可或其他授权，且是在深圳 Molly Tea 终止品牌许可协议之后，这也进一步淡化了 Molly Tea 商标的独特品质，并损害了原告的商业声誉，这同样违反了 N.Y. Gen. Bus. Law § 360-l 条规定，其中合资企业门店的运营缺乏原告的质量控制、监督、供应链管理以及财务透明度。

185.  被告未经授权使用 Molly Tea 商标，进一步并持续对原告的商业声誉以及 Molly Tea 商标造成了损害，因为被告在经营哥伦比亚门店和 LIC 特许经营时所采用的方式与原告的配方、原料规格、质量标准、价格控制或消费者体验标准不符，致使消费者群体接触到带有 Molly Tea 商标但不符合标准、未经授权的商品和服务。

186.  此处所投诉的被告的行为构成了商标淡化以及对商业声誉的损害，违反了 N.Y. Gen. Bus. Law § 360-l，这原告有权获得禁令救济，并鉴于被告有意利用原告的声誉进行交易，还需赔偿损失以及法院认为适当的其他救济措施。

41

187. 被告的非法行为已对原告造成了无法弥补的损害，并将继续造成损害，给原告带来了巨大损失，具体金额将在庭审中确定，且将超过五百万美元。被告的行为是故意的、蓄意的，并且是出于恶意而实施的，这使得原告有权要求惩罚性赔偿。

**第九项指控**

**N.Y. Gen. Bus. L. § 349 下的不公平竞争和欺骗性贸易行为 – 针对所有被告**

188. 原告重复并重申上述各项指控，如同在此全文列明。

189. 被告使用 Molly Tea 商标名称（包括其商标名称、标识、店面设计、菜单展示、包装、社交媒体品牌推广和广告）等手段运营哥伦比亚门店和 LIC 特许经营，这构成了虚假的产地标识以及对事实的虚假或误导性陈述，很可能会导致消费者对被告与原告之间的关联、联系或合作关系产生误解、误认或欺骗，或者导致消费者对被告的商品、服务或商业活动的来源、赞助或认可产生误解、误认或欺骗。

190. 自 2026 年 5 月 1 日起，即便在深圳市 Molly Tea 终止品牌许可协议之后，被告仍以 Molly Tea 这一品牌标识继续运营这三家合资门店，且未获得原告方的任何许可或授权，这种行为同样构成了消费者导向的不公平、欺骗性和误导性行为，违反了 N.Y. Gen. Bus. Law § 349，因为消费者会被误导以为在这些合资店销售的产品是经过认证、质量控制的 Molly Tea 产品，并且是在原告方监督下生产的和销售的，但实际上并非如此。

191. 被告的行为是针对消费者的，构成了对纽约州和美国消费大众的欺诈和欺骗行为。

192. 在哥伦比亚门店、合资门店和 LIC 特许经营以 Molly Tea 品牌名称继续营业的每一天，那些将 Molly Tea 商标与不符合标准、未经授权的产品以及不符合标准的零售

环境联系起来的消费者群体都会扩大，从而侵蚀了原告方独家商标权旨在保护的品牌声誉。

193. 被告的非法行为已对原告造成了无法弥补的损害，并将继续造成损害，给原告带来了巨大损失，具体金额将在庭审中确定，且将超过五百万美元。被告的行为是故意的、蓄意的，并且是出于恶意而实施的，这使得原告有权要求惩罚性赔偿。

第十项指控
**违反纽约法律下的信义义务 - 直接 - 针对 Lin 和 Liu**

194. 原告重复并重申上述各项指控，如同在此全文列明。

195. 被告 Liu 作为各合资企业实体的董事，对这些合资企业实体以及每一位股东（包括作为品牌股东的 Mollytea Shops）负有忠诚、谨慎和诚信的义务。

196. 被告 Lin 作为各合资企业实体的总裁，对这些合资企业实体以及对作为品牌股东的 Mollytea Shops 负有忠诚、谨慎和诚信的义务。

197. Lin 和 Liu 违反了对 Mollytea Shops 的这些职责，其中包括：（a）窃取属于合资企业的商业机会，将哥伦比亚门店改由 Molly Tea CU 运营，该实体由被告全权拥有并控制，且不在 35%/65% 的品牌股东/投资者股东结构内；（b）在未获得章程第 4.4、4.15 和 10.1 条所要求的全体董事批准，且未获得品牌总监同意的情况下，将合资企业实体 Molly Tea NYC 作为 LIC 许可协议的公司担保人进行质押；（c）致使 Molly Tea NYC 放弃与布鲁克林篮网队的赞助协议，放弃剩余的 250,000 美元未支付款项，并使合资企业实体面临严重的合同违约责任和声誉损害；（d）将合资企业的库存、物资和运营资产转移至 Molly Tea CU、哥伦比亚门店、Genesis 以及 LIC 特许经营；（e）将 Mollytea Shops 的代表从合资企业的微信协调群组中移除，并拒绝就合资企业的运营、治理、财务和品牌

43

合规事宜与 Mollytea Shops 进行沟通；（f）拒绝提供必要的财务报告，并拒绝允许原告根据股东协议和品牌许可协议进行审计和检查；（g）在 2026 年 4 月 3 日之后继续经营合资企业的门店，公然违背原告要求在合规审查通过之前暂停运营的合法指令；以及（h）在 2026 年 5 月 1 日之后继续运营合资企业门店，却在没有任何使用 Molly Tea 品牌名称、标识、CIS 或 Molly Tea 授权系统的许可或授权的情况下继续使用这些名称和标识，从而使合资企业实体面临直接的商标侵权和不正当竞争责任。

198.    在实施上述违约行为时，Lin 和 Liu 是出于恶意且为了自身利益行事，与作为品牌股东的 Mollytea Shops 的利益相冲突，并且明知且故意无视品牌股东保护措施、品牌董事同意权以及股东协议和章程中规定的全体一致通过要求。

199.    作为直接和最接近的结果，Mollytea Shops 遭受了损失，损失金额将在庭审中确定，包括失去在哥伦比亚门店中 35% 的品牌股东份额、合资企业参与度的削弱、品牌控制权的丧失以及相应的损害，超过五百万美元。Lin 和 Liu 的行为是故意的、有意的、恶意的，这使 Mollytea Shops 有权获得惩罚性赔偿。

## 第十一项指控
**违反纽约法律下的信义义务 – 由 Mollytea Shops 代表合资企业实体衍生 - 针对 Lin 和 Liu**

200.    原告重复并重申上述各项指控，如同在此全文列明。

201.    Mollytea Shops 以其作为各合资企业实体 35% 股东的身份，代表合资企业实体提起本项衍生诉讼。

202.    对各合资企业实体董事会的起诉要求被判定为徒劳无益。Lin 和 Liu 以及他们的关联投资者股东 MHL 实际上控制着各合资企业实体，而正是这些人是合资企业要求起诉的对象。如上所述，Lin 和 Liu 已将 Mollytea Shops 排除在合资企业的治理之外，拒绝与 Mollytea Shops 或其代表 Zhang 先生就合资企业事宜进行沟通，将 Mollytea Shops 的

44

人员从合资企业的协调平台驱逐出去，并出于自身利益而非合资企业实体利益行事。Lin 和 Liu 无法客观地考虑对自身提起诉讼的要求。

203. 作为合资企业实体的董事和管理人员，Lin 和 Liu 对各合资企业实体负有忠诚、谨慎和诚信的义务。

204. Lin 和 Liu 违反了这些对合资企业实体的职责，其中包括：（a）未经合法授权，擅自将 Molly Tea NYC 作为担保方加入"LIC 特许经营协议"，使其承担长达十年、数百万美元的担保义务，而该义务对该公司毫无益处；（b）致使 Molly Tea NYC 拒绝履行"布鲁克林网队赞助协议"，使其面临因 250,000 美元未付款项而构成的重大违约责任，并失去该高知名度赞助所带来的良好声誉和品牌关联价值；（c）将合资企业的库存、物资和运营资产转移至 Molly Tea CU 和 Genesis 用于未经授权的哥伦比亚门店和 LIC 特许经营，或个人挪用这些资产，从而剥夺了合资企业实体的这些资产；（d）在原告指定的 POS、供应链和质量控制基础设施之外运营合资企业门店，违反了《品牌许可协议》，从而使合资企业面临品牌许可权被终止的风险，而这些许可权对于其合法持续运营至关重要；以及（e）在 2026 年 5 月 1 日之后继续运营合资企业门店，但此时却没有任何使用 Molly Tea 品牌名称、标识或品牌体系的许可或授权，这使得合资企业实体面临原告提出的直接商标侵权和不正当竞争的指控。

205. 作为直接且近因的结果，合资企业实体遭受了损害，包括但不限于：（i）因拒绝布鲁克林篮网队赞助协议而产生的违约责任和其他损害，包括 250,000 美元的未付余额；（ii）LIC 特许协议项下的或有和持续担保义务；（iii）丧失合法经营所需的品牌许可权利；（iv）因被告转移到其他地点的库存和运营资产损失；以及（v）暴露于原告

45

在审判中提出的直接商标侵权、不公平竞争和稀释索赔，金额超过五百万美元。被告的行为是故意、蓄意和恶意的，使合资企业实体有权获得惩罚性损害赔偿。

**第十二项指控**
**28 U.S.C. § 2201 下的宣告性判决 – 针对所有被告**

206.    原告重复并重申上述各项指控，如同在此全文列明。

207.    原告和被告之间就以下方面存在实际的、合理的争议，包括但不限于：（i）LIC 公司担保对 Molly Tea NYC 的有效性和约束力；（ii）深圳 Molly Tea 于 2026 年 5 月 1 日终止品牌许可协议的有效性和效力；以及（iii）在终止协议后，被告在哥伦比亚门店、LIC 特许经营和三家合资企业门店使用 Molly Tea 商标、商业外观、CIS 和授权系统的权利（如有）。

208.    根据 28 U.S.C. § 2201，原告有权作出以下宣告性判决：（a）LIC 企业保证对 Molly Tea NYC 无效且不可强制执行，因为 Lin 在签署该协议时未获得章程第 4.4、4.15 和 10.1 条所规定的全体董事一致批准，未获得品牌总监的同意，也未获得任何有效的董事会授权；（b）品牌许可协议由深圳 Molly Tea 于 2026 年 5 月 1 日有效终止；（c）由于该终止，MHL、Molly Tea CU、Genesis 及其任何替身和关联方，以及各位被告，均无权在任何地点（包括哥伦比亚门店、LIC 特许经营和三家合资企业门店）使用 Molly Tea 商标、商业外观、CIS、操作手册、专有配方、指定供应链或品牌系统的许可、再许可、转授、特许经营权、同意或其他权限；并且（d）自 2026 年 5 月 1 日起，被告继续在上述任何地点使用 Molly Tea 商标、商业外观设计和授权系统是未经授权且违法的。

209.    必须声明这些权利和义务，以解决双方的争议，并为本文要求的禁令和其他救济提供依据。

**需要陪审团审理**

210.　根据 Fed. R. Civ. P. 38（b），原告恳请陪审团在这项诉讼中对所有问题进行审判。

**救济请求**

因此，原告恳请作出如下判决：

A.　被告（包括其所有子公司、关联方、代理人、高级职员、董事、员工、代表、继承人、受让人、律师，以及代表被告、与被告、由被告、通过被告或受其授权、或与被告一致或参与被告以及其中的每一人）均被初步和永久禁止：

　　a. 使用 Molly Tea 商标或任何其他 Molly Tea 商品名、商标或商业外观；

　　b. 运营 Molly Tea 社交媒体帐户和/或声称是 Molly Tea 官方网站的网站；

　　c. 实现转让或转移、形成新实体或协会，或利用任何其他手段规避或以其他方式避免禁令指令；

　　d. 被告应被命令在三十（30）天内向法院提交经核实的报告，其中列明被告为遵守禁令而采取的所有行动以及采取此类行动的日期；

B.　被告（包括其子公司、关联方、高级职员、董事、员工、代理人和与他们所有人一致行事的所有其他人）被初步和永久禁止以 Molly Tea 的名称、标志、商业外观或品牌经营哥伦比亚门店、LIC 特许店和合资企业门店；

C.　　被告提供一份详尽且经核实的账目，涵盖本案所涉的所有资金和交易；

D.　法院作出宣告性判决，认为（i）LIC 公司担保对 Molly Tea NYC 无效且不可强制执行；（ii）品牌许可协议于 2026 年 5 月 1 日被深圳 Molly Tea 有效终止；以及（iii）被告及其代理机构替身和关联方没有使用 Molly Tea 商标、商业外观、CIS 或

47

Molly Tea 授权系统的许可或其他权限，包括任何地点的运营手册、专有食谱和指定供应

链，包括哥伦比亚门店、LIC 特许店和三家合资企业门店；

E.    请判令原告获得补偿性和后果性损害赔偿金，金额将在审判时确定；

F.    请判令原告依据 Lanham 法案所提出的诉讼请求而获得三倍赔偿；

G.    请判令原告获得惩罚性赔偿；

H.    请责令被告支付原告在此案中产生的费用，包括但不限于合理的律师费；以

及

I.    请判令原告获得判决前及判决后的利息；以及

J.    请判令原告获得法院认为合理且适当的其他相关救济措施。

日期：纽约州，纽约市
　　　2026 年 5 月 13 日


　　　　　　　　　　　　　　　　签字人：　　　*/s/ Lee Bergstein*　　　　　
　　　　　　　　　　　　　　　　Lee Bergstein
　　　　　　　　　　　　　　　　Bradley P. Pollina
　　　　　　　　　　　　　　　　Joseph M. DiPietro
　　　　　　　　　　　　　　　　BERGSTEIN FLYNN KNOWLTON & POLLINA
　　　　　　　　　　　　　　　　PLLC

　　　　　　　　　　　　　　　　780 Third Avenue, Suite 902
　　　　　　　　　　　　　　　　New York, New York 10017
　　　　　　　　　　　　　　　　lee@bfklawoffice.com
　　　　　　　　　　　　　　　　brad@bfklawoffice.com
　　　　　　　　　　　　　　　　joseph@bfklawoffice.com
　　　　　　　　　　　　　　　　电话：212-803-9025

　　　　　　　　　　　　　　　　*原告律师*

48

验证

本人 Biao Zhang 根据 28 U.S.C. § 1746 声明如下：

1.　　我的母语是普通话，我能阅读简体中文。包括本验证在内的上述经核实的起诉状最初是用英文起草的，并已翻译成简体中文。我已阅读经核实的起诉状的简体中文翻译，包括本验证，并理解其内容。该简体中文译文的真实准确副本以及译文准确性证书作为**证据 11** 附于本协议。

2.　　我年满 18 岁。

3.　　本人是原告 Shenzhen Molly Tea Food and Beverage Management Co., Ltd. 的负责人、原告 MollyTea Shops LLC 的经理和原告 Molly Tea Holding Inc. 的董事。我已获得每位原告的授权进行此项确认。

4.　　原告 MollyTea Shops LLC 始终是与本已核实起诉书所载指控相关的名义被告 Molly Tea NYC Inc.、Molly Tea BK Inc. 和 Molly Tea Manhattan Chinatown Inc. 的股东。

5.　　本次诉讼并非串谋行为，不会赋予法院原本不具备的管辖权。

6.　　原告多次试图使名义被告遵守本诉状所寻求的如上所述的救济，其中包括，2026 年 4 月 2 日通知指示被告停止经营合资企业实体，2026 年 5 月 1 日通知被告品牌许可协议已终止，终止被告使用 Molly Tea 商标的权利。

7.　　在任何情况下，原告 MollyTea Shops LLC 对名义被告的董事或股东提出要求应因徒劳而予以免除，因为每个名义被告均由被告 Mei Hui Lin 和 Xiaozhe Liu（又名 Ziaozhe Liu）控制，而他们无法在无利害关系的情况下考虑要求对其自身提起诉讼，以追究其违反对名义被告所负信托义务的行为。

8.　　至于我个人所知的指控，我相信这些都是真的。

49

9.    关于我个人不了解的指控，我认为根据我对原告引用的文件和通信的审查，这些指控都是真实的。

10.    本人声明，根据美利坚合众国法律，上述内容真实无误，否则愿受到伪证罪处罚。

2026 年 5 月 13 日在中华人民共和国深圳签署

_____
Biao Zhang

50