**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

SHENZHEN MOLLY TEA FOOD AND
BEVERAGE MANAGEMENT CO., LTD.,
MOLLYTEA SHOPS LLC, and MOLLY TEA
HOLDING INC.

          Plaintiffs,

          -and-

MOLLYTEA SHOPS LLC, derivatively on behalf of
MOLLY TEA NYC INC., MOLLY TEA BK INC.,
and MOLLY TEA MANHATTAN CHINATOWN
INC.,

          Plaintiff,

          -against-

MHL NY LLC, MOLLY TEA CU LLC, GENESIS
BRAND MANAGEMENT LLC, MEI HUI LIN,
XIAOZHE LIU a/k/a ZIAOZHE LIU, and BINBIN
XU,

          Defendants,

          -and-

MOLLY TEA NYC INC., MOLLY TEA BK INC.,
and MOLLY TEA MANHATTAN CHINATOWN
INC.,

          Nominal Defendants.

|   |
|---|
| 1:26-cv-04051 |
| **DECLARATION OF**<br>**LEE BERGSTEIN, ESQ.** |

---

    I, Lee Bergstein, Esq., an attorney duly admitted to practice law before this Court and the

Courts of the State of New York, declare as follows, pursuant to 28 U.S.C. § 1746:

1. I am a partner at Bergstein Flynn Knowlton & Pollina PLLC, attorneys for Plaintiffs Shenzhen Molly Tea Food and Beverage Management Co., Ltd., Mollytea Shops LLC, and Molly Tea Holding Inc. and for Mollytea Shops LLC in its derivative capacity on behalf of Nominal Defendants Molly Tea NYC Inc., Molly Tea BK Inc., and Molly Tea Manhattan Chinatown Inc. (collectively, "**Plaintiffs**").

2. I am over 18 years of age.

3. I respectfully submit this declaration in support of Plaintiffs' motion, by order to show cause, for a temporary restraining order and preliminary injunction. I have knowledge of the facts and circumstances stated herein.

4. On May 15, 2026, Plaintiffs filed a Verified Complaint with Jury Demand in the instant action, seeking, *inter alia*, a preliminary and permanent injunction against Defendants.

5. On May 15, 2026 at 12:49 p.m., I sent an e-mail to Yimin Chen, Esq. of the Law Offices of Chen & Associates, P.C., counsel for Defendant MHL NY LLC ("**MHL**") in the currently pending Queens County Supreme Court litigation (Index Number 711066/2026), forwarding the Verified Complaint, demanding that "Defendants immediately cease utilizing the Molly Tea Marks and Molly Tea systems, including at the Columbia Store, the Joint Venture Stores, and the Long Island City Concession (as defined in the Verified Complaint)," and notifying Ms. Chen that if Defendants failed to cease, the undersigned would seek a temporary restraining order and preliminary injunction from this Court on or after May 18, 2026 at 9:30 a.m. A true and accurate copy of the aforementioned May 15, 2026 e-mail is annexed hereto as **Exhibit 1**.

6. Neither Ms. Chen nor Defendants responded to the aforementioned e-mail and, upon information and belief, as of this submission, Defendants have not ceased utilizing the Molly

2

Tea Marks and Molly Tea systems, including at the Columbia Store, the Joint Venture Stores, and the Long Island City Concession.

7.      Based upon the Verified Complaint, with exhibits annexed thereto, and the accompanying memorandum of law, a temporary restraining order and preliminary injunction are necessary and appropriate because Plaintiffs have suffered, are currently suffering and, absent the issuance of injunctive relief, will continue to suffer irreparable harm that is incapable of being adequately compensated by money damages alone, in the form of Defendants' unauthorized use of the Molly Tea Marks, which is causing Plaintiffs to lose control over the reputation, goodwill, and quality of goods and services sold under those marks.

8.      While good-faith efforts were made to notify all Defendants of Plaintiffs' intention to make the instant application for a temporary restraining order and preliminary injunction in advance of filing, via the aforementioned e-mail to Ms. Chen on May 15, 2026, to the extent Defendants other than MHL were not given advance notice through that communication: (a) Defendants Lin and Liu are the operational principals of MHL and, upon information and belief, control Molly Tea CU LLC and Genesis Brand Management LLC; and (b) the irreparable harm described in the Verified Complaint is ongoing and continues to accrue with each day the unauthorized Columbia Store and the Joint Venture Stores remain in operation while utilizing the Molly Tea Marks.  Accordingly, the filing of the instant motion is necessary and appropriate in order to abate the aforementioned irreparable harm that is, and will continue to be, ongoing.

9.      No prior application seeking the relief requested herein has been previously made in this Court or any other forum.  While MHL has filed a separate action in the Supreme Court of the State of New York, Queens County, that action seeks different relief and does not involve Plaintiffs' federal trademark claims, the Columbia Store, or the LIC Concession.

3

10.     I declare under penalty of perjury that the foregoing is true and correct.

Executed on May 18, 2026 in New York, New York

By:   ___/s/ Lee Bergstein_____
Lee Bergstein
BERGSTEIN FLYNN KNOWLTON & POLLINA
PLLC

780 Third Avenue, Suite 902
New York, New York 10017
lee@bfklawoffice.com
Tel: 212-803-9025

*Counsel for Plaintiffs*