

**Joseph DiPietro**
Office: (212) 803-9025
Direct: (212) 803-9041
joseph@bfklawoffice.com
780 Third Avenue, Suite 902
New York, New York 10017

June 10, 2026

**Via ECF and E-Mail**
Hon. John P. Cronan
United States District Court
Southern District of New York
500 Pearl Street, Room 1320
New York, New York 10007-1312
CronanNYSDChambers@nysd.uscourts.gov

> **Re:**   ***Shenzhen Molly Tea Food and Beverage Management Co., Ltd. et al. v. MHL NY LLC et al.*;  Case No. 1:26-cv-04051-JPC**

Dear Judge Cronan:

We represent the Plaintiffs in the above action.  We respectfully submit this letter, pursuant to Rule 6(A) of Your Honor's Individual Rules and Practices in Civil Cases, to notify the Court that Plaintiffs intend to move for an order of civil contempt against all Defendants due to their blatant and ongoing non-compliance with the Court's preliminary injunction.  As discussed *infra*, prior to this submission, the undersigned informed Defendants' counsel of Plaintiffs' intention to seek such relief, and Defendants' counsel did not meaningfully dispute the basis for contempt.

"[T]o demonstrate contempt, 'a movant must establish that (1) the order the contemnor failed to comply with is clear and unambiguous, (2) the proof of noncompliance is clear and convincing, and (3) the contemnor has not diligently attempted to comply in a reasonable manner.'"  *In re Markus*, 78 F.4th 554, 566 (2d Cir. 2023) (quoting *King v. Allied Vision, Ltd.*, 65 F.3d 1051, 1058 (2d Cir. 1995)).  "To be clear and unambiguous, an order must enable the party enjoined to ascertain from the four corners of the order precisely which acts are forbidden."  *In re Eletson Holdings Inc.*, No. 25-CV-1312 (LJL), 2025 WL 2710411, at \*22 (S.D.N.Y. Sept. 22, 2025) (internal quotations omitted).

On June 8, 2026, the Court held a resumed hearing on Plaintiffs' motion for a preliminary injunction, made extensive findings of fact and law on the record, and by written Order dated same (ECF No. 62), granted Plaintiffs' motion, thereby immediately ordering Defendants and their agents from utilizing the Molly Tea name, trademarks, trade dress, and trade secrets and Plaintiffs' intellectual property in any way, including by operating or permitting the operation of the Joint Venture Stores and Columbia Store and any social media platform, order-placement platform, and Defendants' website, to the extent they utilize same.  (June 8, 2026 Order at 1-2.)  Additionally, pursuant to the Order, Defendants are to transfer control over and access to, *inter alia*, their Molly Tea website and Instagram and RedNote accounts to Plaintiffs by today at 4:24 p.m.[1]

---

[1] The Order, which required compliance as to the accounts' transfer within "forty-eight hours," was filed

At the hearing, the Court inquired of Defendants' counsel as to her understanding of the scope of the injunction so as to specifically avoid any possibility of contempt.[2]

On June 9, 2026, the undersigned e-mailed Defendants' counsel, reminding them that, pursuant to the injunction, Defendants are to transfer control over specifically identified social-media accounts and a website to Plaintiffs by today.  The undersigned requested that Defendants furnish the login credentials and any other information necessary for Plaintiffs to assume control of those accounts.  A true and accurate copy of that e-mail is annexed hereto as **Exhibit 1**.  As of this submission, Defendants' counsel have not responded to that e-mail or otherwise provided any information to enable Plaintiffs to assume control of the social-media accounts and website.

Defendants have apparently taken no steps to comply with the injunction.  To the contrary, all three Joint Venture Stores and the Columbia Store have continued operations under the Molly Tea name, trademarks, and trade dress, utilizing Plaintiffs' intellectual property and trade secrets, including their proprietary ingredients, formulas, and menus.  For example, as of 4:37 p.m. on June 9, the Flushing Store continued to serve numerous customers, while prominently displaying and illuminating the Molly Tea name and trade dress on store's exterior.  A photograph of same is annexed hereto as **Exhibit 2**.  At that time, the Flushing Store also fulfilled an order for Molly Tea's proprietary "Premium Jasmine Milk Tea."  A photograph of that product, bearing the time-stamped order, is annexed hereto as **Exhibit 3**.

Accordingly, on June 10, 2026 at 12:30 p.m., the undersigned e-mailed Defendants' counsel, informing them that the three Joint Venture Stores and the Columbia Store were operating in violation of the injunction, due to their continued use of the Molly Tea marks, and informing counsel that Plaintiffs would seek an order of contempt from this Court if Defendants did not cease their violations by 1:00 p.m.  At 1:01 p.m., Defendants' counsel responded, disagreeing, without explanation, as to Defendants' violation of the Order and stating that they were "evaluating several issues concerning implementation of the Order and intend[e]d to promptly seek guidance from the Court regarding certain compliance-related questions."  A true and accurate copy of this e-mail exchange is annexed hereto as **Exhibit 4**.

Despite this representation, upon information and belief, at approximately 2:30 p.m. on June 10, phone calls were made to each of the three Joint Venture Stores and the Columbia Store.  On those calls, employees explicitly confirmed that each of the locations: (1) is a Molly Tea store; (2) is located at the respective addresses specifically identified in section 1(c) of the Court's Order; and (3) has proprietary Molly Tea products available for sale, including in bulk orders.  Plaintiffs will provide recordings of those calls to the Court upon request.

---

on the docket at 4:24 p.m. on June 8, 2026.  On June 9, Plaintiffs requested that Defendants furnish login information necessary to complete those transfers.  Defendants did not respond.  (*See* Ex. 1.)  Therefore, Defendants have until today at 4:24 p.m. to transfer the social-media accounts and website.

[2] On June 8, 2026, Plaintiffs ordered the transcript of the June 8 hearing on the most expedited basis and will furnish same to the Court, upon request, once that transcript is available.

Additionally, upon information and belief, as of approximately 3:00 p.m. on June 10, Defendants' website mollyteany.com, RedNote account "茉莉奶白纽约 MollyTea NYC," and Instagram accounts @mollyteamood and @mollyteany, all of which are specifically identified in the Order, remain in operation and visible to the public, extensively bearing the Molly Tea name and trademarks. Indeed, @mollyteany, which promotes the Columbia Store, and which the Order requires Defendants to transfer to Plaintiffs, even made a public post displaying the Molly Tea name and dress on June 9, the day *after* the Order was entered. Further, as of the same time, the DoorDash account for the Chinatown Store remains visible to the public and available for ordering. Screenshots of Defendants' website, RedNote account, Instagram account (the June 9 post), and DoorDash account are annexed hereto as **Exhibits 5-9**.

Therefore, there is substantial evidence that the three Joint Venture Stores and the Columbia Store continue to operate by utilizing Plaintiffs' intellectual property, in direct violation of the Court's June 8 Order. The e-mail from Defendants' counsel does not provide any explanation for what steps, if any, Defendants have taken to comply with the Order or what guidance is supposedly necessary to comply with that Order. Indeed, as of this submission, Defendants have not made any request for guidance from the Court. In any event, no guidance is necessary. To the extent Defendants had questions about the Order, those should have been posed following the Order's imposition at the June 8 hearing.

In any event, the Court's Order was clear and unambiguous. The evidence of Defendants' non-compliance is clear and convincing. Plaintiffs are aware of no effort by Defendants to comply with the Order.

Plaintiffs respectfully submit that this letter presents a basis for an order of civil contempt against all Defendants. Alternatively, Plaintiffs request that the Court schedule an urgent hearing on same for tomorrow, June 11, 2026. In the event the Court subsequently determines that additional briefing is required, Plaintiffs propose the following briefing schedule: (1) Plaintiffs' motion papers shall be filed on or before June 15, 2026; (2) Defendants' responsive papers, if any, shall be filed on or before June 18, 2026; (3) and Plaintiffs' reply papers, if any, shall be filed on or before June 22, 2026. We respectfully request oral argument on the motion.

We thank the Court for its time and attention to this matter.

Respectfully submitted,

**BERGSTEIN FLYNN KNOWLTON & POLLINA PLLC**

By:    */s/ Joseph M. DiPietro*
Joseph M. DiPietro
Lee Bergstein

cc:    All counsel of record
       (via ECF and e-mail)

3