# LAW OFFICES OF CHEN & ASSOCIATES, P.C.

## COUNSELORS & ATTORNEYS AT LAW

**Queens Office**
37-12 Prince Street, Suite 9D
Flushing, New York 11354
Tel: (718)886-1858/4858
Fax: (800) 490-0564

**\*\* Yimin Chen**
mindy@ymclaw.com
**Binyue Xiao**
**\*brianna@ymclaw.com**
**\*Haizhan Zheng**

**Brooklyn Office**
6402 8th Avenue, Suite 604
Brooklyn, NY 11220
Tel: (347) 899-4777
Fax: (800) 490-0564

allanzheng@ymclaw.com
**Beini Zhang**
betty@ymclaw.com

www.ymclaw.com
*Please direct all correspondence to our Queens Office*

**\*Admitted in NY**
**\*\*Admitted in NY&NJ**

---

Hon. John P. Cronan
United States District Judge
Southern District of New York
United States District Court
500 Pearl Street, Room 1320
New York, NY 10007

The Court will address Defendants' pre-motion letter at the June 11, 2026 conference.

SO ORDERED.
June 10, 2026
New York, New York

JOHN P. CRONAN
United States District Judge

**Re: SHENZHEN MOLLY TEA FOOD AND BEVERAGE MANAGEMENT CO., LTD, et al v. MHL NY LLC, et al.**
**Case No.: 26 Civ. 4051 (JPC)**
**Letter Motion Seeking Leave to Move for A Pre-Answer Motion to Dismiss, Leave for a motion to dissolve the Injunction and for Reconsideration of the Of the Order Issuing the Injunction filed June 8, 2026, Notice that Law of the Peoples Republic of China Governs the License Agreement and that There is Mandatory Arbitration Clause which requires the Plaintiff's claims be venued and heard before the Shenzhen Court of International Arbitration, in China, and the LLC Joint Venture Agreements Contain Mandatory Arbitration Clauses which requires the Plaintiff NY LLC's claims be heard before the American Arbitration Association in New York. Defendants intend to move to compel arbitration which may be treated as a motion to dismiss.**

Greetings Hon. United States District Court Judge Cronan,

The undersigned is Of Counsel to Chen & Associates, attorneys for the Defendants in this case. Defendant Mei Hui Lin, seeks leave to make a pre-answer motion to dismiss the complaint, reconsideration and dissolving of This Court's Injunction filed on June 8, 2026, a stay of the injunction imposed by This Court on June 8, 2026. Notice is hereby given that The License Agreement between Shengzhen Molly Tea Food and Beverage Management Co. Ltd. ("Molly"), and MH NY LLC is governed by that Law of the Peoples Republic of China, and that there is Mandatory Arbitration Clause which requires the Plaintiff's claims be venued and heard before

*June 10, 2026*
*Hon. John P. Cronan*
*Page 2 of 3*

the Shenzhen Court of International Arbitration, in China. Defendants intend to move to compel arbitration which may be treated as a motion to dismiss. The License Agreement does not provide any express clause whereby it reserves the right to seek injunctive relief in New York as an express remedy.

Molly failed to establish a likelihood of success on the merits of its claim that the "termination of the license" is valid and in accordance with Chinese Law. Molly has also failed to establish that the defenses raised by the Defendants do not defeat the termination/ revocation alleged to have been invoked by Molly, which is the basis of its Lanham Act violation and the foundation upon which the plaintiff's motion for injunctive relief is based. The injunction should be dissolved upon reconsideration and on the motion to dissolve the injunction. Molly failed to provide the legal opinion of a licensed attorney in China to support its claims. Because Molly has failed to establish a likelibood of success on the merits of its claim, it is unlikel that there is a violation of the Lanham Act and the injunction should be stayed, pending a determination of this motion. Without an expert in Chinese Law providing a legal opinion in support of their papers, as to the validity of the license termination, there is no likelihood of success on the merits of Molly's claim and the injunction should be dissolved.

The Molly Tea Brand Licensing Agreement ("Agreement") governs MHL NY LLC's use of the Brand and IP[1], and the NY Joint Venture LLC Operating Agreements and Shareholder Agreements govern the relationships, obligations and duties of the Brand Shareholder and the Investor Shareholder in the operation of the NY stores[2]. Article 12 of the Agreement permits Molly to rescind or terminate MHL NY LLC's license for various reasons, pursuant to the laws of the People's Republic of China and adjudicated in the Shenzhen Court of International Arbitration. See Article 18, and ¶ 3 of the "Whereas" clause of the Agreement. The Plaintiffs' injunction (and lawsuit) incorrectly relies on the termination of the license under the Agreement pursuant to NY Law, nor has there been an adjudication on the matter from the Arbitration in China. Molly's erroneously presumes that This Court has jurisdiction over its claims for Unfair Competition, Common Law Conversion, Breach of Contract, injunctive relief, in New York,

---

[1] Shenzhen Molly Tea is, and at all times relevant herein has been, a company organized and existing under the laws of the People's Republic of China, with its principal place of business in Shenzhen, Guangdong, China. Shenzhen Molly Tea is the licensor under the Brand License Agreement. Shenzhen Molly Tea is the originator and owner of the "Molly Tea" brand, including the CIS and the Authorized System, the Molly Tea Marks, the trade dress, the store design system, the recipes, the supply chain and the training materials. See, ¶¶s 9, 29 of the Complaint.

[2] Mollytea Shops is, and at all relevant times has been, a limited liability company organized and existing under the laws of the State of Delaware. Mollytea Shops is the vehicle through which Molly Tea participates in joint-venture operations of Molly Tea stores in the United States, including the three Joint Venture Stores in New York. Mollytea Shops brings claims herein in its own right and derivatively on behalf of each of the three Joint Venture Entities/Nominal Defendants. Molly Tea Holding is the holding company that holds Plaintiffs' direct ownership interests in U.S. company-operated (i.e., non-joint-venture) Molly Tea stores. Mr. Zhang is a director of Molly Tea Holding. See, ¶¶s 10, 11 of the Complaint.

*June 10, 2026*
*Hon. John P. Cronan*
*Page 3 of 3*

because the sophisticated parties to the Agreement agreed that Chinese law shall govern and that claims under the Agreement shall be solely venued in the Shenzhen Court of International Arbitration.

This action must be dismissed and arbitration in China compelled. The injunction should be dissolved and in the interim the injunction should be stayed pending the determination of the motion to dissolve/ reconsideration, and  the motion to compel arbitration/ dismiss.

The Plaintiffs do not rely upon the LLC operating agreements of the joint venture projects, as the predicate to terminate the Agreement, and to obtain the injunction- there is no issue that the Plaintiff joint venture LLC's do not own the mark. There is nothing in the record to support the argument that Plaintiffs MollyTea Shops LLC, or Molly Tea Holding Inc., own the IP or the Trademark, or have the right to revoke or terminate the licenses on behalf of Molly. There is no independent claim for the injunction that is argued by the NY LLC's.  The Defendants will move to compel the arbitration of the NY LLC claims per the mandatory arbitration clause (Article IX, 9.1, 9.2) and will seek the dismissal of this case brought by the NY LLC's.

Dated: June 10, 2026
       Queens, New York

                                        */s/ Peter Sverd*
                                        Peter Sverd, Esq.

To All Parties By ECF Only