# LAW OFFICES OF CHEN & ASSOCIATES, P.C.

## COUNSELORS & ATTORNEYS AT LAW

**Queens Office**
**37-12 Prince Street, Suite 9D**
**Flushing, New York 11354**
**Tel: (718)886-1858/4858**
**Fax: (800) 490-0564**

**Brooklyn Office**
**6402 8th Avenue, Suite 604**
**Brooklyn, NY 11220**
**Tel: (347) 899-4777**
**Fax: (800) 490-0564**

**www.ymclaw.com**
*Please direct all correspondence to our Queens Office*

**\*\* Yimin Chen**
**mindy@ymclaw.com**
**\*Binyue Xiao**
**brianna@ymclaw.com**
**\*Haizhan Zheng**
**allanzheng@ymclaw.com**
**Beini Zhang**
**betty@ymclaw.com**
**Mia Zhang**
**mia@ymclaw.com**
**Sunny Lin**
**sunny@ymclaw.com**
**\*Admitted in NY**
**\*\*Admitted in NY&NJ**

June 15, 2026

Via ECF

Hon. John P. Cronan
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

> Re:     Defendants' Response to Plaintiffs' June 12, 2026 Letter Concerning
> Alleged Noncompliance with Preliminary Injunction
> Shenzhen Molly Tea Food and Beverage Management Co., Ltd., et al. v.
> MHL NY LLC, et al., Case No. 1:26-cv-04051 (JPC)

Dear Judge Cronan:

This office represents Defendants MHL NY LLC, Molly Tea CU LLC, Genesis Brand Management LLC, Mei Hui Lin, Xiaozhe Liu a/k/a Ziaozhe Liu, and Binbin Xu in the above-captioned action.

Defendants respectfully submit this response to Plaintiffs' June 12, 2026 letter seeking contempt sanctions.

At the outset, Defendants address the issue identified in the Court's June 12 Order concerning counsel's representation at the June 11 conference. Counsel represented that Defendants' stores ceased operations beginning at approximately 4:00 p.m. on June 10, 2026. That representation was accurate and based on information provided by Defendants.

Following the conference, defense counsel sent an email to Plaintiffs' counsel that mistakenly referenced June 9 and June 10 as the closure and reopening dates. The correct timeline is that Defendants ceased operations beginning at approximately 4:00 p.m. on June 10,

1

2026 and resumed operations on June 11, 2026 after undertaking rebranding efforts. The inconsistency identified by Plaintiffs stems from that drafting error in counsel's email, not from any inaccurate representation made to the Court. Defendants submit the Declaration of Mei Hui Lin and accompanying exhibits confirming that timeline.

Defendants' evidence demonstrates their best efforts to comply with the Court's Order. First, Defendants disabled third-party ordering through their POS systems on June 10, 2026. Records from the stores show that online ordering availability was disabled at approximately 3:53 p.m. in Flushing, 3:54 p.m. in Brooklyn, and 3:55 p.m. in both Chinatown and Columbia University locations. The records further show the final orders accepted through third-party platforms before operations ceased. Exhibit B.

Second, records from DoorDash reflect that the stores were deactivated through POS integration shortly after those changes were implemented. The status-history records show deactivation entries corresponding with the June 10 shutdown period and subsequent periods during which the stores remained unavailable. Exhibit C.

Third, Defendants undertook physical rebranding efforts at the store locations. Photographs taken on June 11 and June 12 show Molly Tea signage being removed, covered, or replaced and storefronts operating under modified branding. Exhibit D.

The Declaration of Mei Hui Lin explains the steps undertaken to suspend operations, disable third-party ordering, and implement the rebranding reflected in the accompanying exhibits. Together, the declaration and exhibits establish that Defendants ceased operations on June 10, undertook compliance measures, and resumed operations only after implementing those measures.

Plaintiffs bear the burden of establishing contempt by clear and convincing evidence. The declaration and contemporaneous business records submitted by Defendants demonstrate substantial compliance efforts and contradict Plaintiffs' assertion that Defendants simply ignored the Court's Order. Plaintiffs have not established contempt by clear and convincing evidence. For these reasons, Defendants respectfully request that the Court deny Plaintiffs' request for contempt sanctions.

Respectfully submitted,

/s/ Yimin Chen
Yimin Chen
Counsel for Defendants

2