# LAW OFFICES OF CHEN & ASSOCIATES, P.C.
## COUNSELORS & ATTORNEYS AT LAW

**Queens Office**
**37-12 Prince Street, Suite 9D**
**Flushing, New York 11354**
**Tel: (718)886-1858/4858**
**Fax: (800) 490-0564**

**Brooklyn Office**
**6402 8th Avenue, Suite 604**
**Brooklyn, NY 11220**
**Tel: (347) 899-4777**
**Fax: (800) 490-0564**

**[www.ymclaw.com](www.ymclaw.com)**
*Please direct all correspondence to our Queens Office*

**\*\* Yimin Chen**
**mindy@ymclaw.com**
**\*Binyue Xiao**
**brianna@ymclaw.com**
**\*Haizhan Zheng**
**allanzheng@ymclaw.com**
**Beini Zhang**
**betty@ymclaw.com**
**Mia Zhang**
**mia@ymclaw.com**
**Sunny Lin**
**sunny@ymclaw.com**
**\*Admitted in NY**
**\*\*Admitted in NY&NJ**

June 16, 2026

Via ECF

Hon. John P. Cronan
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

> **Re:**   **Shenzhen Molly Tea Food and Beverage Management Co., Ltd., et al. v. MHL NY LLC, et al., Case No. 1:26-cv-04051 (JPC)**

Dear Judge Cronan:

I respectfully submit this letter in response to the Court's June 15, 2026 Order directing me to show cause why sanctions should not be imposed based on my representation during the June 11, 2026 conference that Defendants' stores had been closed.

I take my obligations of candor to the Court extremely seriously. I did not knowingly make any false statement to the Court, nor did I act in bad faith.

Prior to the June 11 conference, I communicated with my clients regarding compliance with the Court's Preliminary Injunction. Based on information provided to me by my clients, I understood that the stores had ceased operations as of approximately 4:00 p.m. on June 10, 2026 in order to implement rebranding and compliance measures. Relying on that information, I advised the Court during the June 11 conference that "as of 4 p.m. yesterday, all stores have been closed down."

My representation was based on the information available to me at the time it was made. The conference began at 10:00 a.m. on June 11, 2026. At the time I made the representation, I had not been informed that any store had resumed operations, nor did I possess any information that

1

would have caused me to question the accuracy of the information my clients had provided. Indeed, I was unaware of any claim that stores had resumed operations until after the conference was underway. Accordingly, my statement accurately reflected my understanding of the facts when I addressed the Court.

I understand that Plaintiffs subsequently disputed the timing and extent of Defendants' compliance efforts and asserted that certain stores resumed operations on June 11 following rebranding activities. However, I was not aware of any such reopening at the time of the conference. Whether Defendants' compliance efforts ultimately proved sufficient, or whether stores later resumed operations following rebranding activities, does not alter the fact that my June 11 representation was based on information I had received from my clients before the hearing and reasonably believed to be accurate when made.

At no point did I intend to mislead the Court or opposing counsel. To the contrary, throughout these proceedings I have endeavored to accurately convey information provided by my clients while assisting them in understanding and complying with the Court's directives. During the June 11 conference, I repeatedly represented that Defendants were attempting to comply with the Court's Order and were taking steps to address the Court's concerns. My statements were made in the course of advocating on behalf of my clients based upon the information then available to me.

Counsel routinely relies on factual information supplied by clients in communicating with the Court. At the time of the June 11 conference, I had no reason to believe that the information provided by my clients was inaccurate, and I therefore conveyed that information to the Court in good faith.

Sanctions under 28 U.S.C. § 1927 and the Court's inherent authority require a finding of bad faith or conduct undertaken for an improper purpose. Respectfully, neither circumstance is present here. My representation was based upon information supplied by my clients, I had no reason to believe that information was inaccurate when conveyed to the Court, and there was no intent to mislead the Court or multiply proceedings unnecessarily.

I regret any confusion or inconvenience that resulted from my reliance on information that was later disputed. However, the circumstances do not support a finding that I acted recklessly, in bad faith, or with intent to mislead the Court.

Accordingly, I respectfully request that the Court decline to impose sanctions.

Respectfully submitted,

/s/ Yimin Chen
Yimin Chen

2