# LAW OFFICES OF CHEN & ASSOCIATES, P.C.
## COUNSELORS & ATTORNEYS AT LAW

**Queens Office**
**37-12 Prince Street, Suite 9D**
**Flushing, New York 11354**
**Tel: (718)886-1858/4858**
**Fax: (800) 490-0564**

**Brooklyn Office**
**6402 8th Avenue, Suite 604**
**Brooklyn, NY 11220**
**Tel: (347) 899-4777**
**Fax: (800) 490-0564**

**www.ymclaw.com**
*Please direct all correspondence to our Queens Office*

**\*\* Yimin Chen**
**mindy@ymclaw.com**
**\*Binyue Xiao**
**brianna@ymclaw.com**
**\*Haizhan Zheng**
**allanzheng@ymclaw.com**
**Beini Zhang**
**betty@ymclaw.com**
**Lynn Yu**
**lynnyu@ymclaw.com**
**Sunny Lin**
**sunny@ymclaw.com**
**\*Admitted in NY**
**\*\*Admitted in NY&NJ**

July 10, 2026

Via ECF

Hon. John P. Cronan
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

> **Re:** **Defendants' Emergency Letter Motion for an Administrative Stay and to Preserve the Status Quo**
> **Shenzhen Molly Tea Food and Beverage Management Co., Ltd., et al. v. MHL NY LLC, et al., Case No. 1:26-cv-04051 (JPC)**

Dear Judge Cronan:

This office represents Defendants MHL NY LLC, Molly Tea CU LLC, Genesis Brand Management LLC, Mei Hui Lin, Xiaozhe Liu a/k/a Ziaozhe Liu, and Binbin Xu in the above-captioned action.

We write on behalf of Defendants to advise the Court of an urgent development and respectfully request that the Court preserve the status quo pending resolution of Plaintiffs' Motion for Civil Contempt and Defendants' Motion for Reconsideration.

This morning, Plaintiffs served Defendants with three "Notices of Dissolution Event and Immediate Assumption of Operational Control," one for each of the parties' New York joint venture entities. Copies of the notices are attached as Exhibits A.

In those notices, Plaintiffs purport to declare a "Dissolution Event," immediately assume operational control of the joint venture companies, and demand that Defendants surrender possession of the stores, keys, bank accounts, point-of-sale systems, vendor relationships,

1

operational records, social media accounts, and all management authority by 5:00 p.m. today. Plaintiffs further state that, if Defendants do not comply, they intend to seek emergency injunctive relief, including a temporary restraining order and preliminary injunction, in another court.

This development directly implicates issues presently before this Court. During the preliminary injunction proceedings, Plaintiffs represented that they were not seeking to shut down Defendants' businesses so long as Defendants ceased using Plaintiffs' asserted intellectual property. Defendants complied with the Court's Amended Preliminary Injunction and, on July 8, 2026, filed their Verified Compliance Report detailing those compliance efforts.

At the same time, Defendants' Motion for Reconsideration asks this Court to reconsider the preliminary injunction based upon, among other things, newly presented evidence concerning ownership of the asserted United States trademark rights, goodwill, and the parties' contractual rights. Plaintiffs' Motion for Civil Contempt likewise remains pending.

Rather than allowing those issues to be resolved by this Court, Plaintiffs now seek immediate operational control of the very businesses that are the subject of the pending motions. Their threatened application necessarily depends upon many of the same disputed factual allegations and contractual issues already before this Court, including the effectiveness of the purported termination of the parties' agreements, Defendants' operation of the rebranded stores, Defendants' alleged breaches of various agreements, and Defendants' compliance with this Court's injunction.

Plaintiffs' stated intention to seek emergency relief in another court creates a substantial risk of inconsistent rulings and would materially interfere with this Court's consideration of the issues already pending before it. Defendants respectfully submit that the parties' dispute regarding operational control of the joint venture entities should be addressed, if at all, by this Court, which has presided over the related intellectual property and contractual disputes for the past two months.

Defendants therefore respectfully request that the Court preserve the status quo pending resolution of the pending motions by temporarily staying the effectiveness or enforcement of Plaintiffs' July 10, 2026 dissolution notices, or alternatively by directing that neither party alter operational control of the joint venture entities pending further order of the Court. In the alternative, Defendants respectfully request an expedited conference at the Court's earliest convenience or such other interim relief as the Court deems appropriate.

We appreciate the Court's prompt attention to this matter.

Respectfully submitted,

The Court construes Defendants' letter as a motion for a temporary restraining order and preliminary injunction, and denies it. An injunction is not a cause of action in its own right, so one can be granted only after an action has been commenced, and when that relief is based on a party's claims. *Stewart v. U.S. I.N.S.*, 762 F.2d 193, 198 (2d Cir. 1985); *Moonsammy v. Aviles-Ramos*, No. 25 Civ. 5923 (AT), 2025 WL 3442922, at *2 (S.D.N.Y. Dec. 1, 2025). The Defendants have no grounds to seek injunctive relief in the absence of claims of their own. The Clerk of Court is respectfully directed to close Docket Number 98.

/s/ Yimin Chen_____
Yimin Chen
Counsel for Defendants

2

SO ORDERED.
July 10, 2026
New York, New York

JOHN P. CRONAN
United States District Judge