# Exhibit 1

BFKP BERGSTEIN FLYNN KNOWLTON+ POLLINA

Lee Bergstein
Office: (212) 803-9025
Direct: (212) 803-9024
lee@bfklawoffice.com
780 Third Avenue, Suite 902
New York, New York 10017

July 10, 2026

**VIA EMAIL AND OVERNIGHT COURIER**

**TO:**
**MHL NY LLC**
152-15 Jewel Avenue, Apt. 175B
Flushing, N.Y. 11367
Attn: Mei Hui Lin, Managing Member
kmhlin1220@gmail.com

**Re: Notice of Dissolution Event and Immediate Assumption of Operational Control of Molly Tea Manhattan Chinatown Inc.**

Dear Ms. Lin:

We represent MollyTea Shops LLC (the "**Brand Shareholder**"), the holder of thirty-five percent (35%) of the issued and outstanding shares of Molly Tea Manhattan Chinatown Inc. (the "**Company**"). The Company was formed to operate a Molly Tea-branded retail beverage store located at 63 Mott Street, New York, New York 10013 (the "**Chinatown Store**"). The Company operates the Chinatown Store pursuant to a lease by and between the Company and Sai Fon Realty (the "**Lease**"), which expires on July 31, 2029. All capitalized terms used herein and not otherwise defined have the meanings ascribed to them in the Company's Shareholder Agreement, dated March 1, 2025, by and between Brand Shareholder and MHL NY LLC ("**Investor Shareholder**" or "**MHL**") (the "**Shareholder Agreement**").

## I. Notice of Material Breach Under §8.1(b) of the Shareholder Agreement

This letter serves as Brand Shareholder's written notice under §8.1(b) of the Shareholder Agreement that Investor Shareholder has committed multiple material breaches of the Shareholder Agreement that constitute Dissolution Events under the Agreement.

By letter dated May 1, 2026 (the "**May 1 Notice**"), Shenzhen Molly Tea Food and Beverage Management Co., Ltd., ("**Shenzhen Molly Tea**"), in its capacity as licensor under the Brand Authorization and Technical Service Cooperation Agreement dated December 20, 2023 (the "**Brand License Agreement**"), gave MHL formal written notice of termination of the Brand License Agreement based on multiple fundamental and material breaches by MHL. A copy of the May 1 Notice is enclosed. Brand Shareholder hereby ratifies, adopts, and incorporates by

reference the factual recitals and breach descriptions set forth in the May 1 Notice to the extent that they also constitute material breaches of the Shareholder Agreement.

The conduct described in the May 1 Notice constitute material breaches under the following provisions of the Shareholder Agreement, each of which is an enumerated trigger of a Dissolution Event under §8.1(b).

(A) <u>§8.1(b)(3) Unauthorized Disclosure of Trade Secrets and Confidential Information</u>

MHL has disclosed and made unauthorized use of Company recipes, formulas, preparation methods, and other Confidential Information (as defined in §6.1(b) of the Shareholder Agreement) including operational procedures, beverage recipes, customer data and financial data by, among other things, deploying such information to operate (i) an unauthorized "? Tea" – branded store at the Chinatown Store (the "**<u>? Tea Store</u>**"); (ii) an unauthorized Molly Tea branded store at 2857 Broadway, New York, New York (the "**<u>Columbia Store</u>**") through MHL controlled affiliate Molly Tea CU LLC until on or about June 8, 2026; and (iii) an unauthorized "? Tea" – branded store at the Columbia Store since that time. Such disclosure and use is in direct violation of §6.3 of the Shareholder Agreement.

(B) <u>§8.1(b)(5) Activities Causing Material Damage to the Brand and Reputation of the Company</u>

MHL has engaged in conduct that has caused, and is continuing to cause, material damage to the Molly Tea brand and the Company (whose purpose, pursuant to §1.3(a) of the Company Bylaws, is to operate "retail beverage stores under the brand "Molly Tea" pursuant to the License Agreement) including: (i) opening and operating the ? Tea Store without authorization; (ii) opening and operating the Columbia Store on or about April 17, 2026 without authorization; (iii) operating the Columbia Store outside of the brand owner's designated point-of-sale, ERP, ordering, supply chain, membership, and brand-marketing systems, including the substitution of the Toast point-of-sale system for the system designated by Shenzhen Molly Tea (a material breach under Articles 10.2 and 16.3.4 of the Brand License Agreement); (iv) diverting inventory supplied by Molly Tea's supply chain affiliates for the operation of the authorized Chinatown Store to the ? Tea Store and the unauthorized Columbia Store (an express material breach under Article 8.2(d) of the Brand License Agreement); (v) until the social media accounts' court-ordered transfer to Plaintiffs in June 2026, operating social-media accounts under the Molly Tea brand - including the Instagram account @mollyteamood and the RedNote account MollyTea NYC - without the Brand Shareholder's written consent and in violation of Article 10.7.4 of the Brand License Agreement; (vi) advertising and conducting unauthorized promotional pricing campaigns, including the "buy one, get one free" promotion in connection with the April 17, 2026 opening of the Columbia Store and a 20% off promotion at the Chinatown Store; (vii) persistent quality-control failures at the Chinatown Store resulting in consumer complaints, prolonged delivery delays, and incomplete-order issues that have materially damaged the Molly Tea brand image; and (viii) misappropriation and/or misuse of Company funds through the operation of the unauthorized stores as set forth above.

§6.5 of the Shareholder Agreement prohibits the Investor Shareholder from "(a) hir[ing] or attempt[ing] to hire any person employed by Company or any other Molly Tea branded store; (b) solicit[ing] or attempt[ing] to divert any customer of Company to a competing business; (c) induc[ing] any supplier, vendor or landlord to cease or modify their relationship with Company;

or (d) assist[ing] any third party in engaging in any of the above activities." MHL breached §6.5 by, among other things: (i) opening and/or causing a third party to open the ? Tea Store and the Columbia Store, diverting customers and employees to those locations, including by unlawfully utilizing the Molly Tea social media platforms to drive business to those stores and (ii) diverting inventory designated by Molly Tea's supply chain affiliates for the Chinatown Store to the unauthorized Columbia Store and ? Tea Store. This breach, pursuant to §8.1(b), has caused material damage to the brand and reputation of the Company.

§6.4 of the Shareholder Agreement separately prohibits the Investor Shareholder from engaging in "Restricted Activities," including, operating, investing in, or providing services to any business whose primary revenue derives from the retail sale of bubble tea or similar specialty tea beverages and from utilizing any of the Company's confidential recipes, brewing methods, or operation procedures in any other business. MHL breached §6.4(b) by operating the "? Tea" business at the Chinatown Store, and through its controlled affiliate Molly Tea CU LLC at the Columbia Store, including using the Company's recipes, brewing methods, and operational procedures, all without Brand Shareholder's written permission. Pursuant to §8.1(b), this breach has likewise caused material damage to the brand and reputation of the Company.

Further §7.3(b) of the Shareholder Agreement contains express representations that MHL "(1) does not own or operate any competing business; (2) has no interests that conflict with the Company's business; and (3) acknowledges that active involvement is material to this Agreement and therefore will dedicate sufficient time and resources to the Company." MHL has materially breached each of these representations and warranties by among other things: (i) rebranding the Chinatown Store as a ? Tea Store and operating it as a bubble tea business competing with the Company's authorized business, i.e. a Molly Tea branded retail store and in direct violation of the Company's purpose; (ii) forming and operating MHL controlled affiliate Molly Tea CU LLC which operates the unauthorized Columbia Store as a ? Tea bubble tea business competing with the Company's authorized business, i.e. a Molly Tea branded retail store; and (iii) diverting management time, resources, supplies, and Company assets away from the Company's Molly Tea operations and toward these competing and conflicting operations. This breach, pursuant to §8.1(b), has caused material damage to the brand and reputation of the Company.

Defendants' own sworn filings confirm the foregoing breaches. In a Verified Compliance Report filed on July 8, 2026, in *Shenzhen Molly Tea Food and Beverage Management Co., Ltd., et al.* v. *MHL NY LLC, et al.*, No. 1:26-cv-04051-JPC (S.D.N.Y. filed May 15, 2026), Ms. Lin admitted under penalty of perjury that: (i) she personally directs the operations of all four stores; (ii) the Toast point-of-sale system operates at the Flushing, Brooklyn, Chinatown, and Columbia Stores; (iii) Defendants "independently sourced" ingredients for the stores – an admission that the stores are operated outside the designated supply chain; and (iv) the stores are transitioning "to a new brand." These sworn admissions confirm the breaches set forth above and that said breaches are not capable of cure.

## II. The Breaches Are Not Capable of Cure

The breaches described above are not capable of cure within the meaning of §8.1(b)(ii) of the Shareholder Agreement. Each of the following acts is a completed breach, the effects of which cannot be cured by subsequent conduct:

1. The opening of the ? Tea Store at the Chinatown Store, which store has co-opted Molly Tea's Trade Secrets and Confidential Information, and the operation of which is in clear breach of the Company's explicit purpose;
2. The opening of the unauthorized Columbia Store, which utilized the resources, supplies, and Trade Secrets and Confidential Information of the Company;
3. The disclosure and unauthorized use of Trade Secrets and Confidential Information by the ? Tea Store and Columbia Store;
4. The diversion of inventory supplied by Molly Tea's supply chain affiliates from the authorized Chinatown Store to the unauthorized ? Tea Store and the unauthorized Columbia Store;
5. The unauthorized operation of social media accounts;
6. Misappropriation and/or misuse of Company funds through the operation of the unauthorized stores;
7. Running unauthorized promotional campaigns which caused harm to the Company and the Molly Tea brand.

Because these breaches are not capable of cure, no cure period exists. Accordingly, each breach, independently and in the aggregate, constitutes a "Dissolution Event" pursuant to §8.1(b). To the extent any of the foregoing breaches are deemed capable of cure, this letter shall serve as Brand Shareholder's written notice under §8.1(b)(i), after which Investor Shareholder shall have fifteen days to cure.

## III. Election to Dissolve the Company and Assume Operational Control

Pursuant to §8.2(a)(2) of the Shareholder Agreement, Brand Shareholder hereby formally elects to proceed with dissolution of the Company in accordance with §8.3 of the Shareholder Agreement. This election is effective as of the date of this letter and is based on the Dissolution Event triggered by the material breaches described in Section I and II above.

§8.2(c) of the Shareholder Agreement provides that Brand Shareholder "shall have the right to assume control of Company operations to protect brand standards during any pre-dissolution period." Brand Shareholder hereby exercises its right under §8.2(c) and assumes full operational control of the Company and the Chinatown Store, effective as of the date and time of this letter.

Brand Shareholder's exercise of operational control under §8.2(c) is necessary to protect brand standards in light of (i) the fact that the Chinatown Store is being operated as an unauthorized ? Tea Store in blatant contravention of the Company's purpose; (ii) MHL's documented diversion of inventory away from the Chinatown Store to the ? Tea Store and the unauthorized Columbia Store, (iii) MHL's continuing unauthorized use of the Molly Tea brand, including its Trade Secrets and Confidential Information at unauthorized locations, and (iv) the broader pattern of brand-damaging conduct described above. During the pre-dissolution period, Brand Shareholder shall manage all day-to-day operations of the Company and the Chinatown Store, including all staffing,

financial, procurement, vendor, supply chain, point-of-sale, marketing, and other operational decisions. No further authorization from Investor Shareholder is required to effectuate Brand Shareholder's assumption of control under §8.2(c), which is self-operative and effective immediately. The deadline below governs only the mechanical surrender of keys, credentials, records, and property; Brand Shareholder's operational control is effective upon this notice.

In light of the foregoing, Brand Shareholder demands that MHL and all its officers, agents, employees, and persons acting in concert with it, **by 5:00 p.m. Eastern Standard Time on July 10, 2026**, take the following actions:

(a) Immediately cease all involvement in the operations, management, and affairs of the Company, including at the Chinatown Store;
(b) Vacate and withdraw all officers, managers, employees, agents, and representatives of MHL from the Chinatown Store and from any role in managing or directing the Company;
(c) Deliver to Brand Shareholder's designated representative, Bergstein Flynn Knowlton & Pollina PLLC, located at 780 Third Avenue, Suite 902, New York, NY 10017, all keys, access codes, security credentials, point-of-sale system credentials (including without limitation Toast and any other point of sale system in use), bank account access and signatory authority, vendor accounts, third party delivery platform credentials (including without limitation DoorDash, Uber Eats, and any other delivery or e-commerce platform), social media account credentials, and any other items, credentials or property necessary to operate the Chinatown Store;
(d) Deliver to Brand Shareholder all financial records, books of account, bank statements, lease files, insurance certificates, employee records, vendor contracts, point of sale data, inventory records, tax filings and all other business records of the Company in MHL's possession, custody, or control;
(e) Refrain from taking any action to bind, encumber, transfer assets of, or incur liabilities on behalf of the Company, including surrendering, terminating, modifying, assigning, or encumbering the Lease, without the prior written consent of Brand Shareholder;
(f) Preserve, and refrain from removing, altering, destroying, or transferring, all books, records, points-of-sale and platform data (including Toast, DoorDash, Uber Eats data), banking records, and communications with suppliers, landlords, platforms, and any third-party brands;
(g) Immediately cease all negotiations, discussions, or arrangements with any third-party or competing brand concerning the Store, its location, or the Lease;
(h) Refrain from interfering with Brand Shareholder's communications with the Company's banks, vendors, suppliers, landlord, employees, insurers, and service providers, and from representing to any third party that MHL retains exclusive authority to operate or manage the Company or that Brand Shareholder lacks such authority;
(i) Cooperate fully and in good faith with Brand Shareholder in effectuating the orderly pre-dissolution operation and ultimate dissolution of the Company as required by the Shareholder Agreement and applicable law.

Pursuant to §8.2(c), Brand Shareholder intends to continue the store's operations during the pre-dissolution period. If MHL fails to assist with the orderly transfer of control, or otherwise fails to take the actions set forth above, Brand Shareholder will immediately seek all relief to which it is entitled under the Shareholder Agreement, including interim or provisional relief in any court

of competent jurisdiction pursuant to §9.3(a), §9.3(b) stipulating that damages would be an inadequate remedy for any breach of Articles IV, VI, or VII of the Shareholder Agreement, and an award of attorneys fees pursuant to §9.4.

Nothing in this letter shall constitute a waiver of any rights or remedies of the Brand Shareholder or its principals under the Shareholder Agreement, the Company Bylaws, or applicable law. Brand Shareholder expressly reserves: (i) the priority return of capital contributions under §8.4 of the Shareholder Agreement; (ii) all claims arising from MHL's breaches of the Shareholder Agreement and related agreements; and (iii) all rights and remedies, at law or equity, including in the event the election set forth herein is adjudicated ineffective for any reason.

Very truly yours,

**BERGSTEIN FLYNN KNOWLTON & POLLINA PLLC**
By: */s/ Lee Bergstein*
Lee Bergstein
780 Third Avenue, Suite 902
212-803-9024

cc:
Yimin Chen, Esq.
Chen & Associates
37-12 Prince Street, Suite 9D
Flushing, NY 11354