**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| SHENZHEN MOLLY TEA FOOD AND BEVERAGE MANAGEMENT CO., LTD., *et al*., <br><br> Plaintiffs, <br><br> -against- <br><br> MHL NY LLC, *et al*., <br><br> Defendants. | 1:26-cv-04051-JPC |

---

**SUPPLEMENTAL MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS'**
**MOTION FOR A TEMPORARY RESTRAINING ORDER AND PRELIMINARY**
**INJUNCTION**

---

BERGSTEIN FLYNN KNOWLTON & POLLINA
PLLC
780 Third Avenue
Suite 902
New York, New York 10017
(212) 803-9025

The Court's July 20 Order directs supplemental briefing addressing whether, "under a breach-of-contract theory, Defendants' alleged refusal to turn over to Plaintiffs operational control of the Joint Venture Stores during the pre-dissolution period constitutes irreparable harm to Plaintiffs." (ECF No. 119.)  The case law amply supports such a finding.  As set forth below: (a) MHL's breaches of the Shareholder Agreements are causing injury to Mollytea Shops' reputation and goodwill, and case law expressly holds that such harms resulting from contractual breaches can be irreparable; and (b) case law also holds that irreparable harm to an entity (here, the Joint Venture Entities) results where a terminated shareholder continues to operate a business after its authority has been terminated.

## I.    MOLLYTEA SHOPS IS SUFFERING ONGOING, IRREPARABLE HARM

### A.    MHL's Breaches of the Shareholder Agreements Irreparably Harm Mollytea Shops' Reputation, Goodwill, and Business Opportunities

Upon a claim of breach of contract, "irreparable harm may be found where damages are difficult to establish and measure." *Register.com, Inc. v. Verio, Inc.*, 356 F.3d 393, 404 (2d Cir. 2004).  A company's "loss of reputation, good will, and business opportunities" from a breach of contract can constitute irreparable harm.  *Id.*; *see Bionpharma Inc. v. CoreRx, Inc.*, 582 F. Supp.3d 167, 175 (S.D.N.Y. 2022).  Injury to "reputation and good will" may be "nearly impossible to value."  *Reuters Ltd. v. United Press Int'l, Inc.*, 903 F.2d 904, 908 (2d Cir. 1990).  Indeed, "even a speculative loss may cause immediate irreparable harm to [a company's] good will."  *Id*.

That is because it would be "very difficult to calculate monetary damages that would successfully redress the loss of a relationship with a client that would produce an indeterminate amount of business in years to come."  *Register.com*, 356 F.3d at 404.  "[R]eputational damage is difficult to repair, because . . . 'customers may . . . refuse to return to'" a particular merchant due to product and service changes.  *Bionpharma*, 582 F. Supp.3d at 175.  Hence, in *Register.com*,

2

which analyzed irreparable harm in a breach of contract case, the Second Circuit affirmed a finding that it was "impossible to estimate with any precision the amount of the monetary loss which has resulted and which would result in the future from the loss of [the plaintiff's] relationships with customers and co-brand partners.'" *Register.com, Inc.*, 356 F.3d at 404 (internal quotation marks omitted).

The fact pattern here is analogous to those set forth in the case law above, involving irreparable harm findings based on contractual breaches:  each day, Mollytea Shops suffers immediate and irreparable harm by being deprived of its contractually bargained-for and guaranteed rights to assume operational control of the entities, by MHL's exploitation of the Joint Venture Entities as direct competitors to Molly Tea for MHL's sole benefit; and by damage to Mollytea Shops' reputation, goodwill, and business opportunities.  (*See* Am. Compl. ¶¶ 153, 273.)  Moreover, the public reasonably confuses these competitors with legitimate Molly Tea businesses due to their holistic visual and operational similarity to their prior Molly Tea statuses.  Yet, Plaintiffs are unable to bring the businesses within Molly Tea's quality-control standards, engage in potential new opportunities, and derive profits from the businesses—as they are contractually entitled.  These lost business opportunities are also not readily quantifiable.

B.    **The Subversion of the Joint Venture Entities' Corporate Purpose Also Constitutes Irreparable Harm**

Each Joint Venture Entity was formed, and exists, for a single purpose:  to operate an authorized Molly Tea store.  Pursuant to their Bylaws, each "Corporation is formed for the purposes of . . . operating retail beverage stores under the brand 'Molly Tea' pursuant to the License Agreement."  (Bylaws § 1.3.)  Yet, notwithstanding Mollytea Shops' unambiguous contractual right to assume operational control over the Joint Venture Entities due to MHL's numerous breaches, MHL not only refuses to comply with that right, but also subverts the sole

corporate purposes of those entities.  Put simply, MHL not only injures Mollytea Shops by failing to surrender operational control of the Joint Venture Stores but also irreparably injures the Joint Venture Entities themselves by directly undermining the purposes for which they exist: to operate Molly Tea stores, a fact courts have recognized as irreparable injury.  Illustratively, in *Bishop v. Rubin*, the Appellate Division found "ample evidence of irreparable injury to [a] partnership" where a terminated managing agent continued to exercise "management control" over a shopping center.  228 A.D.2d 222, 224 (1st Dep't 1995).  And in *Yemini v Goldberg*, the Appellate Division held that "because control and management of [an entity] and its holdings were at stake, money damages were not sufficient" to remedy a nominee's undertaking "unilateral action" concerning a business entity; thus and the movant "established the element of irreparable injury."  60 A.D.3d 935, 937 (2d Dep't 2009).

Analogously here, each day that MHL continues to operate the Joint Venture Stores, MHL generates new revenues, dissipates the entities' assets, incur new liabilities, and expose the entities to third-party claims that cannot be unwound after the fact.  (Am. Compl. ¶ 153.)  That harm compounds daily in ways that cannot be reliably valued and is therefore not adequately remedied at law.  Defendants are not merely terminated agents continuing to manage a business; they are operating unlicensed, unauthorized stores under the corporate shells of intended Molly Tea entities in direct competition with Molly Tea.  The very existence of the Joint Venture Entities as "?Tea" stores irreparably harms those entities.  Defendants' continued breaches of contract are not compensable wrongs but in and of itself constitute the irreparable harm:  ongoing, unquantifiable injury to the entities that no award of monetary damages can remedy.

**C.    The Shareholder Agreements Expressly Provide for the Issuance of the Preliminary Relief Sought**

Lastly, it bears emphasizing that the parties have already stipulated that injunctive relief is proper under the present, undisputed facts.  The Shareholder Agreements expressly provide that a party is "entitled" to seek a TRO or preliminary injunction to "(1) prevent any actual or threatened breach of this Agreement; (2) specifically enforce the provisions of this Agreement; or (3) otherwise avoid immediate and irreparable harm" (Shareholder Agreements § 9.3(a)) and that "[t]he parties hereby acknowledge that damages would be an inadequate remedy for any breach of," *inter alia*, Article VI of the Shareholder Agreements, which contains MHL's trade secret and confidential information obligations.  (*See, e.g.*, Shareholder Agreements §§ 6.1-6.4.)

Plaintiffs now seek interim relief under each of those three provisions.  MHL has materially breached the Shareholder Agreements in myriad ways, including by refusing to surrender operational control of the Joint Venture Entities to Mollytea Shops and by subverting the corporate purposes of the Joint Venture Stores as direct competitors to Molly Tea.  MHL has also threatened to continue its breaches, stating it "will not, under any circumstances, surrender possession or control of the stores."  (*See* ECF No. 101-6.)  Plaintiffs seek (and are entitled to) preliminary injunctive relief pursuant to the express provisions of the Shareholder Agreements.

## <u>CONCLUSION</u>

As such, the Court should enjoin Defendant MHL NY LLC as set forth in the Proposed Order to Show Cause (ECF No. 101-1).

Dated: New York, New York
  July 22, 2026

       By:  */s/ Joseph M. DiPietro*
       Lee Bergstein
       Bradley P. Pollina
       Joseph M. DiPietro
       BERGSTEIN FLYNN KNOWLTON & POLLINA
       PLLC

       780 Third Avenue, Suite 902
       New York, New York 10017
       lee@bfklawoffice.com
       brad@bfklawoffice.com
       joseph@bfklawoffice.com
       Tel: 212-803-9025
       *Counsel for Plaintiffs*