# LAW OFFICES OF CHEN & ASSOCIATES, P.C.

## COUNSELORS & ATTORNEYS AT LAW

**Queens Office**
**37-12 Prince Street, Suite 9D**
**Flushing, New York 11354**
**Tel: (718)886-1858/4858**
**Fax: (800) 490-0564**

**Brooklyn Office**
**6402 8th Avenue, Suite 604**
**Brooklyn, NY 11220**
**Tel: (347) 899-4777**
**Fax: (800) 490-0564**

**www.ymclaw.com**
*Please direct all correspondence to our Queens Office*

**\*\* Yimin Chen**
**mindy@ymclaw.com**
**\*Binyue Xiao**
**brianna@ymclaw.com**
**\*Haizhan Zheng**
**allanzheng@ymclaw.com**
**Beini Zhang**
**betty@ymclaw.com**
**Lynn Yu**
**lynnyu@ymclaw.com**
**Sunny Lin**
**sunny@ymclaw.com**
**\*Admitted in NY**
**\*\*Admitted in NY&NJ**

July 22, 2026

Via ECF

Hon. John P. Cronan
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

> **Re:** ***Shenzhen Molly Tea Food and Beverage Management Co., Ltd., et al. v. MHL NY LLC, et al.*, No. 26-cv-4051 (JPC)**
> **Defendants' Supplemental Letter Brief Regarding Irreparable Harm**

Dear Judge Cronan:

Pursuant to the Court's July 20, 2026 Order, Defendants respectfully submit this letter addressing the Court's question whether Plaintiffs have established irreparable harm arising from their alleged breach-of-contract claims. They have not.

Even assuming, solely for purposes of this motion, that Plaintiffs possess the contractual governance rights they assert, those alleged rights do not justify the extraordinary mandatory injunction they seek. Rather than preserving the status quo, Plaintiffs ask the Court to transfer operational control of ongoing businesses before the parties' contractual rights have been adjudicated. Such relief requires a showing of actual, imminent, non-compensable injury.

1

*Rodriguez ex rel. Rodriguez v. DeBuono*, 175 F.3d 227, 234 (2d Cir. 1999); *Faiveley Transp. Malmo AB v. Wabtec Corp.*, 559 F.3d 110, 118-19 (2d Cir. 2009).

**First, Plaintiffs seek a mandatory injunction that alters the status quo**.

Plaintiff seeks mandatory relief, not prohibitory relief. Defendants have continuously operated the businesses at issue. Plaintiff does not ask the Court merely to preserve present conditions pending adjudication. It asks the Court to displace the current operators, compel turnover of control, and install Plaintiff in charge now. Mandatory injunctions are particularly disfavored because they provide substantially all of the ultimate relief sought before liability has been determined.

That relief alters, rather than preserves, the status quo. Where a movant seeks preliminary relief that changes existing conditions or compels affirmative action, the required showing is especially demanding. Rodriguez, 175 F.3d at 234. That principle is decisive here. Equity strongly disfavors compelling a court-ordered transfer of an operating business before liability has been established.

**Second, Plaintiffs' reliance on *Wisdom* is misplaced**.

Plaintiff's principal authority on irreparable harm is likely *Wisdom Import Sales Co. v. Labatt Brewing Co.*, 339 F.3d 101 (2d Cir. 2003). But *Wisdom* involved a fundamentally different injury.

There, the plaintiff sought to prevent a proposed transaction that would permanently deprive it of a bargained-for minority veto right. Because that right could only be exercised before the transaction closed, the Second Circuit held that its imminent loss constituted irreparable harm. *Id.* at 113-15.

This case is materially different. Plaintiff identifies no pending transaction that threatens permanently to extinguish any contractual governance right. Instead, Plaintiff challenges

historical conduct that, by its own allegations, occurred months before this action. The alleged breaches had already occurred when Plaintiff sought emergency relief, and Plaintiff's July 10 notice created no new imminent injury.

Unlike *Wisdom*, this case does not involve a governance right that must be exercised before an impending transaction or any imminent event after which the asserted contractual right can never be vindicated. Plaintiff instead seeks to unwind past conduct and obtain immediate control of ongoing businesses before the merits have been decided.

*Wisdom* therefore does not establish that every alleged interference with contractual governance rights constitutes irreparable harm. It recognizes irreparable injury only where a bargained-for right will be permanently lost absent immediate relief. Because no such circumstance exists here, *Wisdom* does not support the mandatory injunction Plaintiff seeks.

**Third, Plaintiffs rely on trademark-type harms, not contractual harms**.

The Court has asked whether Plaintiff has established irreparable harm under a breach-of-contract theory. It has not.

Plaintiff's alleged harms—injury to goodwill, reputation, brand standards, quality control, and customer confusion—are trademark or unfair-competition injuries. They may be relevant to other claims, but they do not establish irreparable harm arising from an alleged breach of contract.

Moreover, by relying on trademark-type injuries, Plaintiffs necessarily place ownership of the asserted trademark rights at issue. Defendants have challenged Plaintiffs' claimed ownership with competent evidence, yet Plaintiffs make no attempt to establish a likelihood of success on those rights. In any event, trademark-based allegations are not the question before the Court and cannot establish irreparable harm under Plaintiffs' contract theory.

Once those allegations are set aside, all that remains is a dispute over which party has the

contractual right to control the businesses. But such injuries are not irreparable where money damages or final equitable relief can make the plaintiff whole. *Faiveley*, 559 F.3d at 118-19; *JSG Trading Corp. v. Tray-Wrap, Inc.*, 917 F.2d 75, 79-80 (2d Cir. 1990).

Plaintiff identifies no contractual right that will be permanently lost absent immediate relief. Its claim is simply that it should control the businesses now rather than after judgment. That is the merits dispute—not irreparable harm.

**Fourth, any alleged contractual injury can be fully remedied after final judgment**.

Irreparable harm requires an injury that is actual, imminent, and incapable of being remedied after final judgment. *Rodriguez*, 175 F.3d at 234. Where an adequate legal or equitable remedy exists, preliminary injunctive relief is unavailable absent extraordinary circumstances. *Faiveley*, 559 F.3d at 118.

Plaintiff cannot satisfy that standard. If it ultimately prevails, the Court can grant declaratory relief, specific performance, an accounting, damages, dissolution-related relief, or other appropriate equitable remedies. Plaintiff identifies no contractual right that will become impossible to vindicate if relief is denied now.

This case therefore bears no resemblance to *Wisdom*, where the contractual right would have been permanently lost once a specific transaction closed. Here, Plaintiff seeks immediate control of the businesses while the merits are litigated. That is not irreparable harm.

**Finally, Plaintiffs' delay confirms there is no emergency**.

Plaintiff's own timing independently defeats any claim of imminent irreparable harm. The conduct underlying its contract theory allegedly occurred months before this motion, yet Plaintiff did not seek immediate judicial intervention. Instead, it waited, served its July 10 notice, and only then sought a mandatory injunction.

That delay is significant. The Second Circuit has held that delay in seeking preliminary relief

"undercuts the sense of urgency that ordinarily accompanies a motion for preliminary relief and suggests that there is, in fact, no irreparable injury." *Citibank, N.A. v. Citytrust*, 756 F.2d 273, 276-77 (2d Cir. 1985).

If Plaintiff truly faced irreparable harm requiring the immediate transfer of operational control, it would have sought relief when the alleged breaches occurred, not months later. The July 10 notice did not create a new emergency; it merely marked Plaintiff's decision to pursue its claims.

For all of these reasons, Plaintiff has identified no actual, imminent contractual injury that will be permanently lost absent immediate relief. Unlike *Wisdom*, this case does not involve a pending transaction that threatens to extinguish a bargained-for contractual right before final judgment. Instead, Plaintiff seeks a mandatory injunction transferring control of ongoing businesses before the parties' contractual rights have been adjudicated, even though any contractual rights it ultimately proves may be fully vindicated through final legal or equitable relief.

Accordingly, because Plaintiffs have failed to establish irreparable harm under their breach-of-contract theory, the Court should deny their request for a preliminary injunction.

Respectfully submitted,

/s/ Yimin Chen_____
Yimin Chen
Counsel for Defendants