**BFKP**   **BERGSTEIN FLYNN KNOWLTON+ POLLINA**

**Joseph DiPietro**
Office: (212) 803-9025
Direct: (212) 803-9041
joseph@bfklawoffice.com
780 Third Avenue, Suite 902
New York, New York 10017

July 23, 2026

**Via ECF and E-Mail**
Hon. John P. Cronan
United States District Court
Southern District of New York
500 Pearl Street, Room 1320
New York, New York 10007-1312
CronanNYSDChambers@nysd.uscourts.gov

> **Re:**   ***Shenzhen Molly Tea Food and Beverage Management Co., Ltd. et al. v.  MHL NY LLC et al.***; **Case No. 1:26-cv-04051-JPC**

Dear Judge Cronan:

We represent the Plaintiffs in the above action.  We respectfully submit this letter, pursuant to Rule 6(A) of Your Honor's Individual Rules and Practices in Civil Cases, in opposition to Defendants' pre-motion letter for leave to file a motion to dismiss (ECF Nos. 120 – 120-3).  For the reasons set forth below, Plaintiffs respectfully request that the Court deny Defendants' application for leave.

"Abstention from the exercise of federal jurisdiction is the exception, not the rule.  The doctrine of abstention . . . is an extraordinary and narrow exception to the duty of a District Court to adjudicate a controversy properly before it."  *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 813 (1976) (internal quotation marks omitted).  "[T]here is little or no discretion to abstain in a case which does not meet traditional abstention requirements." *LeChase Constr. Servs., LLC v. Argonaut Ins. Co.*, 63 F.4th 160, 173 (2d Cir. 2023).  "'Only the clearest of justifications will warrant dismissal.'"  *Mochary v. Bergstein*, 42 F.4th 80, 86 (2d Cir. 2022) (quoting *Colorado River*, 424 U.S. at 819).

A two-step inquiry determines whether abstention is warranted.  First, "courts are directed to make a threshold determination that the concurrent proceedings are parallel."  *Mochary*, 42 F.4th at 85 (internal quotation omitted). "'Suits are parallel when substantially the same parties are contemporaneously litigating substantially the same issue in another forum.'"  *Id*.

Second, if suits are parallel, "federal district courts are to consider six factors, with the balance heavily weighted in favor of the exercise of jurisdiction:  (1) whether the controversy involves a res over which one of the courts has assumed jurisdiction; (2) whether the federal forum is less inconvenient than the other for the parties; (3) whether staying or dismissing the federal action will avoid piecemeal litigation; (4) the order in which the actions were filed, and whether proceedings have advanced more in one forum than in the other; (5) whether federal law provides the rule of decision; and (6) whether the state procedures are adequate to protect the plaintiff's

federal rights." *Niagara Mohawk Power Corp. v. Hudson River-Black River Regulating Dist.*, 673 F.3d 84, 100–01 (2d Cir. 2012) (internal citations and quotation marks omitted).

Here, Defendants' analysis fails at the threshold—this action and the Queens Action[1] are not parallel because they do not involve substantially the same parties or issue. First, there is no unity of parties across the actions. The three Plaintiffs here are Shenzhen Molly Tea Food and Beverage Management Co., Ltd., Molly Tea Holding Inc., and Mollytea Shops LLC, both directly and derivatively on behalf of Molly Tea NYC Inc., Molly Tea BK Inc., and Molly Tea Manhattan Chinatown Inc.; the six Defendants are: MHL NY LLC, Molly Tea CU LLC, Genesis Brand Management LLC, Mei Hui Lin, Xiaozhe Liu a/k/a Ziaozhe Liu, and Binbin Xu; there are also three Nominal Defendants: Molly Tea NYC Inc., Molly Tea BK Inc., and Molly Tea Manhattan Chinatown Inc. In the Queens Action, by contrast, the one plaintiff is MHL NY LLC; the twenty-five defendants are: MOLLYTEA Franchising LLC, MollyTea USA Inc., Molly Tea Holding Inc., Molly Tea IP Inc., Mollytea Brand LLC, MollyTea Shops LLC, MollyTea Supplychain LLC, Shenzhen Molly Tea Food and Beverage Management Co., Ltd., Shenzhen Molly Tea Catering Management Co., Ltd., Biao Zhang (张彪), Duo Gao Wen a/k/a Jason Wen, Haiyang Zhang (张海洋), Yiding Sun (孙一丁), Jiana Chen (陈佳娜), Yang Liu (刘洋), and John Does and Jane Does 1-10.

Thus, only one of the six Defendants here is a party in the Queens Action, only three of the twenty-five defendants in the Queens Action are parties in this action, and one of the Plaintiffs in this action brings its claims derivatively on behalf of three Nominal Defendants that are not parties in the Queens Action. Nor are all the Queens defendants even represented by the same counsel, many have not appeared, and no defendants have been properly served. As such, Defendants cannot possibly demonstrate that there are "substantially the same parties" in both actions.

Nor is there a unity of issues across the two actions. The lone plaintiff in the Queens Action pleads fifteen causes of action, seeking damages and injunctive and declaratory relief, based principally upon those defendants' alleged breaches of certain LLC agreements and other contract- and tort-based claims related thereto and to the several leases. The Shareholder Agreements, upon which a substantial portion of Plaintiffs' direct and derivative claims here are based, form the basis of no claim in the Queens Action; the plaintiff there pleads its claims under different instruments—the purported LLC agreements, which Plaintiffs have previously addressed in this Court. Even the Brand License Agreement, which represents the other substantial portion of Plaintiffs' claims here, is mentioned only in passing in the Queens complaint and does not form the basis of any claim there. Meanwhile, the final substantial portion of Plaintiffs' claims here are based solely upon federal and state trademark law.

Indeed, the second, thirteenth, and fourteenth causes of action here, which Defendants explicitly claim should be heard in state court, are based solely upon the Shareholder Agreements, which are not at issue in the Queens Action. That is because the claims under the Shareholder Agreements arose principally *after* the initiation of the Queens Action—when Defendants "rebranded" the Joint Venture Stores as "'?Tea" stores—and no claim in that action seeks an

---

[1] *MHL NY LLC v. MOLLYTEA Franchising LLC et al.*, Index No. 711066/2026 (N.Y. Sup. Ct. Queens Cnty. filed Apr. 16, 2026) (the "**Queens Action**").

adjudication of rights under them.  Likewise, *none* of the remaining causes of action here that Defendants seek to have this Court abstain from adjudicating (the first, third, tenth, eleventh, thirteenth, and the identified portion of the fifteenth) are at issue in the Queens Action.

Moreover, the federal and state-law claims in this action are fundamentally intertwined such that abstaining from adjudicating only part of them would prejudice both Plaintiffs and Defendants and be highly inefficient.  Plaintiffs' trademark claims arise under both federal and state law, and the licensing of those trademarks is a creature of contract; hence, adjudication of the contract claims under the Brand License Agreement and the trademark claims should be heard in one forum.  Further underscoring the illogic of Defendants' application is that they only ask this Court to abstain from hearing *some* of Plaintiffs' state law claims, while leaving others untouched, including the sixth through ninth causes of action.

As such, Defendants' application fails at the threshold analysis.  In any event, even if the suits are parallel, the subsequent six-pronged analysis clearly favors the retention of jurisdiction by this Court.  As to prong one, there is no res over which either court has assumed jurisdiction, a factor that favors retention.  As to prong two, the federal forum is more convenient than the Queens court, given that two of the four store locations are in Manhattan, while only one is in Queens.  As to prong three, dismissing the federal action would *cause* piecemeal litigation, as discussed above, rather than avoid it, including because of the non-unity of parties and claims.  As to prong five, federal law provides the rule of decision as to the portion of Plaintiffs' claims based upon federal trademark law, and those claims are intertwined with the contract-based claims that Defendants now seek to have dismissed.  As to prong six, state procedures would not adequately protect Plaintiffs' federal rights because of the intertwined nature of the claims and this Court's greater facility with federal trademark law.

Nor does prong four favor Defendants; although the Queens Action was initiated slightly before this action, this action is far more advanced, as the Court has adjudicated two emergency applications, held evidentiary hearings, and received testimony, while the injunction motion in the Queens Action is still awaiting decision.  Moreover, the Queens Action is very likely subject to dismissal due to both the complete lack of merit of the claims (documentary evidence utterly refutes the factual allegations) and the fact that the plaintiff there has taken zero steps to serve any defendant other than Biao Zhang and, as to him, service was woefully deficient as a matter of law.[2] Separately, the "first-filed" rule Defendants invoke relates to duplicative federal actions; where the concurrent proceeding is pending in state court, *Colorado River* controls.  Hence, each of the six factors favors retention or is neutral, and where a "factor is facially neutral, that is a basis for retaining jurisdiction, not for yielding it."  *Niagara*, 673 F.3d at 101 (internal quotation marks omitted).

Thus, Defendants cannot demonstrate that the "extraordinary and narrow exception" to this Court's "duty" to "adjudicate a controversy properly before it" applies.  *See Colorado River*, 424 U.S. at 813.  Therefore, Defendants' application should be denied.  We thank the Court for its time and attention to this matter.

---

[2] The Queens plaintiff has apparently taken the position in the Queens Action that it need not effectuate statutorily valid service upon the defendants.  That argument is without merit.

Respectfully submitted,

**BERGSTEIN FLYNN KNOWLTON & POLLINA PLLC**

By: ___*/s/ Joseph M. DiPietro*___
Joseph M. DiPietro
Lee Bergstein

cc:    All counsel of record
       (via ECF and e-mail)