**BFKP** BERGSTEIN FLYNN KNOWLTON+ POLLINA

**Joseph DiPietro**
Office: (212) 803-9025
Direct: (212) 803-9041
joseph@bfklawoffice.com
780 Third Avenue, Suite 902
New York, New York 10017

July 28, 2026

**Via ECF and E-Mail**
Hon. John P. Cronan
United States District Court
Southern District of New York
500 Pearl Street, Room 1320
New York, New York 10007-1312
CronanNYSDChambers@nysd.uscourts.gov

> **Re:    *Shenzhen Molly Tea Food and Beverage Management Co., Ltd. et al. v. MHL NY LLC et al.*; Case No. 1:26-cv-04051-JPC**

Dear Judge Cronan:

We represent the Plaintiffs in the above action. We respectfully submit this letter in further support of Plaintiffs' motion for a temporary restraining order and preliminary injunction, and in response to the Court's request, at the July 23, 2026 oral argument on Plaintiffs' motion, for supplemental briefing on the discrete issues addressed herein.

First, the accompanying declaration of Wenduo Gao, dated July 28, 2026, details the transition plan the Plaintiffs are prepared to implement upon the issuance of an order transferring control of the Joint Venture Stores to Mollytea Shops. As set forth in that declaration, the undersigned firm is prepared to assist Plaintiffs' transition efforts by coordinating with Defendants' counsel for the orderly handover of keys, alarm codes, safe combinations, and administrative credentials (point-of-sale, delivery platform, banking, utility, and vendor accounts).

Second, the accompanying declaration of Biao Zhang, dated July 28, 2026, addresses the Court's inquiry regarding the "made effective" dates appearing in each of the Shareholder Agreements. As explained in that declaration, the three Shareholder Agreements were executed on or about January 15, 2026, as is consistent with the First Amended Verified Complaint, Mr. Zhang's prior declaration, dated June 1, 2026, and the WeChat conversation, annexed to that declaration, conclusively showing the exchange of the executed agreements by the parties. The parties' decision to enter dates of January and March 2025 in the "made effective" spaces on those agreements was a deliberate business decision to align the stores' financial reporting periods with the commencement of their operations and capitalization and to memorialize that Mollytea Shops' ownership interest ran from those dates.

Even now, the chronology of the execution of the Shareholder Agreements is not in dispute. Importantly, at oral argument on Plaintiffs' motion, Defendants' attorney conceded that the Shareholder Agreements were signed in 2026: "I do know that you asked about the dates of the

shareholder agreement, and I was able to quickly confer with my client, and I believe that those were executed in January of '26, not '25." (July 23, 2026 Oral Arg. Tr. 30:4-7.)[1]  Following that concession, the Court observed that "it doesn't seem like there's a dispute as to the operable version of the shareholders agreements." (July 23, 2026 Oral Arg. Tr. 34:3-4.)  Thus, there is no dispute that the Shareholder Agreements were executed in 2026, *after* the July 3, 2025 date[2] borne by the unexecuted[3] LLC agreements, on which Defendants seemingly rely.  Indeed, Defendants' submission further refutes their own position: Defendants rely on the unexecuted LLC agreements, while simultaneously conceding, through the very exhibits they attach, that MHL NY LLC executed Shareholder Agreements governing the Joint Venture Entities in January 2026.

"Under New York law, it is well established that a subsequent contract regarding the same matter will supersede the prior contract." *Applied Energetics, Inc. v. NewOak Cap. Markets, LLC*, 645 F.3d 522, 526 (2d Cir. 2011) (internal quotation marks, alteration, and citation omitted); *see Edgewood Partners Ins. Ctr. Inc. v. PPD Dev., L.P.*, No. 1:22-cv-06957-VF, 2026 WL 801880, at *8 (S.D.N.Y. Mar. 23, 2026); *BAE Sys. Info. & Elec. Sys. Integration Inc. v. L3Harris Cincinnati Elecs. Corp.*, 716 F. Supp.3d 206, 222 (S.D.N.Y. 2024).  As such, the Shareholder Agreements are unambiguously the operative agreements governing the Joint Venture Stores.

Finally, Defendants' sur-reply, dated July 27, 2026 (ECF Nos. 128 – 128-3), in opposition to Plaintiffs' motion, is unauthorized and should be disregarded.  *See* Cronan, J. Indiv. R. 2.B ("Sur-reply memoranda will not be accepted without prior permission of the Court.")  Defendants were fully capable of making their instant arguments in their opposition papers, yet failed to do so.  Moreover, it was Plaintiffs whom the Court invited to investigate the dates of the Shareholder Agreements and report back, as Defendants' counsel acknowledged. (July 23, 2026 Oral Arg. Tr. 30:12-13) ("[W]hen plaintiffs investigate that, they should specifically investigate that issue.")  Additionally, Defendants' sur-reply continues to allude to the same procedurally barred and unmeritorious contention regarding the ownership of the Molly Tea trademarks that they improperly raised in their reconsideration motion.

In any event, Defendants' contentions are without merit.  Far from presenting any basis to deny the requested relief, Defendants' sur-reply is merely a thin, last-minute submission to muddle the record.  Defendants simply attach the versions of the Shareholder Agreements that were executed by MHL prior to Mollytea Shops' counter-execution and thereby assert that the record contains "two materially different versions" of the Shareholder Agreements.  This is not so.

Initially, Defendants' letter is unsworn attorney argument, attaching unauthenticated exhibits; no declaration from Defendant Liu or anyone else denies that MHL assented to the effective date.  Further, even if the Shareholder Agreements were only effective as of the date of

---

[1] A true and accurate copy of relevant excerpts of the July 23, 2026 oral argument transcript is annexed hereto as **Exhibit 1**.

[2] Paragraph three of Defendant Lin's own declaration, dated July 15, 2026 (ECF No. 111-1), asserts that the LLC agreements were executed on or about July 3, 2025.

[3] Only the equity schedules, attached as exhibits, appear to be executed.  The LLC agreements themselves are not executed.

their execution, in January 2026, they still would have been operative during MHL's breaches and the dissolution events.  Therefore, any dispute as to the agreements' effectiveness during 2025 is relevant only to damages and not the sufficiency of the facts supporting an injunction.

That the "made effective" dates were handwritten, in the blank spaces reserved for those dates, upon Mollytea Shops' counter-execution of the agreements reflects nothing more than ordinary contract practice.[4]  This is all the more unremarkable, given that, as explained in the accompanying Zhang declaration, the purpose of the "made effective" dates was relevant primarily, if not exclusively, to Mollytea Shops.  That Defendants have now produced the partially executed documents, which obviously existed, is nothing but the latest red herring offered by MHL.

Notwithstanding Defendants' submission, the record conclusively establishes that the Shareholder Agreements are the presently operative documents governing the Joint Venture Entities and that they explicitly provide for Mollytea Shops' right to assume operational control of those entities.  Defendants' eleventh-hour attempt to manufacture uncertainty should be seen for what it is: an effort to delay a ruling while Defendants continue to operate the Joint Venture Entities, in defiance of contractual rights their own submission now confirms—precisely the continuing harm the requested relief is designed to end.  As such, the Court should grant the injunctive relief Plaintiffs request.

We thank the Court for its time and attention to this matter.

Respectfully submitted,

**BERGSTEIN FLYNN KNOWLTON & POLLINA PLLC**

By:    _/s/ Joseph M. DiPietro_
Joseph M. DiPietro
Lee Bergstein

cc:    All counsel of record
(via ECF and e-mail)

---

[4] Defendants' statement, in sur-reply, that the undersigned represented at oral argument that the dates in the Shareholder Agreements may have been scrivener's errors, is inaccurate.  The undersigned suggested that certain January 15, 2026 references in Plaintiffs' filing—not the dates appearing in the agreements themselves—may have been scrivener's errors.  (*See* July 23, 2026 Oral Arg. Tr. 3:18-4:6.)  Upon investigation, there was no error; the Shareholder Agreements were executed on or about January 15, 2026, and were made effective as of the dates written in the agreements, as the accompanying Zhang declaration explains.