# Exhibit 1

Q7NKSHEO

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------x

SHENZHEN MOLLY TEA FOOD AND
BEVERAGE MANAGEMENT CO., LTD,
*et al.*,

                    Plaintiffs,

          v.                              26 CV 4051 (JPC)

MHL NY LLC, *et al.*,

                                          Oral Argument

                    Defendants.

-------------------------------x
                                          New York, N.Y.
                                          July 23, 2026
                                          4:00 p.m.

Before:

                    HON. JOHN PETER CRONAN,

                                          District Judge

                         APPEARANCES

BERGSTEIN FLYNN KNOWLTON & POLLINA PLLC
     Attorneys for Plaintiffs
BY:  LEE BRETT BERGSTEIN
     JOSEPH MATTHEW DiPIETRO

McGEARY CUKOR LLC
     Attorneys for Non-Nominal Defendants
BY:  MICHAEL CUKOR

     -AND-

LAW OFFICES OF PETER SVERD PLLC
BY:  PETER ERIK SVERD

But let me start with the plaintiffs and ask some questions to make sure I understand everything correctly.

One of them — maybe I will start with Mr. DiPietro — various materials that you've filed — the amended complaint, Biao Zhang's affidavit, the WeChat records — seem to suggest that the operative shareholder agreement was executed on January 15, 2026.  The version of the shareholders agreements that are attached to the amended complaint seem to state that two of them are effective January 1, 2025, and then one March 1, 2025.

Is there a 2026 version as well?

MR. DiPIETRO:  Your Honor, I'm looking at the shareholder agreement that's Document 100-3, which is attached to the amended complaint.  Those are the -- to my knowledge, those are the shareholder agreements that are operative.  And I see Exhibit A to the shareholder agreement is dated January 1, 2025.

THE COURT:  So, for example, paragraph 48 of the amended complaint says on January 15, 2026, Liu returned all three executed shareholder agreements.  And then the reply, your reply in connection with this motion, at the first exhibit, so Docket 113-1, Mr. Bergstein's declaration Exhibit A, which is an affirmation from Biao Zhang at paragraph 10, refers to shareholder agreements that Liu and I, on behalf of Mollytea Shops, signed on or about January 15,

Q7NKSHEO

2026, so there are repeated references to that, the 2026 date.

Is that a separate shareholder agreement, or is that the same?

MR. DiPIETRO:  No, your Honor, it's not a separate agreement.  I believe that that was largely a scrivener's error that made its way from one document into several of the others.

THE COURT:  Okay.

Then there are these WeChat records at Docket No. 59-7.  That's Mr. Bergstein's declaration in support of the plaintiffs' motion and in opposition to the cross-motion with the TRO application, and those WeChat records also are dated 2026.  They're in Chinese, but they seem to attach a shareholder agreement again as well.  That's at Docket No. 59-7.

MR. DiPIETRO:  Your Honor, I'm looking at 59-7, which are the WeChat conversations.  I do see where it says January 15, 2026, but the agreements -- one of the agreements is dated in March of 2025, one of the agreements is dated January 2025.  To my knowledge, those are the only shareholder agreements that exist.  To the extent that the January 2026 WeChat exchanges are a year in the future, those are exchanging, to my knowledge, the shareholder agreements that are dated from 2025.

THE COURT:  It seems kind of odd that not only does it reference 2026, but the exact same date, January 15, 2026.

unexecuted here?  Wouldn't the shareholder agreement take priority?

MR. CUKOR:  I don't know about that, your Honor.  I just don't know.  But I do know that you asked about the dates of the shareholder agreement, and I was able to quickly confer with my client, and I believe that those were executed in January of '26, not '25.  And I think that we're going to find that those handwritten 2025 things on top may have been written after he signed them, and that those were not part of the agreements when he signed them.  So there might be some dispute about that.

So when plaintiffs investigate that, they should specifically investigate that issue.

THE COURT:  Are you opposing the breach of contract claims being heard in arbitration?  There is a mandatory arbitration provision in Section 9.2.

MR. CUKOR:  Are we asking for mandatory arbitration?

THE COURT:  Well, I'm asking if you oppose that.  It seems to me that Section 9.2 of the shareholder agreement has a mandatory arbitration provision.  Am I remembering that right?

MR. CUKOR:  I thought you said it was not mandatory, your Honor.

THE COURT:  Yes, I believe it is mandatory aside for a permanent injunction like this.  Any dispute, controversy, or claim arising out of or relating to this agreement, including

Q7NKSHEO

MR. BERGSTEIN:  Yes, yes.

THE COURT:  When can you submit that along with -- although it doesn't seem like there's a dispute as to the operable version of the shareholders agreements.

MR. BERGSTEIN:  By Tuesday, your Honor?

THE COURT:  Okay.

Well, submit that when you can.  I will continue to take this under advisement, and then if there's a need for a further hearing, I'll schedule something; if not, I'll convene again to issue a ruling.

All right.  Thank you, everyone.  Have a good day.

MR. SVERD:  I'm sorry, Judge, I don't want to take the Court's time.  Are we going to have a full brief on this, or the letters and those supplements is what the Court's going to base its decision on for the TRO and the preliminary injunction or just the TRO?

THE COURT:  Didn't you file an opposition?

MR. CUKOR:  There was an opposition filed, your Honor, but I think if there's going to be a TRO and PI, we have witnesses.  We'd love to have a hearing on that.  There's important issues that need clarification.

MR. DiPIETRO:  Your Honor, respectfully, the shareholder agreements are dispositive.  There's no evidence that's needed to resolve this beyond the contract.

THE COURT:  If there's a need for a hearing, I'll let