**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SHENZHEN MOLLY TEA FOOD AND BEVERAGE MANAGEMENT CO., LTD. *et al.*,<br><br>     Plaintiffs,<br><br>     -against-<br><br>MHL NY LLC, *et al.*,<br><br>     Defendants. | 1:26-cv-04051-JPC<br><br>**DECLARATION OF**<br>**<u>WENDUO GAO</u>** |

I, Wenduo (a/k/a Jason) Gao, declare as follows, pursuant to 28 U.S.C. § 1746:

1.  I respectfully submit this declaration in further support of Plaintiffs' motion for a temporary restraining order and preliminary injunction, to describe the operational plan Plaintiffs have prepared for the orderly transition of the Joint Venture Stores[1] to Plaintiffs' operational control pursuant to the Shareholder Agreements.

2.  I am over 18 years of age.  I have personal knowledge of the facts and circumstances stated herein.

3.  My native language is Mandarin Chinese and I read Simplified Chinese.  This declaration was originally drafted in English and has been translated into Simplified Chinese.  I have read the Simplified Chinese translation of the declaration and understand its contents.  A true and accurate copy of that Simplified Chinese translation, along with a certificate of translation accuracy, is annexed hereto as **<u>Exhibit 1</u>**.

4.  I am employed by Shenzhen Molly Tea Food and Beverage Management Co., Ltd., a plaintiff in this matter, as its regional director for the Eastern United States.  In that capacity, I

---

[1] Defined terms have the meanings ascribed to them in the First Amended Verified Complaint (ECF No. 100).

oversee Molly Tea's operations in the Eastern United States, and will be responsible for overseeing the transition and the subsequent operations of the three Joint Venture Stores located in Flushing (37-11C Prince Street, Flushing, New York 11354), Brooklyn (5909 8th Avenue, Brooklyn, New York 11220), and Chinatown (63 Mott Street, New York, New York 10013).

5.    Plaintiffs have prepared a detailed plan for the transition of operational control of the Joint Venture Entities, and their respective Joint Venture Stores, from Defendant MHL NY LLC to Plaintiff Mollytea Shops ("**Transition Plan**").  I participated directly in preparing the Transition Plan and will be responsible for its implementation.  This plan is deliberately cognizant of Plaintiffs' desire to continue normal operations at the Joint Venture Stores, with minimal disruption to employees, customers, business partners, and landlords.  To that end, the plan is executable immediately upon entry of an order or Defendants' compliance with the Dissolution Notices sent on July 10, 2026, whichever comes sooner.  The principal elements of the Transition Plan are set forth below.

6.    Management.  Plaintiffs have assembled a local operations team of four supervisors based in New York who are authorized and prepared to commence the transition immediately upon entry of an order transferring operational control of the Joint Venture Stores to Mollytea Shops and to assume on-site management and supervision of the stores on the same day that such an order is entered.  Plaintiffs' senior personnel will also coordinate the transition, and Plaintiffs anticipate having those personnel present in New York to facilitate same.

7.    Payroll and Employment.  At present, Mollytea Shops intends to continue the employment of all current full-time and part-time employees (other than managers under Defendants' direct control) at their current wages and schedules at the Joint Venture Stores, subject to the installation of Plaintiffs' employees in appropriate management positions.  Upon entry of an

order, Mollytea Shops will quickly verify monthly operating costs for each store and will fund payroll, benefits, and operations through Mollytea Shops or such other Molly Tea affiliate as Mollytea Shops may designate, with ongoing operations funded from the store revenues until access to the Joint Venture Entity bank accounts is fully transferred.

8.      Point-of-Sale System.  Plaintiffs intend to return the Joint Venture Stores to the Chowbus point-of-sale system and to enter into a new service agreement with Chowbus to that end.  Chowbus personnel will go directly to the stores to install the systems.  Plaintiffs have already been in contact with a dedicated manager at Chowbus to timely implement this transition.  Before any change is made to the existing point-of-sale systems, Plaintiffs will export and preserve, in unaltered form, all historical sales, transaction, and reporting data maintained in the stores' existing Toast systems, so that the Joint Venture Entities' complete business records remain intact and available.  To avoid any interruption in sales, the existing Toast systems will remain in operation until the Chowbus systems are installed and functioning at each store, which Plaintiffs anticipate can be accomplished in approximately two days.

9.      Supply Chain.  Plaintiffs have a dedicated inventory manager and maintain an East Coast warehouse from which the Joint Venture Stores can promptly order supplies.  Since Molly Tea stores typically maintain more than one month of inventory, Plaintiffs will facilitate the Joint Venture Stores' drawing on excess supply held by other East Coast Molly Tea locations to address any urgent supply needs at the start of the transition.  Plaintiffs anticipate that sufficient inventory can be sourced quickly.

10.      Safety and Quality Control.  On the first day of the transition, Plaintiffs' operations team will conduct a full food safety and quality control inspection at each of the Joint Venture Stores, including a complete inventory review.  The team will document the condition of each

store at the outset of the transition, including the state of its inventory and equipment.  Each store will thereafter be operated in accordance with Molly Tea's standard operating procedures under the supervision of Mollytea Shops' on-site managers.

11.    <u>Banking</u>.  Plaintiffs will promptly provide updated bank account information to vendors, as necessary to avoid any disruptions in payment.  Upon transfer of access and control of the Joint Venture Entity bank accounts: (1) all revenues will continue to be deposited into the respective Joint Venture Entity accounts; (2) complete books and records will be maintained and segregated; and (3) the ownership and economic rights set forth in the Shareholder Agreements will be unaffected.

12.    <u>Continuity of Leases, Insurers, and Third-Party Partners</u>.  The transition does not require any change to the Joint Venture Stores' legal or commercial arrangements unless there have been unauthorized changes to those arrangements by Defendants in connection with the operation of the "?Tea" stores, in which case commercially reasonable steps will be taken to restore those arrangements so they are consistent with the operation of a Molly Tea store.  Plaintiffs' operations team will promptly provide notice of the management transition, and updated contact and account administration information, to the Joint Venture Stores' landlords, insurance carriers, brokers, utility providers, and third-party partners, including delivery platforms.

13.    <u>Security</u>.  Upon entry of the order, it is my understanding that Plaintiffs' counsel will coordinate with Defendants' counsel for the orderly handover of keys, alarm codes, safe combinations, and administrative credentials (point-of-sale, delivery platform, banking, utility, and vendor accounts), and will re-key locks and update codes upon handover.

14.    Plaintiffs are fully prepared to facilitate the seamless operation of the Joint Venture Stores from the first day of the transition and are prepared to file a verified status report with the

Court within fourteen days of the transition.   Plaintiffs both intend and anticipate minimal disruption and specifically desire that there be no hardship or inconvenience to current Joint Venture Store employees, including interruption to their employment or remuneration.

15.    I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on July 28, 2026 in New York, New York

Wenduo Gao