# LAW OFFICES OF CHEN & ASSOCIATES, P.C.
## COUNSELORS & ATTORNEYS AT LAW

**Queens Office**
**37-12 Prince Street, Suite 9D**
**Flushing, New York 11354**
**Tel: (718)886-1858/4858**
**Fax: (800) 490-0564**

**Brooklyn Office**
**6402 8th Avenue, Suite 604**
**Brooklyn, NY 11220**
**Tel: (347) 899-4777**
**Fax: (800) 490-0564**

**www.ymclaw.com**
*Please direct all correspondence to our Queens Office*

**\*\* Yimin Chen**
**mindy@ymclaw.com**
**\*Binyue Xiao**
**brianna@ymclaw.com**
**\*Haizhan Zheng**
**allanzheng@ymclaw.com**
**Beini Zhang**
**betty@ymclaw.com**
**Lynn Yu**
**lynnyu@ymclaw.com**
**Sunny Lin**
**sunny@ymclaw.com**
**\*Admitted in NY**
**\*\*Admitted in NY&NJ**

July 29, 2026

Via ECF

Hon. John P. Cronan
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

> Re:    **Defendants' Response to Plaintiffs' July 28, 2026 Supplemental Submission Regarding Proposed Transition of Operational Control**
> *Shenzhen Molly Tea Food and Beverage Management Co., Ltd., et al. v. MHL NY LLC, et al.*, **No. 26-cv-4051 (JPC)**

Dear Judge Cronan:

Defendants respectfully submit this letter in response to Plaintiffs' July 28, 2026 supplemental evidence regarding their proposed transition of operational control.

Plaintiffs' proposed transition plan is not an executable operational plan. Gao states that Plaintiffs "intend," "anticipate," and "plan" to install new management, continue operations, fund payroll, transition systems, source inventory, notify landlords and vendors, and assume administrative control. But the submission identifies no actual management personnel or qualifications, no budget or proof of funding, no meaningful implementation timeline, no contingency planning, and no supporting documentation showing that the proposed transfer can occur without disrupting operations. It also assumes without evidentiary support the immediate cooperation of third parties including: employees, landlords, banks, vendors, insurers, payroll providers, delivery platforms, and other third parties whose participation is essential to continued operations. There is no reason to believe that will go smoothly. Gao's declaration shows what Plaintiffs hope to do if control is transferred, but it does not provide evidence to justify a court-

ordered takeover of ongoing businesses that leaves Defendants responsible for the consequences if the plan fails.

Specifically, Plaintiffs plan is to transfer operational control while leaving the existing lease liabilities with Defendants and the individual guarantors. Mei Hui Lin is the sole personal guarantor for each of the three Joint Venture Store leases, Mei Hui Lin and Binbin Xu are the personal guarantors for Columbia store, and Mei Hui Lin, Binbin Xu, and Xiaozhe Liu are the personal guarantors for LIC store. Yet Plaintiffs do not say that they will assume lease obligations, obtain landlord consent, substitute guarantors, indemnify the existing guarantors, reimburse future rent exposure, or protect the guarantors from any defaults that may arise after transfer. Plaintiffs seek the benefits of operational control while leaving Defendants and the individual guarantors exposed if rent is not paid, if a landlord objects, or if a default occurs after Plaintiffs take over management. Those risks cannot be "worked out later." They are immediate equitable consequences of the very relief Plaintiffs seek.

The proposed transition also assumes the same operational-transfer theory applies to all five stores, without explaining why. Gao's declaration addresses only the three Joint Venture Stores. But Plaintiffs' broader requested relief includes both the Columbia and the LIC stores. That is not explained.

In short, Plaintiffs' supplemental evidence only provides an aspirational plan that assumes complete cooperation by all third parties, assumes the same relief across stores with different structures and leaves the consequences of any failure of the plan solely to Defendants.  By ignoring the continuing guarantor exposure that would remain with Defendants, the new evidence does not support entry of the TRO it further supports its denial.


Respectfully submitted,


/s/ Yimin Chen_____
Yimin Chen
Counsel for Defendants


Cc: all counsels on record

2