# BFKP

**BERGSTEIN
FLYNN
KNOWLTON+
POLLINA**

**Joseph DiPietro**

Office: (212) 803-9025
Direct: (212) 803-9041
joseph@bfklawoffice.com
780 Third Avenue, Suite 902
New York, New York 10017

July 30, 2026

**Via ECF and E-Mail**
Hon. John P. Cronan
United States District Court
Southern District of New York
500 Pearl Street, Room 1320
New York, New York 10007-1312
CronanNYSDChambers@nysd.uscourts.gov

> Re:  *Shenzhen Molly Tea Food and Beverage Management Co., Ltd. et al. v.  MHL NY LLC et al.*;  Case No. 1:26-cv-04051-JPC

Dear Judge Cronan:

We represent the Plaintiffs in the above action.  We respectfully submit this letter to correct a material misstatement in Defendants' letter, dated July 29, 2026 (ECF No. 132), Defendants' second unauthorized submission in three days.

In their letter, Defendants state that the preliminary injunction Plaintiffs seek would involve the transfer of operational control of not just the Joint Venture Stores, but also the Columbia Store and LIC Concession.  This is incorrect.

As Plaintiffs' proposed order to show cause (ECF No. 101-1) makes clear, and as is consistent with Plaintiffs' papers in support of their motion and their First Amended Verified Complaint, the requested preliminary injunction would transfer operational control of only the Joint Venture Stores to Mollytea Shops.  (*See* Proposed OSC ¶ 2).  That is because Mollytea Shops' contractual right to assume operational control of the Joint Venture Stores arises under the Shareholder Agreements, which govern the operations of the Joint Venture Stores.  Hence, Defendants rightly observe that Mr. Gao's declaration (ECF No. 131-2) does not discuss the transfer of operational control of the Columbia Store and LIC Concession.  Indeed, the only relief sought as to the Columbia Store and LIC Concession is prohibitory—enforcement against MHL of the negative covenants it undertook in Sections 6.4(b) and 6.5 of the Shareholder Agreements, which restrict MHL's operation of competing stores.  (*See* Proposed OSC ¶ 1(d)-(e)).  This involves no transfer of control of the stores and requires no transition plan.

Regarding Defendants' other assertions in their letter, Plaintiffs simply note that Defendants' complaints go not to the requested injunction, but to the bargain of the Shareholder Agreements, which they knowingly entered as sophisticated parties, as part of the joint venture. As to the personal guaranties, the requested Order changes the Joint Venture Entities' management only; the Entities remain the tenants under their leases, and the guaranties are unaffected.  The

Transition Plan is expressly designed to maintain continuity of the Entities' commercial arrangements and obligations.  A guarantor faces exposure only if the Entities' obligations go unpaid, which is a risk the Transition Plan is designed to eliminate.  Plaintiffs respectfully submit that Defendants' assertions are plainly without merit and no further response is necessary.[1] Plaintiffs, however, will readily supply one, should the Court so request.

      We thank the Court for its time and attention to this matter.

Respectfully submitted,

**BERGSTEIN FLYNN KNOWLTON & POLLINA PLLC**

By:    */s/ Joseph M. DiPietro*
Joseph M. DiPietro
Lee Bergstein

cc:    All counsel of record
       (via ECF and e-mail)

---

[1] Defendants' characterization of the Gao Declaration—that it identifies "no actual management personnel" and "no meaningful implementation timeline"—is belied by the declaration itself, which explains how "Plaintiffs have assembled a local operations team of four supervisors based in New York who are authorized and prepared to commence the transition immediately upon entry of an order" (July 28, 2026 Gao Decl. ¶ 6.)