BFKP BERGSTEIN FLYNN KNOWLTON+ POLLINA

Joseph DiPietro
Office: (212) 803-9025
Direct: (212) 803-9041
joseph@bfklawoffice.com
780 Third Avenue, Suite 902
New York, New York 10017

August 21, 2026

**Via ECF and E-Mail**
Hon. John P. Cronan
United States District Court
Southern District of New York
500 Pearl Street, Room 1320
New York, New York 10007-1312
CronanNYSDChambers@nysd.uscourts.gov

**Re: *Shenzhen Molly Tea Food and Beverage Management Co., Ltd. et al. v. MHL NY LLC et al.*; Case No. 1:26-cv-04051-JPC**

Dear Judge Cronan:

We represent the Plaintiffs in the above action. We respectfully submit this letter, pursuant to the Court's order, dated August 17, 2026 (ECF No. 142), to proffer Plaintiffs' intended witnesses and testimony at the upcoming hearing, on August 26, 2026, on Plaintiffs' motion for a temporary restraining order and preliminary injunction (ECF No. 101).

Plaintiffs respectfully submit that the record supporting their entitlement to the requested relief is clear and, in all relevant ways, undisputed. Specifically, Plaintiffs' motion rests on the uncontroverted fact that all three Joint Venture Entities were governed by their respective Shareholder Agreement at the time of Defendant MHL NY LLC's breaches of those agreements. Defendants' counsel acknowledged the agreements' execution on the record (July 23, 2026 Oral Arg. Tr. 30:4-7), Defendants submitted copies of those agreements executed by MHL (ECF Nos. 128-1 – 128-3), and the Court observed that "it doesn't seem like there's a dispute as to the operable version of the shareholder agreements," without objection from the Defendants (July 23, 2026 Oral Arg. Tr. 34:3-4). While the timing of the agreements' effectiveness was raised at the initial hearing, it is immaterial to this application; whether the agreements took effect in 2025 (as the record supports) or upon their execution on or about January 15, 2026, MHL's breaches, on which Plaintiffs' motion rests—including the continued operation of competitor stores—occurred and continue after both dates. No disputed issue of material fact to this application remains. Accordingly, Plaintiffs respectfully submit that the motion may be decided on the record, without testimony.

Should the Court nonetheless wish to hear testimony, Plaintiffs are prepared to call Ms. Shuyun Chen, the Overseas Legal Supervisor for Shenzhen Molly Tea Food and Beverage Management Co., Ltd., to testify about the execution of the Shareholder Agreements. Should the Court also wish to hear testimony concerning Plaintiff's proposed transition plan, Ms. Chen will address the resources committed to the plan and Plaintiffs' readiness to implement it promptly

upon issuance of an order enforcing Mollytea Shops LLC's right to assume operational control of the Joint Venture Entities. Plaintiffs are also prepared to call Mr. Wenduo Gao for that purpose.

In any event, should the Court determine that testimony at the upcoming hearing is necessary, Plaintiffs request that such testimony be strictly limited to the execution of the Shareholder Agreements and, to the extent necessary, Plaintiffs' proposed transition plan.

Defendants' witness disclosure (ECF No. 144)[1] confirms that testimony is unnecessary. Defendants propose to call Mr. Liu, principally regarding the execution of the Shareholder Agreements, a subject as to which no genuine dispute remains, as set forth above. Mr. Liu's further proffered testimony concerning "the development, use, operation, and control of the MOLLY TEA brand" is expressly conditioned on Plaintiffs relying on trademark-related harm. To be clear, Plaintiffs' application, instead, rests on their *contractual* rights under the Shareholder Agreements and does not require the Court to resolve any trademark issue. Ms. Lin is identified only as a potential rebuttal witness on subjects inapplicable to the application at issue. The issues before the Court are narrow and discrete, and the August 26 appearance should reflect that reality, particularly to avoid further delay in the disposition of this fully submitted motion.

Finally, Defendants' statement that Plaintiffs "have not advised" concerning Mr. Zhang ignores Plaintiffs' August 18 e-mail response, annexed hereto as **Exhibit 1**. In any event, Ms. Chen has personal knowledge of the agreements' execution, as she participated directly in the January 15, 2026 WeChat exchange (ECF No. 59-7), in which Mr. Liu received the agreements, signed them, and returned the signed copies that same day.

Finally, to avoid delay at the hearing, if any witness will require the aid of an interpreter, the party calling that witness should arrange for a qualified interpreter to be physically present in the courtroom. (*See* June 17, 2026 Hearing Tr. 5:11-14.)

We thank the Court for its time and attention to this matter.

Respectfully submitted,

**BERGSTEIN FLYNN KNOWLTON & POLLINA PLLC**

By: *__/s/ Joseph M. DiPietro__*
Joseph M. DiPietro
Lee Bergstein

cc: All counsel of record
(via ECF and e-mail)

[1] It appears that Defendants filed their witness list under seal, but it is unclear why sealing of that document is appropriate or necessary.