UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------- X

Shenzhen Molly Tea Food and Beverage Management Co., Ltd., et al.

Plaintiff(s),

-v-

MHL NY LLC, et al.

Defendant(s).

---------------------------------------------------------------------- X

26 CV 4051 (JPC)

CIVIL CASE MANAGEMENT PLAN AND SCHEDULING ORDER

This Civil Case Management Plan (the "Plan") is submitted by the parties in accordance with Rule 26(f)(3) of the Federal Rules of Civil Procedure.

1. All parties [**consent** ☐ **/do not consent** ☑] to conducting all further proceedings before a United States Magistrate Judge, including motions and trial. 28 U.S.C. § 636(c). The parties are free to withhold consent without adverse substantive consequences.

2. Settlement discussions [**have** ☑ **/have not** ☐] taken place.

3. The parties [**have** ☑ **/have not** ☐] conferred pursuant to Rule 26(f) of the Federal Rules of Civil Procedure.

4. Unless a party amends a pleading as a matter of course pursuant to Federal Rule of Civil Procedure 15(a)(1), amended pleadings may not be filed and additional parties may not be joined except with leave of the Court. Any motion for leave to amend or to join additional parties shall be filed by Nov. 26, 2026. [*Absent exceptional circumstances, a date not more than 30 days following the date of this Order*.]

5. Initial disclosures pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure shall be completed no later than Nov. 26, 2026 days from the date of this Order. [*Absent exceptional circumstances, fourteen (14) days*.]

6. Fact Discovery

   a. All fact discovery shall be completed no later than March 31, 2027. [*A period not to exceed 120 days, unless the Court finds that the case presents unique complexities or other exceptional circumstances*.]

   b. Initial requests for production of documents shall be served by Nov. 26, 2026.

   c. Interrogatories shall be served by Nov. 26, 2026.

d. Depositions shall be completed by March 31, 2027.

(i) Absent an agreement between the parties or an order from the Court, depositions are not to be held until all parties have responded to initial requests for document production.

(ii) There is no priority in deposition by reason of a party's status as a plaintiff or a defendant.

(iii) Absent an agreement between the parties or an order from the Court, non-party depositions shall follow initial party depositions.

e. Requests to admit shall be served by Nov. 26, 2026.

f. Any of the deadlines in paragraphs 6(b) through 6(e) may be extended by the written consent of all parties without application to the Court, provided that all fact discovery is completed by the date set forth in paragraph 6(a).

7. Expert Discovery

a. All expert discovery, including expert depositions, shall be completed no later than May 14, 2027. [*Absent exceptional circumstances, a date forty-five (45) days from the date in paragraph 6(a) (i.e., the completion of all fact discovery)*.]

b. Plaintiff's expert disclosures pursuant to Rule 26(a)(2) of the Federal Rules of Civil Procedure shall be made on or before April 14, 2027.

c. Defendant's expert disclosures pursuant to Rule 26(a)(2) of the Federal Rules of Civil Procedure shall be made on or before April 14, 2027.

d. The interim deadlines in paragraphs 7(b) and 7(c) may be extended by the written consent of all parties without application to the Court, provided that expert discovery is completed by the date set forth in paragraph 7(a).

8. All motions and applications shall be governed by the Court's Individual Rules and Practices in Civil Cases.

9. Any discovery disputes shall be addressed according to 5.C of the Court's Individual Rules and Practices in Civil Cases.

10. All discovery must be completed by May 14, 2027. [*This date should be the later of the dates in 6(a) and 7(a) above.*]

11. All counsel must meet in person to discuss settlement within fourteen (14) days following the close of fact discovery. If the parties believe that a referral to the assigned Magistrate Judge for a settlement conference or to the Court-annexed mediation program would assist in these discussions, the parties should file a letter with the Court to that effect.

12. Unless otherwise ordered by the Court, within thirty (30) days after the close of discovery or, if a dispositive motion has been filed, within thirty (30) days of a decision on such motion, the parties shall submit a proposed Joint Pretrial Order prepared in accordance with Rule 26(a)(3) of the Federal Rules of Civil Procedure and 7.B of the Court's Individual Rules and Practices in Civil Cases. The parties shall follow the Court's Individuals Rules and Practices in Civil Cases for any submissions that must be made at the time of the Joint Pretrial Order, including any motions *in limine*.

13. In accordance with 7.C of the Court's Individual Rules and Practices in Civil Cases, counsel are required to meet and confer on a joint submission of proposed *voir dire* questions, jury instructions, and verdict form, noting any points of disagreement in the joint submission. Jury instructions may not be submitted after the Joint Pretrial Order due date, unless they meet the standard of Rule 51(a)(2)(A) of the Federal Rules of Civil Procedure. If this action is to be tried to the Court, proposed findings of fact and conclusions of law should be submitted on the Joint Pretrial Order due date in accordance with 7.D of the Court's Individual Rules and Practices in Civil Cases.

14. The parties shall be ready for trial as of two weeks following the deadline for the proposed Joint Pretrial Order.

15. This case [**is** ☑ **/is not** ☐] to be tried to a jury.

16. Counsel for the parties have conferred and their best estimate of the length of trial is 1 week.

17. Other issues to be addressed at the Initial Pretrial Conference, including those set forth in Rule 26(f)(3) of the Federal Rules of Civil Procedure, are set forth below.

The Parties shall file a stipulated protective order, to be so-ordered, and file an ESI protocol stipulation on or before October 30, 2026.
The Parties shall serve rebuttal expert reports, if any, on or before May 1, 2027. Defendants intend to conduct an early Rule 30(b)(6) deposition limited to trademark ownership, quality control, and the rights of the individual store operating corporations, while reserving the right to conduct a subsequent Rule 30(b)(6) deposition on distinct (non-duplicative) issues after further discovery. Plaintiffs do not consent to this procedure, and Defendants request that the Court address it at the conference.

18. Next Steps: [*To be completed by the Court.*]

☐ The next Case Management Conference is scheduled for ____________________ at ____________________.

☐ The parties shall submit a joint status letter to the Court no later than ______________, advising the Court as to whether the parties request a referral to the assigned Magistrate Judge for a settlement conference or to the Court-annexed mediation program, whether any party plans to file a post-discovery motion, the anticipated grounds for any such motion, and the opposing party's anticipated grounds for opposing the motion. In the event any party plans to file a post-discovery motion, the joint status letter will satisfy the Court's pre-motion letter requirement.

This Order may not be modified or the dates herein extended, except by further Order of this Court for good cause shown. Any application to modify or extend the dates herein (except as provided in paragraph 6(f) and 7(d)) shall be made in a written application in accordance with Court's Individual Rules and Practices in Civil Cases and shall be made no less than two (2) business days prior to the expiration of the date sought to be extended.

SO ORDERED.

__________________________
JOHN P. CRONAN
United States District Judge

Dated: ________________
New York, New York