UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SHENZHEN MOLLY TEA FOOD AND BEVERAGE MANAGEMENT CO., LTD., *et al.*,

Plaintiffs,

-against-

MHL NY LLC, *et al.*,

Defendants.

26 Civ. 4051 (JPC)

~~[DEFENDANT'S PROPOSED] STIPULATION AND~~ **PROTECTIVE ORDER**

WHEREAS all of the parties to this action (collectively, the "Parties," and individually, a "Party") request that this Court issue a protective order pursuant to Federal Rule of Civil Procedure 26(c) to protect the confidentiality of certain nonpublic and confidential material that will be exchanged pursuant to and during the course of discovery in this case;

WHEREAS, the Parties, through counsel, agree to the following terms;

WHEREAS, the Parties acknowledge that this Protective Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords only extends to the limited information or items that are entitled, under the applicable legal principles, to confidential treatment

WHEREAS, the Parties further acknowledge that this Protective Order does not create entitlement to file confidential information under seal; and

WHEREAS, in light of these acknowledgements, and based on the representations of the Parties that discovery in this case will involve confidential documents or information the public disclosure of which will cause harm to the producing person and/or third party to whom a duty of confidentiality is owed, and to protect against injury caused by dissemination of confidential

documents and information, this Court finds good cause for issuance of an appropriately tailored confidentiality order governing the pretrial phase of this action;

IT IS HEREBY ORDERED that any person subject to this Protective Order—including without limitation the Parties to this action, their representatives, agents, experts and consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Protective Order—shall adhere to the following terms:

1. Any person subject to this Protective Order who receives from any other person subject to this Protective Order any "Discovery Material" (*i.e.*, information of any kind produced or disclosed pursuant to and in course of discovery in this action) that is designated as "Confidential" pursuant to the terms of this Protective Order (hereinafter "Confidential Discovery Material") shall not disclose such Confidential Discovery Material to anyone else except as expressly permitted hereunder.

2. The person producing any given Discovery Material may designate as Confidential only such portion of such material the public disclosure of which is either restricted by law or will cause harm to the business, commercial, financial or personal interests of the producing person and/or a third party to whom a duty of confidentiality is owed and that consists of:

(a) previously nondisclosed financial information (including without limitation profitability reports or estimates, percentage fees, design fees, royalty rates, minimum guarantee payments, sales reports, and sale margins);

(b) previously nondisclosed material relating to ownership or control of any non-public company;

(c) previously nondisclosed business plans, product development information, or marketing plans;

(d) any information of a personal or intimate nature regarding any individual; or

(e) any other category of information hereinafter given confidential status by the Court.

2A. A producing person may designate as "Highly Confidential — Attorneys' Eyes Only" ("AEO") only Discovery Material containing highly sensitive, nonpublic commercial, financial, or proprietary information, the disclosure of which to a Party or its business personnel would create a substantial risk of competitive or commercial harm that could not adequately be avoided by a Confidential designation. Such material may include sensitive pricing, margins, costs, customer or supplier identities and terms, nonpublic licensing terms, and strategic business plans, but only where the foregoing standard is met. The designation shall be limited to the portions of material warranting such protection.

3. With respect to the Confidential portion of any Discovery Material other than deposition transcripts and exhibits, the producing person or that person's counsel may designate such portion as "Confidential" or "Highly Confidential — Attorneys' Eyes Only" by: (a) stamping or otherwise clearly marking as "Confidential" or "Highly Confidential — Attorneys' Eyes Only" the protected portion in a manner that will not interfere with legibility or audibility.

4. With respect to deposition transcripts, a producing person or that person's counsel may designate deposition testimony or exhibits as Confidential or AEO by stating the designation on the record during the deposition or by providing written notice identifying the designated transcript pages and lines or exhibits within 30 days after receipt of the final transcript. During that 30-day period, the entire transcript and its exhibits shall be treated as Confidential or AEO, unless the parties agree otherwise. The court reporter shall note any designations made during the deposition, and the parties shall appropriately mark copies of subsequently designated testimony or exhibits.

5. If at any time prior to the trial of this action, a producing person realizes that some portion(s) of Discovery Material that she, he, or it had previously produced without limitation should be designated as Confidential or AEO, she, he, or it may so designate by so apprising all prior recipients of the Discovery Material in writing, and thereafter such designated portion(s) of

the Discovery Material will thereafter be deemed to be and treated as Confidential or AEO under the terms of this Protective Order.

6. No person subject to this Protective Order other than the producing person shall disclose any of the Discovery Material designated by the producing person as Confidential to any other person whomsoever, except to:

(a) the Parties to this action, their insurers, and counsel to their insurers;

(b) counsel retained specifically for this action, including any paralegal, clerical and other assistant employed by such counsel and assigned to this matter;

(c) outside vendors or service providers (such as copy-service providers and document-management consultants, graphic production services or other litigation support services) that counsel hire and assign to this matter, including computer service personnel performing duties in relation to a computerized litigation system;

(d) any mediator or arbitrator that the Parties engage in this matter or that this Court appoints, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(e) as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

(f) any witness who counsel for a Party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(g) any person retained by a Party to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(h) stenographers engaged to transcribe depositions conducted in this action; and

(i) this Court, including any appellate court, and the court reporters and support personnel for the same.

6A. Notwithstanding paragraph 6, AEO material may be disclosed only to persons identified in paragraphs 6(b), 6(c), 6(d), 6(g), 6(h), and 6(i), subject to the applicable nondisclosure requirements, and to the producing person and persons who authored, received, or previously knew the information independently of this litigation. AEO material shall not be disclosed to any Party, its officers, directors, employees, or other business personnel without the producing person’s written consent or further order of the

Court. Experts and consultants receiving AEO material may not be employees of, or currently engaged in competitive decision making for, a Party or a competitor of the producing person. Nothing herein limits counsel's ability to advise a client based on AEO material without revealing its protected contents.

7. Prior to any disclosure of any Confidential Discovery Material to any person referred to in subparagraphs 6(d), 6(f) or 6(g) above, such person shall be provided by counsel with a copy of this Protective Order and shall sign a Non-Disclosure Agreement in the form annexed as an Exhibit hereto stating that that person has read this Protective Order and agrees to be bound by its terms. Said counsel shall retain each signed Non-Disclosure Agreement, hold it in escrow, and produce it to opposing counsel either prior to such person being permitted to testify (at deposition or trial) or at the conclusion of the case, whichever comes first.

8. Any Party who objects to any Confidential or AEO designation may at any time prior to the trial of this action serve upon counsel for the designating person a written notice stating with particularity the grounds of the objection. If the Parties cannot reach agreement promptly, counsel for all Parties will address their dispute to this Court in accordance with Paragraph 5(C) of this Court's Individual Rules and Practices in Civil Cases. The designating person bears the burden of establishing that the challenged designation is proper. Pending resolution of a challenge, the material shall retain its existing designation.

9. A producing person may designate Discovery Material AEO without advance agreement or Court approval, subject to the limitations of paragraph 2A and the right to challenge the designation under paragraph 8. A Party seeking additional restrictions beyond those provided by this Order shall confer with the receiving Party and, if necessary, seek relief from the Court in accordance with Paragraph 5(C) of the Court's Individual Rules and Practices in Civil Cases.

10. A Party may be requested to produce Discovery Material that is subject to contractual or other obligations of confidentiality owed to a third party. If a Party is requested to

produce Discovery Material subject to a contractual or other confidentiality obligation owed to a third party, that Party shall promptly notify the third party, to the extent required by the applicable obligation, and provide a reasonable opportunity to seek appropriate protection by the producing Party or third party. If neither the third party nor the producing Party seeks a protective order or other relief from this Court within a reasonable period of time, the receiving Party shall produce the information responsive to the discovery request but may affix the appropriate controlling designation. The Parties shall confer in good faith concerning any resulting dispute, and nothing in this paragraph shall excuse compliance with applicable discovery obligations or deadlines absent agreement of the Parties or order of the Court.

11. Recipients of Confidential Discovery Material under this Protective Order may use such material solely for the prosecution and defense of this action and any appeals thereto, and specifically (and by way of example and not limitations) may not use Confidential Discovery Material for any business, commercial, or competitive purpose. Nothing contained in this Protective Order, however, will affect or restrict the rights of any person with respect to its own documents or information produced in this action. Nor does anything contained in this Protective Order limit or restrict the rights of any person to use or disclose information or material obtained independently from and not through or pursuant to the Federal Rules of Civil Procedure.

12. Nothing in this Protective Order will prevent any person subject to it from producing any Confidential Discovery Material in its possession in response to a lawful subpoena or other compulsory process, or if required to produce by law or by any government agency having jurisdiction, provided, however, that such person receiving a request, will provide written notice to the producing person before disclosure and as soon as reasonably possible, and, if permitted by the time allowed under the request, at least 10 days before any disclosure. Upon receiving such

notice, the producing person will have the right to oppose compliance with the subpoena, other compulsory process, or other legal notice if the producing person deems it appropriate to do so.

13. All persons seeking to file redacted documents or documents under seal with the Court shall follow Rule 4 of this Court's Individual Rules and Practices in Civil Cases. All persons producing Confidential Discovery Material are deemed to be on notice that the Second Circuit puts limitations on the documents or information that may be filed in redacted form or under seal and that the Court retains discretion not to afford confidential treatment to any Confidential Discovery Material submitted to the Court or presented in connection with any motion, application or proceeding that may result in an order and/or decision by the Court unless it is able to make the specific findings required by law in order to retain the confidential nature of such material. Notwithstanding its designation, there is no presumption that Confidential Discovery Material will be filed with the Court under seal. The Parties will use their best efforts to minimize such sealing.

14. All persons are hereby placed on notice that the Court is unlikely to seal or otherwise afford confidential treatment to any Discovery Material introduced in evidence at trial or supporting or refuting any motion for summary judgment, even if such material has previously been sealed or designated as Confidential.

15. Any Party filing a motion or any other papers with the Court under seal shall also publicly file a redacted copy of the same, via the Court's Electronic Case Filing system, that redacts only the Confidential Discovery Material itself, and not text that in no material way reveals the Confidential Discovery Material.

16. Each person who has access to Discovery Material that has been designated as Confidential shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

17. Any Personally Identifying Information ("PII") (e.g., social security numbers, financial account numbers, passwords, and information that may be used for identity theft) exchanged in discovery shall be maintained by the persons who receive such information and are bound by this Protective Order in a manner that is secure and confidential. In the event that the person receiving PII experiences a data breach, she, he, or it shall immediately notify the producing person of the same and cooperate with the producing person to address and remedy the breach. Nothing herein shall preclude the producing person from asserting legal claims or constitute a waiver of legal rights or defenses in the event of litigation arising out of the receiving person's failure to appropriately protect PII from unauthorized disclosure. Notwithstanding the foregoing, counsel may retain archival copies of pleadings, motion papers, deposition transcripts, exhibits, expert reports, attorney work product, correspondence, and other materials reasonably necessary to maintain a complete litigation file, including copies maintained in routine electronic backup systems, provided that all retained Confidential material remains subject to the terms of this Protective Order.

18. Notwithstanding any other provision of this Order, pursuant to Federal Rule of Evidence 502(d), the disclosure or production of information protected by the attorney client privilege, work product doctrine, or any other applicable privilege or protection in connection with this litigation shall not constitute or result in a waiver of any such privilege or protection in this action or in any other federal or state proceeding, regardless of whether the disclosure or production was inadvertent and regardless of the care taken to prevent disclosure. Upon written notification that produced material is subject to a claim of privilege or protection, the receiving person shall promptly return, destroy, or sequester the identified material and any copies, shall not use or disclose the material pending resolution of the claim, and shall take reasonable steps to

retrieve the material if previously disclosed. The receiving person may challenge the claim in accordance with Federal Rule of Civil Procedure 26(b)(5)(B). Nothing in this paragraph prevents the receiving person from seeking a determination from the Court concerning whether the material is privileged or protected.

19. This Protective Order shall survive the termination of the litigation. Within 30 days of the final disposition of this action, all Discovery Material designated as "Confidential," and all copies thereof, shall be promptly returned to the producing person, or, upon permission of the producing person, destroyed. Notwithstanding the foregoing, counsel may retain the archival materials described in paragraph 17, subject to the continuing protections of this Order, including those applicable to AEO material.

20. All persons subject to this Protective Order acknowledge that willful violation of this Protective Order could subject them to punishment for contempt of Court. This Court shall retain jurisdiction over all persons subject to this Protective Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

~~SO STIPULATED AND AGREED.~~

~~Dated: November 6, 2026~~
~~New York, New York~~

~~By:~~ ____________________________
~~Joseph M. DiPietro~~
~~BERGSTEIN FLYNN KNOWLTON~~
~~& POLLINA PLLC~~
~~780 Third Avenue, Suite 902~~
~~New York, New York 10017~~
~~joseph@bfkplaw.com~~
~~Tel: 212-803-9025~~

~~*Counsel for Plaintiffs*~~

~~Dated: November 6, 2026~~
~~New York, New York~~

~~By:~~ ____________________________
~~Michael Cukor~~
~~MCGEARY CUKOR LLC~~
~~1460 Broadway~~
~~New York, New York 10036~~
~~mcukor@mcgearycukor.com~~
~~Tel: 973-339-7367~~

~~*Counsel for Defendants*~~

SO ORDERED

Dated: November 9, 2026
New York, New York

JOHN P. CRONAN
United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SHENZHEN MOLLY TEA FOOD AND BEVERAGE MANAGEMENT CO., LTD., *et al.*,<br><br>Plaintiffs,<br><br>-against-<br><br>MHL NY LLC, *et al.*,<br><br>Defendants. | 26 Civ. 4051 (JPC)<br><br>**NON-DISCLOSURE <u>AGREEMENT</u>** |

I, ______________________________, acknowledge that I have read and understand the Protective Order in this action governing the non-disclosure of those portions of Discovery Material that have been designated as Confidential or AEO. I agree that I will not disclose such Confidential or AEO Discovery Material to anyone other than for purposes of this litigation and that at the conclusion of the litigation I will either return all discovery information to the party or attorney from whom I received it, or upon permission of the producing party, destroy such discovery information. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

Dated: _____________ ________________________________